IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(WICHITA DOCKET)

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:21-cr-10073-EFM |
| v. | ) | |
| | ) | |
| MICHAEL R. CAPPS, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## **MOTION FOR RELEASE PENDING APPEAL**

Michael Capps, through counsel, respectfully moves this Court for an order continuing his release on bond pending the disposition of his direct appeal.[1] Release under 18 U.S.C. § 3143(b)(1) is warranted because (1) Mr. Capps is not likely to flee or pose a danger and (2) his appeal is not for purposes of delay and raises a substantial question of law that, if successful, is likely to result in a new trial.[2]

## **Background**

On September 8, 2021, a grand jury indicted Mr. Capps on nineteen counts charging fraud-related crimes. (Indictment, ECF No. 1.) Mr. Capps appeared by summons on September 22, 2021, and pled not guilty. (ECF No. 6.) Judge Birzer ordered Mr. Capps released on a $25,000 unsecured bond, and Mr. Capps surrendered his passport. (ECF No. 5-7.) Mr. Capps has been released on bond ever since, and he "has complied with all Court ordered conditions of release." (PSR at 10, ECF No. 87.)

---

[1] The Tenth Circuit appointed undersigned counsel to represent Mr. Capps in his direct appeal. Under Fed. R. App. P. 9(b), an appellant moving for release pending appeal must first seek relief in the district court.
[2] The government opposes this motion.

A jury trial began on December 12, 2022. Consistent with this Court's recent practice, this Court instructed the jury prior to opening statements, including substantive instructions as to the elements of the offenses charged, the burden of proof, and the presumption of innocence. (*See* Mem. and Order 3, ECF No. 84.) On December 18, Mr. Capps moved for this Court to re-read certain instructions at the close of evidence, including the burden of proof and the presumption of innocence. (*See id.*) This Court declined the motion. (*See id.*) The next day, the case was submitted to the jury. On December 21, the jury returned a guilty verdict on 12 counts. (*See id.*) Mr. Capps remained on bond pending his sentencing hearing.

On January 9, 2023, Mr. Capps filed a motion for new trial based in part on this Court's allegedly erroneous decision not to re-read his requested instructions after the close of evidence. (Motion for New Trial 1, 4-5.) This Court denied the motion. (Mem. and Order.) In doing so, this Court acknowledged that the Tenth Circuit had recently called pre-evidence instructions "unconventional," but it did not "declare that such a procedure was, by itself, in error." (*Id.* at 10.) Moreover, this Court "respectfully disagree[d]" with this those courts who have adopted a categorical rule mandating the reading of instructions after the close of evidence. (*Id.*) Accordingly, this Court declined to grant a new trial.

Six months later, this Court sentenced Mr. Capps to 27 months of imprisonment and ordered him to surrender to the BOP-designated facility as notified by the United States Marshal. (Judgment 3, ECF No. 98.) Mr. Capps timely appealed. (Notice of Appeal, ECF No. 101.) Mr. Capps has since been notified that he is to report to the El Reno Satellite Camp on June 27, 2023. He now moves for an order granting his continued release on bond pending disposition of his direct appeal.

**Legal Standard**

Under 18 U.S.C. § 3143(b), a district court shall order the release of a defendant pending appeal if it finds

>    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of another person or the community if released under section 3142(b) or (c) . . . and

>    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . an order for a new trial.

Mr. Capps satisfies each prong.

First, as evidenced by his successful release on bond for nearly two years, he is clearly not likely to flee, nor does he pose a danger to the safety of any person or the community.

Second, his appeal is not for purposes of delay and raises a substantial question of law—whether a trial court errs by denying a defendant's request to re-read jury instructions after the close of evidence. To be sure, this Court has already denied a new trial on this ground, and it strongly disagrees with Mr. Capps that it erred in doing so. Nevertheless, this issue plainly meets the relatively low bar for what constitutes a "substantial question," *see United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985). Indeed, as both this Court and the Tenth Circuit have acknowledged, several courts have held the failure to re-instruct is reversible error. *See United States v. Starks*, 34F.4th 1142, 1163 (10th Cir. 2022) (collecting cases).

Because Mr. Capps meets the requirements of § 3143(b), he is entitled to release pending disposition of his appeal.

**I.      Mr. Capps is not likely to flee nor does he pose a danger**

At every step of this process, the government and the court have trusted Mr. Capps not to flee or pose a danger to any person or the community—he first appeared on a summons, Judge

Birzer released him on bond, and this Court permitted him to remain on bond pending sentencing. And for good reason.

