## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.                                                                    Case No. 21-10073-EFM

MICHAEL R. CAPPS,

*Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Michael R. Capps Motion for Order for Stay of Restitution Pending Appeal (Doc. 183).[1]  The government opposes Defendant's request. For the reasons stated in more detail below, the Court denies Defendant's Motion.

### I.       Factual and Procedural Background

On September 8, 2021, Defendant was indicted on 19 counts related to a fraudulent COVID-19 relief scheme.  The Government dismissed one count before trial, and Defendant proceeded to trial on the remaining 18 counts.  The jury found Defendant guilty on 12 counts, including one count of bank fraud, three counts of false statements to a bank and the Small Business Administration, four counts of wire fraud, and four counts of money laundering.

---

[1] Defendant is represented by counsel for this motion.  The Court notes that there are numerous other motions currently pending in this case, including five motions filed by Defendant on behalf of himself.  The Court will rule on those motions in a separate Order.

The Court sentenced Defendant to 27 months' imprisonment, to be followed by two years of supervised release. Defendant was ordered to pay $318,647.21 in restitution, and the Court entered a forfeiture judgment in the amount of $178,193.17. Defendant appealed to the Tenth Circuit on May 17, 2023, and the appeal is currently pending. As of April 2024, the current outstanding restitution balance is approximately $317,000.

In June 2023, before Defendant was required to report to prison, he filed a motion for release from custody pending appeal. The Court granted Defendant's motion, finding that Defendant was not a flight risk. In addition, the Court found that Defendant's appeal was not for the purpose of delay, and the appeal raised a substantial question of law or fact that may result in an order for a new trial. Specifically, the Court acknowledged that it may be a close question as to how the Tenth Circuit would view the timing of the jury instructions and the Court's denial of Defendant's request to have some of the instructions re-read to the jury prior to closing argument.

Meanwhile, the Government initiated garnishment proceedings as to Defendant's property to recover the amount of restitution Defendant owes. Numerous motions and objections have been filed related to the garnishment proceedings. In addition, Defendant filed the instant Motion for Order for Stay of Restitution Pending Appeal. The government requests that the Court deny the stay.

## II.    Analysis

Pursuant to Federal Rule of Criminal Procedure 38(e), "[i]f the defendant appeals, the district court . . . may stay—on any terms considered appropriate—any sentence providing for restitution under 18 U.S.C. § 3556 or notice under 18 U.S.C. § 3555,"[2] It is within the Court's

---

[2] *See United States v. Bowden*, 182 F.2d 251, 252 (10th Cir. 1950) (stating that "[t]he use of the word 'may' in a statute will be construed as permissive and to vest discretionary power, unless the context of the statute clearly

discretion whether to grant a stay, but that "does not mean that no legal standard governs that discretion."[3]  Instead, the Court's judgment "is to be guided by sound legal principles."[4]

The Tenth Circuit has not addressed nor set forth a standard governing a stay under Rule 38(e).  Both parties, however, agree that the standard set forth by the United States Supreme Court in *Nken v. Holder* provides useful guidance.  In *Nken*, the court found that the following four factors were appropriate to consider when deciding whether to grant a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[5]

The Court will use these factors as guidance.

As to the first factor, Defendant asserts that he has a reasonable likelihood of succeeding on the merits of the appeal.  He contends that the Court has already recognized that it is a close call as to whether jury instructions must be orally delivered at the close of evidence.  The Government contends that it is unlikely that Defendant will succeed on appeal.

The Court recognizes that it previously stated that the question as to the timing of the jury instructions was a close question.  Yet, the Court still stands by its decision that it was not error to instruct the jurors prior to opening statements.  And the Court surmises that the Tenth Circuit will find that under the circumstances of the case, the Court appropriately instructed the jurors,

---

indicates a purpose to use it in a mandatory sense."); *see also United States v. Goodyear*, 2019 WL 4180521, at *1 (W.D. Okla. Aug. 8, 2019) (noting that "[t]he use of the word 'may' as well as the phrase 'on any terms considered appropriate' [in Rule 38(e)(1)] shows that the decision to issue a stay is committed to the discretion of the district court.") (citation omitted).

[3] *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks and citations omitted).

[4] *Id.* (quotation marks and citations omitted).

