## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      *Plaintiff,*

  vs.

                            Case No. 21-10073-EFM

MICHAEL R. CAPPS,

      *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on a multitude of motions, including Defendant Michael R. Capps' Motion for Declaratory Judgment (Doc. 161), the Government's Motion to Dismiss Defendant's Motion (Doc. 163), Defendant's Motion and Amended Motion to Enforce Sentencing Order (Docs. 164, 165), Defendant's Exemption Claim and Hearing Request (Doc. 175), Claimant Charles Capps' Motion for Extension of Time (Doc. 184), and Defendant's Motion to Quash or Motion for Sanctions (Doc. 186).[1]  The Court will address and set forth its rulings on these motions below.

---

[1] Defendant proceeds pro se on all these motions.  Defendant was represented by counsel for one additional motion filed in this Court, a motion for stay of restitution pending appeal (Doc. 183).  The Court just recently denied that motion.

## I.        Factual and Procedural Background[2]

On September 8, 2021, Defendant Michael R. Capps was indicted on 19 counts related to a fraudulent COVID-19 relief scheme.  The Government dismissed one count before trial, and Defendant proceeded to trial on the remaining 18 counts.  The jury found Defendant guilty on 12 counts, including one count of bank fraud, three counts of false statements to a bank and the Small Business Administration, four counts of wire fraud, and four counts of money laundering.

The Court sentenced Defendant to 27 months' imprisonment, to be followed by two years of supervised release.  Defendant was ordered to pay $318,647.21 in restitution, and the Court entered a forfeiture judgment in the amount of $178,193.17.  Defendant appealed to the Tenth Circuit on May 17, 2023, and the appeal is currently pending.

In June 2023, before Defendant was required to report to prison, he filed a motion for release from custody pending appeal.  The Court granted Defendant's request, finding that Defendant was not a flight risk.  In addition, the Court found that Defendant's appeal was not for the purpose of delay, and the appeal raised a substantial question of law or fact that may result in an order for a new trial.  Specifically, the Court acknowledged that it may be a close question as to how the Tenth Circuit would view the timing of the jury's instructions and the Court's denial of Defendant's request to have some of the instructions re-read to the jury prior to closing argument.

Meanwhile, the Government initiated garnishment proceedings as to Defendant's property to recover the amount of restitution Defendant owes.  Numerous motions and objections have been filed related to the garnishment proceedings.  Defendant proceeds pro se on these motions and

---

[2] The Court will set forth additional factual and procedural background specific to each motion when it addresses those motions.

responses.  In addition, Defendant's son (Charles Capps), who is represented by counsel, also has several filings before the Court.  As of April 2024, Defendant's outstanding restitution balance is approximately $317,000.

The Court recently denied Defendant's motion for order for stay of restitution pending appeal, finding that the factors did not favor a stay.  Because restitution is not stayed, the Court now addresses the multitude of other motions pending before the Court related to the garnishment proceedings.

## II.      Analysis

### A.      Defendant's Motion for Declaratory Judgment (Doc. 161)/Government's Motion to Dismiss Defendant's Motion for Declaratory Judgment (Doc. 163)

In May 2023, the Government sent a formal demand letter to Defendant through his attorney of record requesting that Defendant pay the $319,847.21 judgment.  Defendant did not pay the amount due within the 30-day demand.  On July 3, 2023, the Government sent a Notice of Intent to Offset ("Administrative Offset Notice") to Defendant informing him that his judgment debt would be referred to the United States Department of the Treasury for the purpose of collecting debts through the Treasury Offset Program ("TOP") if, within 60 days of the Notice, Defendant did not (1) pay his debt in full; (2) enter into a repayment agreement; or (3) present evidence that all or part of the criminal judgment debt is not past due or that the judgment debt has been stayed or satisfied.  Defendant did not contact anybody regarding this Notice within the 60-day period.

On September 23, 2023, the Government referred Defendant's debt to the TOP.  When referring a debt to the TOP, the Government does not target a specific payment.  Instead, the

administrative offset applies to all federal payments owed to a debtor that are not exempt from offset.

On November 27, 2023, Defendant contacted the Government by email and requested withdrawal of the offset request stating that his Social Security Disability Income ("SSDI") benefits are service-connected and exempt from levy. The Government denied this request by stating that Defendant's VA disability benefits were exempt from TOP offset, but the SSDI benefits were not exempt.

On December 8, 2023, Defendant filed this motion, which he entitled as a Motion for Declaratory Judgment regarding Exclusion of Social Security Disability Benefits from Garnishment, or in the Alternative, for Injunctive Relief.[3] He contends that federal law shields his social security benefits from garnishment, and the Government continues to attempt garnishment of these benefits.

The Government, in response, filed a Motion to Dismiss Defendant's Motion for Declaratory Judgment. It moves to dismiss Defendant's motion asserting that (1) the issues raised in Defendant's motion are not ripe for the Court's consideration; (2) Defendant failed to exhaust administrative remedies; and (3) Defendant fails to state a claim upon which relief may be granted. The Court addresses each argument in turn.

The Court first disposes of the Government's argument that the issues raised in Defendant's motion are not ripe. Defendant's and the Government's motions were filed in December 2023, and they were fully briefed in early January. Based on subsequent filings between the parties over

---

[3] As noted above, Defendant proceeds pro se on many of his motions. Thus, his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (citation omitted). Nevertheless, the Court cannot "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the last few months, the Government states that it is currently offsetting 15% of Defendant's SSDI benefits.[4]  The Government states that the total offset in recent months has been for a net monthly payment of $262.76, totaling $1,042.94 from offset of Defendant's SSDI benefits.[5]  Thus, the issue is ripe, and the Court will address the offset and garnishment of Defendant's SSDI benefits.

The Government next asserts that Defendant is not entitled to judicial relief because he did not exhaust administrative remedies.  "Federal law allows agencies, both federal and state, to refer debts to the United States Treasury Department for the purpose of collecting debts through the TOP."[6]  In addition, "18 U.S.C. § 3613 gives the government the authority to enforce civil restitution orders through a TOP offset."[7]  Because the TOP "is plainly an administrative practice and procedure under federal law," that "procedure is established by statute and administered under implementing regulations, which provide due process to debtors against whom offset is sought."[8]  Thus, the defendant "must, in the first instance, seek administrative relief as prescribed by the statute and implementing regulations."[9]

Here, Defendant was given the Administrative Offset Notice on July 3, 2023.  This Notice stated that to avoid referral of the debt to the TOP, Defendant must (1) pay the debt in full, (2) enter into a repayment agreement, or (3) present evidence that all or part of the criminal judgment debt was not past due or that the judgment debt had been stayed or satisfied.  Defendant did not

---

[4] *See* Doc. 185, at 1-2.

[5] *Id.*  This document was filed on April 22, 2024.

[6] *United States v. Pickett*, 505 F. App'x 838, 843 (11th Cir. 2013) (citing 31 U.S.C. § 3716).

[7] *United States v. Lessard*, 2013 WL 243651, at *2 (D. Kan. Jan. 22, 2013); *see also* 18 U.S.C. § 3664(m)(1)(A)(ii) (stating that a restitution order may be enforced by all available and reasonable means).

[8] *United States v. Mayer*, 2010 WL 4916561, at *1 (D.N.H. Dec. 3, 2010).

[9] *Id.*

perform any of these actions within the 60-day period.  Instead, the first time Defendant contacted the Government was in November 2023.  Thus, Defendant did not exhaust the administrative remedies provided to him.

Defendant's SSDI benefits, however, are currently being offset.  And it appears that Defendant does not have the ability to exhaust any administrative remedies at this point.  Thus, the Court will address the Government's final substantive argument that Defendant does not state a claim for which relief may be granted in his Motion for Declaratory Judgment.

Defendant requests that the Court prevent the Government from offsetting his SSDI benefits.  As noted above, the procedures that the Government is employing to offset Defendant's benefits is an administrative process, and the procedures are established by statute.[10]  "Judicial review of administrative processes and decisions is available, . . . but it is limited, and to obtain relief defendant would generally be required to show arbitrary, capricious, or plainly unlawful conduct on the part of the administrative decision-makers."[11]

Here, the applicable procedures, statutes, and regulations are being followed.  "Notably, the Government can use the TOP procedures to collect a debt that arose because of a criminal restitution order."[12]  Pursuant to 18 U.S.C. § 3613(a):

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law.  Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that –

---

[10] *Id.*

[11] *Id.*; *see also Lessard*, 2013 WL 243651, at *2 (quoting *Mayer*, 2010 WL 4916561, at *1).

[12] *United States v. Alvarado*, 2021 WL 4480283, at *2 (S.D. Fla. Sept. 30, 2021) (citations omitted).

(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law.[13]

Defendant argues that his SSDI benefits are service-connected and thus exempt from levy pursuant to 26 U.S.C. § 6334(a)(10). Although § 3613(a) specifically excludes property under § 6334(a)(10) of the Internal Revenue Code from being levied upon, this statute is inapplicable to Defendant's SSDI benefits. Instead, § 6334(a)(10) provides that only "*certain* service-connected disability payments" are exempt from levy.[14] And the statute specifically references payments under Title 38 of the United States Code, which relates to veteran's benefits—not social security benefits.[15] Thus, although § 6334(a)(10) and § 3613(a)(1) specifically exclude veteran disability benefits from property that is subject to TOP offset,[16] § 3613(a)(1) *does not exclude* Defendant's SSDI benefits. Indeed, the rest of the statutory language confirms that SSDI benefits are not exempt.

Generally, social security benefits are protected from being garnished or levied upon.[17] Specifically, 42 U.S.C. § 407(a) provides:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy,

---

[13] 18 U.S.C. § 3613(a)(1).

[14] 26 U.S.C. § 6334(a)(10) (emphasis added).

[15] *Id.* (stating that "[a]ny amount payable to an individual as a service-connected (within the meaning of section 101(16) of title 38, United States Code) disability benefit under (A) subchapter II, III, IV, V, or VI of chapter 11 of such title 38, or (B) chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38" is property exempt from levy).

[16] The Court notes that Defendant receives monthly VA disability benefits of $3,750.57, and no amount is being garnished or offset from this benefit.

[17] *See Maley v. Kansas*, 2012 WL 12892188, at *2 (D. Kan. Aug. 13, 2012) (stating that "42 U.S.C. § 407 ordinarily prohibits the garnishment of disability benefits.").

attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.[18]

In addition, 26 U.S.C. § 6334(a)(11) exempts from levy "certain public assistance payments" under "title IV or title XVI (relating to supplemental security income for the aged, blind, and disabled) of the Social Security Act."[19]

But § 3613(a) states that "[t]he United States may enforce a judgment imposing a fine . . . *[n]otwithstanding any other Federal law (including section 207 of the Social Security Act)*."[20]  In addition, § 3613(a)(1) does not exempt public assistance payments under the Social Security Act as property that a judgment cannot be enforced upon.[21]  Thus, "Social Security payments *are* subject to the TOP offset."[22]

These offsets, however, are not unlimited because they cannot exceed 15%.[23]  As noted above, Defendant's SSDI benefits are only being offset by 15% a month, or $262.76 each month. Thus, the Government is following the applicable statutes and procedures, and the offset of Defendant's SSDI benefits is not arbitrary, capricious, or contrary to law.   Accordingly, Defendant's request to shield his social security benefits from garnishment in his Motion for

---

[18] 42 U.S.C. § 407(a).

[19] 26 U.S.C. § 6334(a)(11)(A).

[20] 18 U.S.C. § 3613(a) (emphasis added).  Section 207 of the Social Security Act is 42 U.S.C. § 407.

[21] *See* 18 U.S.C. § 3613(a) (listing property under 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) as exempt from enforcement of the judgment but not listing property under § 6334(a)(9), (11) or (13) as exempt).

[22] *Alvarado*, 2021 WL 4480283, at *2 (citations omitted).

[23] *See* 31 C.F.R. § 285.4(a), (e) (setting forth the calculation for the offset amount); *see also Alvarado*, 2021 WL 4480283, at *2 (noting that the social security offset of 15% complied with federal law).

Declaratory Judgment is denied, and the Government's Motion to Dismiss Defendant's Declaratory Judgment is granted.

## B.    Defendant's Motion and Amended Motion to Enforce Sentencing Order (Docs. 164, 165)

Defendant filed both a Motion to Enforce Sentencing Order and an Amended Motion to Enforce Sentencing Order.  In both motions, he requests that the Court require the Government to apply funds forfeited from one of his accounts ($197,306.83) toward his restitution. Defendant contends that the Court's May 12, 2023 Sentencing Order requires this result.

The Government disagrees and states that the Court's Order does not require the Government to apply the forfeited amount to Defendant's restitution.  It states that during Defendant's sentencing hearing, there was an in-depth discussion on this matter, and the Court acknowledged that pursuant to Tenth Circuit case law, it could not require the Government to apply forfeited funds to restitution.  Thus, the Government asserts that the Court's statement in the May 12 Sentencing Order that "the forfeiture of $197,306.83 should be applied to restitution" simply expresses the Court's desire that the Government do so.

The Government is correct.  The word "should" in the May 12 Sentencing Order does not require or order the Government to apply the forfeited funds to Defendant's restitution.  Although the Court continues to believe that the Government should apply the funds to Defendant's restitution, it cannot require the Government to do so.[24]  Thus, the Court denies Defendant's motions.

---

[24] *See United States v. Arnold*, 878 F.3d 940, 946 (10th Cir. 2017) (finding that the forfeiture and restitution statutes "do not allow a defendant's payments toward one to offset the amount owed to the other" and that "[t]he district court properly rejected [the defendant's] request to mandate that his forfeiture payments be used to offset restitution.") (citations omitted).

**C.      Defendant's Exemption Claim and Hearing Request (Doc. 175)**

On February 5, 2024, the Government filed an Application for Writ of Continuing Garnishment as to property held by Security 1st Title, LLC, and the Court issued the Writ that same day.[25]  In addition, the Government filed a Notice of Garnishment to Interested Party Charles Capps, Defendant's son.

On February 27, 2024, Claimant Charles Capps filed an Objection to the Writ of Continuing Garnishment.[26]  In this Objection, Charles Capps objected to the garnishment of any funds on deposit with Security 1st and notified the Court of a civil interpleader action filed that day in Sedgwick County District Court, entitled *Charles (Chaz) Capps v. Michael Capps, the United States of America, & Security 1st Title LLC.*[27]  Charles Capps claims that he has a mechanic's lien for $50,000 of the escrow funds held by Security 1st, and he contends that Defendant claims the balance of the funds held by Security 1st under various theories.[28]

Security 1st filed an Answer to the Writ on February 29, 2024, stating that it had custody or possession of a cash deposit of $74,573.37.  It lists Defendant's interest as a stakeholder/escrow

---

[25] The funds held by Security 1st relate to the sale of Defendant's personal residence.

[26] Doc. 174.

[27] Case No. SG-2024-CV-000357.  The Government subsequently removed the case to this Court on March 8, 2024.  It was assigned to the undersigned, and it is designated as Case No. 24-1042-EFM-TJJ.  There are several pending motions in the case.

[28] On March 19, 2024, the Government filed a response to Claimant Charles Capps' Objection.  Charles Capps has yet to file a reply to the Government's Objection.  Instead, he requested an extension of time, through April 17, 2024, to file a reply to the Government's Objection.  The Court granted this request.  On April 17, instead of filing a reply, Charles Capps filed a Motion for Stay of Briefing (Doc. 184) pending the termination of Defendant's Motion for Stay of Restitution Pending Appeal.  He requested that briefing be stayed until 21 days after a decision on the Motion for Stay of Execution or alternatively 14 days from April 17, 2024.  The Government opposed the request.  The Court recently denied Defendant's Motion for Stay of Restitution Pending Appeal.  Thus, the Court denies as moot Claimant Charles Capps' Motion for Stay of Briefing.  Claimant Charles Capp's reply to the Government's Objection is now due.  Once this matter is fully briefed, the Court will take it under advisement.

agent.  It also references the interpleader action in Sedgwick County District Court and states that "Defendant has competing claims to the funds."  Security 1st requests an order to pay the funds into the Court.

On February 28, 2024, Defendant filed an Exemption Claim and Hearing Request (Doc. 175).  In this document, Defendant states that the property is subject to an interpleader adjudication in Sedgwick County District Court.  Defendant also requests a hearing.  The Government filed an Objection to Defendant's Exemption Claim and Request for Hearing.  The Court now addresses Defendant's request.

Defendant does not specifically identify the property that he claims is exempt in his Exemption Claim and Hearing Request.  He checks a box, however, entitled "Other," and he states that the "property is subject to interpleader adjudication in 18th Judicial District Court Sedgwick County, KS, Docket SG-2024-CV-000357."[29]  Thus, the Court concludes that Defendant is referencing the funds held by Security 1st as property that he claims is exempt from garnishment.

"The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, *et seq.*, provides civil collection remedies for the government to collect debts owed to the United States, including criminal restitution."[30]  One of the FDCPA enforcement remedies is a writ of garnishment.[31]  28 U.S.C. § 3205(a) allows the Court to "issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment

---

[29] As noted above, this interpleader action relates to the sale of Defendant's personal residence and funds being held by Security 1st in escrow.

[30] *United States v. Morris*, 2021 WL 5953765, at *1 (D. Kan. Dec. 16, 2021).

[31] *Id.*

against the debtor." Defendant, as the party objecting to the garnishment, bears the burden of showing that he is entitled to relief.[32]

Here, Defendant does not meet this burden because he does not assert a valid basis for exemption. First, his request is conclusory. More importantly, as noted above, "18 U.S.C. § 3613(a) provides that the only property exempt from garnishment is property the government cannot seize to satisfy the payment of federal income taxes."[33] Specifically, the only exemptions from execution against assets are those set forth in 26 U.S.C. § 6334(a)(1)-(8), (10), and (12).[34] None of these exemptions are available to Defendant as none of the exemptions cover a personal residence or the sale of a personal residence.

In addition, Defendant is not entitled to a hearing on his Exemption Claim. The FDCPA allows a debtor to request a hearing on a writ of garnishment.[35] "The right to a hearing is not absolute, however, and courts routinely deny a request for hearing where the debtor did not object based on one of the issues specified in section 3202."[36] "[T]he issues at a hearing regarding enforcement of a criminal judgment are limited to: (1) the probable validity of any claim of exemption by the judgment debtor, and (2) compliance with any statutory requirement for the issuance of the post-judgment remedy granted."[37]

---

[32] 28 U.S.C. § 3205(c)(5); *see also Morris*, 2021 WL 5953765, at *2 (citing 28 U.S.C. § 3202(c)(5)).

[33] *United States v. Holcomb*, 2012 WL 5306257, at *2 (D. Kan. Oct. 26, 2012) (citations omitted).

[34] *See* 18 U.S.C. § 3613(a)(1).

[35] *Morris*, 2021 WL 5953765, at *2 (citing 28 U.S.C. § 3202(d)).

[36] *Id.* (alterations, quotation marks, and citations omitted).

[37] *Id.* (citing 28 U.S.C. § 3202(d)(1)-(2). In this case, § 3202(d)(3) is wholly inapplicable.

Here, Defendant does not assert an argument as to the probable validity of his claim because he fails to identify property that is exempt from garnishment.  In addition, Defendant does not contend that the Government failed to comply with the statutory requirements.  Indeed, as noted above, Defendant's request was extremely cursory.  Accordingly, Defendant's Exemption Claim and Request for Hearing is denied.

**D.     Defendant's Motion to Quash or Motion for Sanctions (Doc. 186)**

On March 26, 2024, the Government served a First Set of Interrogatories and First Request for Production of Documents and Electronically Stored Information ("RFPs") on Defendant.  In these Interrogatories and RFPs, the Government requests financial information from Defendant. Defendant seeks to "quash" the Government's Interrogatories and RFPs, and he requests sanctions against the Government due to the alleged improper use of civil discovery for a criminal matter.

The Government's use of civil discovery procedures is proper.  A restitution order "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986."[38]  The United States may enforce an order of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."[39]  In addition, the District of Kansas has noted that a garnishment action "seeking to give effect to an order of restitution pursuant to 18 U.S.C. § 3613(a), is essentially civil in nature."[40]

---

[38] 18 U.S.C. § 3613(c), (f).

[39] 18 U.S.C. § 3613(a); *see also* § 3613(f) (stating that "all provisions of [the practices and procedures for the enforcement of a civil judgment under Federal and State law] are available to the United States for the enforcement of an order of restitution.").

[40] *United States v. Grigsby*, 2015 WL 471248, at *3 (D. Kan. Feb. 4, 2015).

The FDCPA "provides civil procedures for the United States to use when it seeks to recover a judgment on a debt."[41]  An amount owed to the United States "on account of . . . restitution" is considered a debt.[42]  Thus, "monetary penalties imposed on Defendant in a criminal proceeding, and the collection proceedings [of those monetary penalties] fall within the purview of the FDCPA."[43]

Under the FDCPA, "the United States may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt."[44]  In addition, Federal Rule of Civil Procedure 69 allows "discovery from any person—including the judgment debtor—as provided in these [civil procedure] rules."[45]

The Government asserts that it seeks discovery of Defendant's financial condition to aid in the enforcement of the restitution order.  Defendant seeks to "quash" the Government's Interrogatories and RFPs arguing that the Government is improperly using civil procedures in a criminal case.  As set forth in detail above, the Government's use of civil procedures, and the issuance of discovery requests to Defendant to enforce and recover Defendant's debt under the

---

[41] *United States v. Goodyear*, 2019 WL 4180521, at *1 (W.D. Okla. Aug. 8, 2019) (citing 28 U.S.C. § 3001)); *see also Morris*, 2021 WL 5953765, at *1.

[42] 28 U.S.C. § 3002(3)(B).

[43] *Goodyear*, 2019 WL 4180521, at *1 (citing 28 U.S.C. § 3002(8)); *see also* 28 U.S.C. § 3002(8) (stating that "[j]udgment means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or *criminal proceeding* regarding a debt.") (emphasis added).

[44] 28 U.S.C. § 3015(a).

[45] Fed. R. Civ. P. 69(a)(2); *see also United States v. Thomas*, 165 F. Supp. 3d 992, 995 (D. Colo. 2015) (citing Fed. R. Civ. P. 69 and Fed. R. Civ. P. 26).

restitution order, is entirely proper.  Thus, the Court rejects Defendant's argument and his request to quash the Interrogatories and RFPs.

Defendant also asserts that the Government's requests are excessive and burdensome. Once relevance has been established, Defendant, as the party opposing the discovery requests, has the burden to show why the Interrogatories and RFPs are objectionable.[46]  The Court first notes that the Government's requested discovery as to Defendant's financial condition is relevant because the Government is seeking to enforce a restitution order entered against Defendant. As to Defendant's statement that the Government's requests are excessive and burdensome, he fails to meet his burden as he simply argues that the Government already knows his financial information from his Presentence Investigation Report.  Yet, as the Government points out, the information requested through discovery is more detailed, and the United States Probation Office is separate from the United States Attorney's Office.  In addition, the Government contends that there should be nothing burdensome to Defendant as he should have personal knowledge of his income and assets.  The Court agrees.  Accordingly, the Court rejects Defendant's argument that the requested discovery is excessive and burdensome.[47]

Finally, Defendant asserts that the Government should be sanctioned because the Government's attempt to use civil discovery tools raises constitutional concerns, including the potential for double jeopardy or the violation of Defendant's Fifth Amendment right to protection

---

[46] *See United States ex rel. Schroeder v. Medtronic, Inc.*, 2023 WL 4864983, at *2 (D. Kan. July 31, 2023) (citing *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661-62, 666 (D. Kan. 2004) and *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004)).

[47] To the extent that Defendant argues that the Government should rely on his personal statement in an email that no material changes in his economic circumstances have occurred, the Court also rejects this argument as a basis to quash Interrogatories and RFPs.

from self-incrimination.[48]  As noted above, the Government's use of civil procedures is proper.  In addition, the Government contends that the discovery requests are not an attempt to re-charge Defendant for the crimes already prosecuted in this case or an attempt to initiate new criminal charges.  Instead, they are an attempt to determine Defendant's financial condition and recover the approximate $317,000 he currently owes in restitution.  Thus, these requests do not implicate Defendant's Fifth Amendment right as the discovery disclosures do not subject Defendant to self-incrimination and/or double jeopardy.

Defendant also contends that the Government's threat to re-sentence Defendant should be sanctioned.[49]  The Government did not threaten to re-sentence Defendant because the Government does not have the power to re-sentence Defendant.  Instead, the Government directed Defendant to 18 U.S.C. § 3614 which provides that "if a defendant knowingly fails to pay . . . restitution the court may resentence the defendant to any sentence which might originally have been imposed."[50]  Thus, the Government's statement is true.[51]

Defendant has objected to every means that the Government has sought to utilize to obtain restitution from Defendant for the past year.[52]  Although Defendant contends that he is indigent

---

[48] Defendant cites to two cases that he contends supports his position that proceeding civilly rather that criminally may violate a defendant's Fifth Amendment privilege.  But these two cases have different factual and procedural circumstances and are not relevant to the circumstances in this case.  Thus, the Court will not address them.

[49] Defendant attached a copy of an email string between him and the Government's attorney that the Court has reviewed.

[50] 18 U.S.C. § 3614.

[51] Defendant argues that the Government is covering up its threat as "education," and the Government's argument "fails to impress and is condescending to this Court and to the Defendant."  The Court notes that it finds Defendant's assertions throughout his brief to be more condescending than the Government's position.

[52] The Government first sent a formal demand letter to Defendant requesting that he pay restitution on May 23, 2023.

and has limited financial resources, the Government is entitled to discovery as to these financial resources because Defendant's restitution order is considered a debt to the United States. Furthermore, the Court notes that Defendant was convicted on numerous counts of fraud and money laundering.  Thus, the Government's inquiries as to Defendant's financial condition and resources is relevant.[53]   Accordingly, the Court denies Defendant's Motion to Quash or Motion for Sanctions.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Declaratory Judgment (Doc. 161) is **DENIED**; the Government's Motion to Dismiss Defendant's Motion for Declaratory Judgment (Doc. 163) is **GRANTED**; Defendant's Motion to Enforce Sentencing Order (Doc. 164) is **DENIED**; Defendant's Amended Motion to Enforce Sentencing Order (Doc. 165) is **DENIED**; Defendant's Exemption Claim and Hearing Request (Doc. 175) is **DENIED**; Claimant Charles Capps' Motion for Extension of time (Doc. 184) is **DENIED AS MOOT**; and Defendant's Motion to Quash or Motion for Sanctions (Doc. 186) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of June, 2024.

*Eric F. Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[53] *See Thomas*, 165 F. Supp. 3d at 995 (noting that "in light of the Defendant's proclivity for concealing assets in which the government has a legitimate interest, the Court finds that the disclosure of information related to accounts held by [d]efendant are relevant to the government's inquiry into the defendant's financial condition for purposes of enforcing the restitution order.").