IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

     v.                                              Case No. 6:21CR10073-001-EFM

MICHAEL R. CAPPS,

          Defendant,

   and

SECURITY 1ST TITLE, LLC,

          Garnishee.

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO
JOINT MOTION TO ALLOW INTERVENTION OF DUAGLO, LLC**

The United States of America, by Kate E. Brubacher, United States Attorney for the District of Kansas, and Kathryn E. Sheedy, Assistant United States Attorney, responds in opposition to the Joint Motion to Allow Intervention of Duaglo, LLC, Doc. 217, filed by Claimant Charles Capps and Duaglo, LLC (hereinafter "Duaglo").

In support of its response, the United States represents as follows:

INTRODUCTION

Duaglo seeks to intervene in this garnishment proceeding to claim an interest in the $74,573.37 held by Garnishee Security 1st Title, LLC. These funds represent the net proceeds held in escrow by Garnishee Security 1st Title, LLC, following the sale of Defendant Capps' residence located at 3103 N. Governeour St, Wichita, Sedgwick County, Kansas (hereinafter the "Governeour Street residence"). Duaglo transferred its interest in the Governeour Street residence to Defendant Capps via a Statutory Warranty Deed in exchange for $155,027.04. More than nine

months later, Duaglo now seeks to breach that settlement agreement and claim an interest in the $74,573.37 held by Garnishee Security 1st Title, LLC, based on unfounded claims that it received no consideration for its agreement to release any right, title or interest in, lien on, or claim to the Governeour Street residence. This claim lacks factual and legal support, is untimely, and cannot reasonably serve as a legal basis for Duaglo's intervention in this proceeding. The Joint Motion to Allow Intervention of Duaglo, LLC, doc. 217, should be denied.

FACTS

1.      On December 13, 2023, Vail Fruechting, Manager of Duaglo, executed an Extension and Amendment of Contract for Purchase of Property and Redemption Rights on behalf of Duaglo, wherein Duaglo released any right, title or interest in, lien on, or claim to the Governeour Street residence. In exchange for this release, Duaglo agreed to accept and did receive $155,027.04 from the sale proceeds at closing of the sale of the Governeour Street residence to Gary and Kendra Bohannon. A copy of the Extension and Amendment of Contract for Purchase of Property and Redemption Rights is attached as Exhibit A.

2.      Duaglo was represented by counsel in the negotiation of the above agreement.

3.      The above agreement was reached following Duaglo's notification to the United States that it was willing to accept $155,027.04 in exchange for a release of all issues relating to lien priorities between Duaglo and the United States. See emails between Duaglo's counsel Ted Knopp and AUSA Kathryn Sheedy attached as Exhibit B.[1]

---

[1] The United States acknowledges that statements made in compromise are generally inadmissible under Federal Rule of Evidence 408; however, this rule does not require exclusion when the evidence is offered for a purpose other than to prove liability for or invalidity of the claim or its amount. Evidence regarding a settlement agreement and the settlement negotiations are admissible to prove a party's claims of contractual and equitable estoppel. *Carolina Indus. Prods. v. Learjet Inc.*, 168 F. Supp. 2d 1225, 1229-30 (D. Kan. 2001).

4.	On December 14, 2023, Vail Fruechting, Manager of Duaglo, executed a Statutory Warranty Deed conveying the Governeour Street residence to Defendant Capps, who then executed a Statutory Warranty Deed conveying the Governeour Street residence to Gary and Kendra Bohannon. Copies of the Statutory Warranty Deeds are attached as Exhibits C and D, respectively.

## ARGUMENT

I.	<u>Intervention under Fed. R. Evid. 24 is not proper in this case.</u>

Rule 24 of the Federal Rules of Civil Procedure governs intervention, as a matter of right under subsection (a) and permissive intervention under subsection (b). It is not clear from the Joint Motion to Allow Intervention of Duaglo, LLC, Doc. 217, whether Claimant Capps and Duaglo move for mandatory or permissive intervention, but the request fails under either option.

In order for Duaglo to intervene as a matter of right under subsection (a) of Fed. R. Evid. 24, it must meet the following four elements: (1) the application is timely; (2) the applicant claims an interest in the case; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by the existing parties. *Elliott Indus. v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005); *Harris v. Heubel Material Handling, Inc.*, No. 09-1136-EFM, 2011 U.S. Dist. LEXIS 33474, at *5 (D. Kan. Mar. 29, 2011) (quotations omitted). In order for the Court to permit Duaglo to intervene under subsection (b) of Fed. R. Evid. 24, Duaglo must, on timely motion, show "a claim or defense that shares with the main action a common question of law or fact." Additionally, in exercising its discretion, the Court must consider whether the intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). Duaglo cannot satisfy the

elements for mandatory or permissive intervention, as its request is untimely and Duaglo's claim is barred.

On December 13, 2023, Duaglo agreed to release its interest in the Governeour Street residence by signing the Extension and Amendment of Contract for Purchase of Property and Redemption Rights and then actually did release any interest it had on December 14, 2023, through execution of a Statutory Warranty Deed, which transferred full and legal title of the property to Defendant Capps. At the time of these transactions, Duaglo was fully aware that the United States claimed an interest in the Governeour Street residence and the legal basis for that claim. All facts currently alleged by Duaglo and Claimant Capps were also known at that time. Further, Duaglo's counsel was privy to the agreement that Garnishee Security 1st Title, LLC, would hold the $74,573.37 pending agreement of the United States and Defendant Capps or order of the Court. With knowledge that negotiations and then litigation as to the parties' interests were ongoing, Duaglo waited more than nine months after releasing its interest in the property and more than seven months after the garnishment proceeding was initiated to attempt to assert a claim to the funds. Given that parties claiming an interest in property subject to a writ of garnishment are generally allowed 20 days to claim an exemption, request a hearing, or move to quash, a delay of seven months is both untimely and unreasonable. 28 U.S.C. § 3202(d). Allowing a party to now intervene in the garnishment proceeding after hearing and supplemental briefing will unduly delay the United States' enforcement of the order of restitution.

Duaglo has not raised a cognizable legal claim to the $74,573.37 held by Garnishee Security 1st Title, LLC. While Fed. R. Civ. P. 24 does not take into consideration the merits of the proposed claim or defense in intervention, this Court has denied intervention when the claims of the party moving to intervene could not withstand a motion to dismiss under Fed. R.

Civ. P. 12(b)(6) because intervention would be futile. *EEOC v. Century I, L.C.*, 142 F.R.D. 494, 496 (D. Kan. 1992); *Educ. Credit Mgmt. Corp. v. Bradco, Inc.*, No. 07-2418-DJW, 2008 U.S. Dist. LEXIS 39405, at *11 (D. Kan. May 14, 2008) ("[T]he Court holds it is proper to consider whether it would be futile to allow [movant] to intervene."). As it stands now, Duaglo relinquished any right, title or interest in, lien on, or claim to the Governeour Street residence in the Statutory Warranty Deed. Duaglo has not alleged sufficient facts to invalidate the Statutory Warranty Deed, as further explained below, so even if the facts are viewed in the light most favorable to Duaglo, it fails to assert a valid claim to the $155,027.04 held by Garnishee Security 1st Title, LLC.

II.  <u>Duaglo relinquished its interest in the Governeour Street residence and all proceeds from the sale of the property.</u>

Upon execution of the Statutory Warranty Deed and receipt of $155,027.04, Duaglo relinquished any interest it held in the Governeour Street residence and any proceeds from the sale of the property. Under Kansas law, a warranty deed "shall be deemed and held a conveyance in fee simple to the grantee…that the grantor is lawfully seized of the premises, has good right to convey the same and guarantees the quiet possession thereof, that the same are free from all encumbrances, and the grantor will warrant and defendant the same against all lawful claims." Kan. Stat. Ann. § 58-2203. In the Statutory Warranty Deed executed by Duaglo, Duaglo recited that it had received "good and valuable consideration." Before Duaglo may claim an interest in the sale proceeds, it would first need to bring an action to invalidate the Statutory Warranty Deed based on fraud. *Billinger v. Weinhold*, No. 11-1075-MLB, 2012 U.S. Dist. LEXIS 46376, at *7 (D. Kan. Mar. 30, 2012). Duaglo has not done so, nor does it indicate that it intends to do so. Further, invalidating the Statutory Warranty Deed would amount to a breach of its settlement agreement with the United States.

III.     Duaglo lacks a cognizable legal basis to invalidate the Statutory Warranty Deed.

The United States did not require Duaglo to execute the Extension and Amendment of Contract for Purchase of Property and Redemption Rights. Rather, Duaglo opted to execute the agreement and accept $155,027.04 to settle a dispute relating to the priority of the interests of Duaglo, LLC and the United States in the Governeour Street residence. Acceptance of the $155,027.04 in exchange for its release serves as an accord and satisfaction of Duaglo's interest in the property and bars further litigation of the same issue. *Thompson v. Meyers*, 211 Kan. 26, 32, 505 P.2d 680 (1973) ("An accord is a contract between creditor and debtor for the settlement of the claim by some performance other than that which is due. Satisfaction takes place when the accord is performed.").

There is no evidence of fraud or mistake in the present case. The United States has consistently claimed that its restitution lien has priority over the interest of Duaglo because the United States' Notice of Lien was filed with the Register of Deeds of Sedgwick County, Kansas before Duaglo acquired an interest in the property.  See email attached as Exhibit B.  In evaluating the United States' lien, attorney Ted Knopp, who represented both Duaglo and Defendant Capps at the time, offered multiple legal theories and arguments in an attempt to undermine the validity of the United States' lien.  The theories and arguments ran the gamut from the United States having a judicial lien rather than a statutory lien, to a Kansas homestead exemption preventing attachment of the United States' lien, to a claim of equitable subrogation on the part of Duaglo, LLC. Exhibit B.

In resolution of the priority issue, the United States proposed two options: 1) Duaglo could release its interest in the Governeour Street residence in exchange for payment of $155,027.04 (the redemption price paid) at the closing of the sale of the Governeour Street residence to Gary and

6

Kendra Bohannon or 2) Duaglo could litigate the priorities of the competing liens, which would, at best, result in Duaglo receiving $167,708.59 if it prevailed or, at worst, result in Duaglo receiving $0.00 if it lost.  Even if Duaglo were to prevail, it would incur additional time and expense to litigate its priority position. Duaglo considered the above options, conferred with counsel, and through counsel Ted Knopp, notified the United States that it "desires to be a by-stander in this dispute and is willing to accept the immediate return of his redemption price paid (without the premium to be paid upon sale to Mr. Capps) in exchange for a release of all issues relating to lien priority between Duaglo and the USA." Exhibit B. Duaglo now claims the consideration it received ($155,027.04) for its release of any right, title, or interest in, lien on, or claim to the Governeour Street residence is insufficient. More specifically, Duaglo claims "no lawful consideration…because the Government had no restitution lien on the [Governeour Street residence] to release nor valid claim to the [Governeour Street residence]." Doc. 217, ¶ 18.

Absent fraud or mistake, the settlement is binding on the parties and bars Duaglo from making a claim to the $74,573.37 held by Garnishee Security 1st Title, LLC. *Kent v. Continental Ins. Co.*, No. 89-1041-K, 1990 U.S. Dist. LEXIS 9920, at *6 (D. Kan. July 27, 1990). Further, "liquidation of the dispute to a specific dollar amount provides adequate consideration for the compromise, and the parties to the agreement are bound to respect its terms." *Id.* Duaglo and Claimant Capps offer no evidence or legal basis in support of their claim that Duaglo did not receive lawful consideration, but, instead, propound a general statement that the United States had no lien on the Governeour Street residence to release.  Instead, Duaglo and Claimant Capps recite the same arguments previously expounded by Claimant Capps in prior pleadings and at the hearing held on September 12, 2024.  In short, they claim the United States failed to redeem the

Governeour Street residence in the state foreclosure case, then obstructed the sale of the Governeour Street residence by refusing to release its lien.

These claims are false and act merely as a red herring to distract the Court from the issue at hand. The United States could not redeem the Governeour Street residence in the foreclosure case because Duaglo, who stepped into Defendant Capps' shoes as the defendant owner upon assignment of Defendant Capps' redemption rights, redeemed the property during the period in which redemption was reserved exclusively for the defendant owner. *Id.* §§ 60-2414(b), (m). No creditor could redeem until after that exclusive period expired and, further, once redeemed by the defendant owner, no creditor could redeem the property at all. *Id*

It is unreasonable for Duaglo to claim it did not receive adequate consideration for its interest in the property when it accepted payment of $155,027.04 for its interest, which, at best, was only $12,681.55 less than the amount claimed, and the agreed settlement allowed Duaglo to avoid the additional time, expense, and risks of litigation. Duaglo has not alleged with any specificity facts that would support a finding of fraud or mistake that would set aside the binding terms of its settlement agreement with the United States. All facts and arguments alleged by Claimant Capps and Duaglo were known at the time of settlement, and Duaglo was represented by counsel during negotiations. Duaglo should be bound by the terms of its agreement and barred from breaching its settlement agreement.

## CONCLUSION

Duaglo does not have a current interest in the $74,573.37 held by Garnishee Security 1st Title, LLC. It relinquished any right to the funds through execution of a Statutory Warranty Deed conveying the property to Defendant Capps. Duaglo has failed to allege any facts or cognizable legal arguments that, even if true, would result in the invalidation of the Statutory Warranty Deed

or the binding settlement agreement it entered with the United States. Duaglo and Claimant Capps' attempt to allow intervention of Duaglo in this garnishment proceeding more than nine months after it released its interest in the property is nothing more than an attempt to delay and frustrate the United States' efforts to enforce the order of restitution against Defendant Capps. As such, intervention should be denied.

WHEREFORE, the United States respectfully requests that the Court deny the Joint Motion to Allow Intervention of Duaglo, LLC, Doc. 217.

Respectfully submitted,

KATE E. BRUBACHER
United States Attorney
District of Kansas

s/ Kathryn E. Sheedy
KATHRYN E. SHEEDY
Assistant United States Attorney
Ks. S.Ct. No. 22867
Federal Building, Suite 290
444 SE Quincy
Topeka, Kansas, 66683-3592
PH:  785-295-2850
FX:  785-295-2658
E-mail: kathryn.sheedy@usdoj.gov
Attorneys for the Plaintiff United States

CERTIFICATE OF SERVICE

I certify that on October 15, 2024, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice to all parties receiving notices electronically, including Defendant Michael R. Capps.

I further certify that on this date the foregoing document and the notice of electronic filing were served via U.S. mail upon the following non-CM/ECF participant: NONE.

s/ Kathryn E. Sheedy
KATHRYN E. SHEEDY
Assistant United States Attorney