First, Mr. Capps has strong ties to the community. He was born and raised in the Wichita area and has been living in Wichita since 2005. He has long been active in the local political community, including as a state legislator. And he has received substantial support from his friends and family in the area. Indeed, Mr. Capps intends to stay in Wichita after his case runs its course in order to be close to his grandmother and aunt who live in Valley Center. (*See* PSR at 29.)

Second, Mr. Capps has no other criminal convictions, nor any history of violence or substance abuse. Apart from traffic tickets, this is Mr. Capps' first offense—indeed, he had zero criminal history points.

Finally, Mr. Capps has a demonstrated history of complying with his conditions of release and making court appearances. As noted above, Mr. Capps has been released on an unsecured bond for nearly two years without incident. This is as strong a demonstration as any that he is not likely to flee nor does he pose a danger to any person or the community. Accordingly, he satisfies the first prong by clear and convincing evidence.

## II.     The appeal is not for delay and raises a substantial issue likely to result in a new trial.

As a threshold matter, there is no reason to think that Mr. Capps' appeal is for the purpose of delay. Rather, consistent with his approach in district court, Mr. Capps is appealing his judgment in order to reverse his convictions, obtain a new trial, or reduce his sentence.

Mr. Capps' appeal will also raise a substantial question of law that, if successful, is likely to result in a new trial—i.e., whether a district court errs by refusing to re-instruct the jury at the close of evidence. While the Tenth Circuit has declined to offer a precise definition of

"substantial question," it is not a particularly high bar. It is not, for example, a substantial likelihood of success on the merits. *See Affleck*, 765 F.2d at 953 n.14 (clarifying a defendant need not show the district court is "likely to be reversed on appeal"). Instead, a substantial question is "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id.* at 952. However, it cannot be "frivolous" or "patently without merit." *Id.* Moreover, if it has been unanimously resolved by other circuits, there must be some "real reason to believe that [the Tenth] circuit would depart from [this] unanimous resolution." *Id.* Ultimately, "whether a particular question is 'substantial' must be determined on a case-by-case basis, under the[se] general guidelines." *Id.*

Based on this standard, it is clear that the issue to be presented in Mr. Capps' appeal—whether a trial court errs by refusing to re-instruct the jury after the close of evidence—is a "substantial" one. First, it "has not been decided by controlling precedent," as the Tenth Circuit expressly acknowledged the issue but left it open in *Starks*, 34 F.4th at 1163. Nor is it frivolous, patently without merit, or unanimously resolved against Mr. Capps. On the contrary, as the Tenth Circuit noted in *Starks*, and this Court acknowledged in its Memorandum and Order, several courts have held that the failure to re-instruct is error. The Fifth Circuit, for example, has longstanding "clear and unmistakable authority that a federal judge in [its] circuit instruct the jury on the presumption of innocence at the close of the case." *United States v. Ruppel*, 666 F.2d 261, 274 (5th Cir. 1982). Thus, while the court's practice of instructing the jury prior to taking any evidence was not itself error, the "subsequent failure to repeat those instructions" was. *Id.*

Furthermore, if the Tenth Circuit rules in Mr. Capps' favor on this legal question, then it is reasonably likely to grant a retrial. *See Affleck*, 765 F.2d at 953 (holding that this part of the inquiry "assum[es] that the 'substantial question is determined favorably to defendant on

appeal'" (citation omitted)). Indeed, as several courts have held, the failure to re-instruct the jury is reversible error warranting a retrial. *See, e.g*, *State v. Romanosky*, 859 P.2d 741, 744 (Ariz. 1993).

Accordingly, Mr. Capps' appeal is not taken for the purpose of delay, and it raises a substantial question of law likely to result in a new trial.

## Conclusion

Because Mr. Capps meets the requirements of 18 U.S.C. § 3143(b)(1), this Court should issue an order continuing Mr. Capps' release on bond pending disposition of his direct appeal.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

/s/ *Jacob Rasch-Chabot*
Jacob Rasch-Chabot, CA Bar #295705
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, CO 80202
(303) 294-7002
Email: Jacob_Rasch-Chabot@fd.org
*Counsel for Defendant Michael Capps*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 12, 2023, the above and foregoing was filed utilizing this Court's ECF System and that a copy was served via this Court's system for electronic distribution on all counsel and parties of record.

/s/ *Jacob Rasch-Chabot*
Jacob Rasch-Chabot, CA Bar #295705