[5] *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

particularly because the jury had a copy of the jury instructions throughout the trial and was specifically instructed at the end of trial to read the jury instructions again before deliberating. Thus, even though there is a chance Defendant will be successful on appeal, the Court finds that it is not a high likelihood.  Accordingly, this factor does not weigh in Defendant's favor.[6]

The second factor requires the applicant to demonstrate that he will be irreparably injured absent a stay.  Defendant states that he will have to unnecessarily endure an undue financial burden. He contends that he is on a fixed income, he has a significant amount of debt, and he lost his only significant asset in foreclosure. In addition, he asserts that he was planning to use proceeds from the sale of his house ($25,000), and the Government's garnishment of that money will negatively affect his financial condition.

The Government contends that Defendant's financial condition is not nearly as dire as he presents and the result of Defendant's poor choices.  In addition, the Government states that Defendant will not be irreparably harmed because the victims are government entities, and there is little risk that they will be unable to return any monies received if the restitution order is vacated. Finally, the Government states that it does not object to the Court directing the Clerk of the Court to suspend garnishment disbursements until the Tenth Circuit decides the appeal, and thus there would be *no* risk that the monies will not be available for refund.

---

[6] In the Order granting Defendant's release from custody on appeal, the Court did not address that Defendant's appeal may last upward to two years, and Defendant was sentenced to the relatively short period of 27 months.  Because Defendant could have been imprisoned approximately two years waiting for the Tenth Circuit's decision, and Defendant cannot get that time in prison back should the Tenth Circuit reverse the Court's decision, the Court found that release from imprisonment pending appeal was appropriate.

The Court finds that Defendant cannot demonstrate irreparable harm.[7]  First, the Court agrees with the Government that Defendant overstates his dire financial condition.  The Court notes that Defendant's monthly income exceeds $5,000,[8] and the Government is only garnishing approximately $280 of that amount.[9]  Furthermore, there is little risk of Defendant not recovering the garnished funds should Defendant be successful on appeal.  Although Defendant argues it could take years to recoup the garnished funds if he is successful on appeal, this risk is alleviated, if not eliminated, by the requirement that the garnished funds be kept in the Court's registry.  Thus, this factor does not weigh in Defendant's favor.

The third factor requires the Court to consider whether issuance of the stay will substantially injure the other parties interested in the proceeding.  Defendant asserts that no other party will be substantially injured because the amounts owed in restitution to the Small Business Administration ($278,647.21) and the Kansas Department of Commerce ($40,000) are small amounts considering these two entity's annual budgets.  The Government concedes that a delay in payment is unlikely to impact the agency's operating budgets, but it argues that Defendant should not be given a pass simply because the amount of restitution is a small percentage of the agency's budget.  The Court concludes that no other party will be substantially injured by a stay, and thus this factor is neutral.  Accordingly, this factor does not weigh in favor or against a stay.

---

[7] As noted above, the Court found that Defendant should be released from prison during the pendency of appeal.  There is a marked difference between being incarcerated for two years during the pendency of an appeal and a lower monetary standard of living during the pendency of an appeal.

[8] This income comes from disability benefits.

[9] There are multiple pending motions related to the ongoing garnishment proceedings.  The Court will address these motions in a separate order.

Finally, the Court must consider where the public interest lies.  Defendant recognizes that the public has an interest in ensuring that victims receive the restitution they are owed, but Defendant contends that the public should also be interested in permitting indigent individuals to retain their money while an appellate court decides whether Defendant's conviction was fair.  The Government asserts that the public interest should favor the victims over the convenience of Defendant.  As noted above, Defendant's indigent financial status appears to be overstated or due to ill-advised financial expenditures.[10]  The Court, however, finds that the public interest does not lie in either direction.  Thus, there is no real issue as to this factor, and it does not weigh in favor or against a stay.

In sum, the Court finds that two factors weigh against a stay, and two factors are neutral.  Thus, the factors do not weigh in Defendant's favor, and the Court will not stay the restitution proceedings.  However, to ensure that the funds will be available to Defendant should his appeal be successful, the Court directs any funds that are garnished to be deposited into the Court's registry.  Those funds will not be disbursed by the Clerk until further order by the Court.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Order for Stay of Restitution Pending Appeal (Doc. 183) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that any funds that are garnished be deposited into the Court's registry.  These funds will not be disbursed by the Clerk of the Court until further order by the Court.

---

[10] The Court notes that one of Defendant's monthly expenses is $1,107 for a 2022 Dodge Ram truck.

**IT IS SO ORDERED**.

Dated this 11th day of June, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE