| | |
|---|---|
| **From:** | Ted Knopp |
| **To:** | Sheedy, Kathryn (USAKS) |
| **Subject:** | [EXTERNAL] RE: US v. Capps |
| **Date:** | Tuesday, November 28, 2023 8:20:55 AM |

I foresee Duaglo walking away from the closing with the return of its money, leaving Mr. Capps and the US as the parties-in-interest fighting over the equity in Mr. Capps property.

Mr. Capps told me he contacted you. I will confirm to you that I do not represent Mr. Capps in the matter that he contacted you about—only the sale and equity in the property on Governour.

___
Ted E Knopp
316-265-5882

---

**From:** Sheedy, Kathryn (USAKS) <Kathryn.Sheedy@usdoj.gov>
**Sent:** Tuesday, November 28, 2023 8:09 AM
**To:** Ted Knopp <tknopp@knopplaw.com>
**Cc:** Rabe, Michelle (USAKS) <Michelle.Rabe@usdoj.gov>
**Subject:** RE: US v. Capps

Before I answer your question, I need more information about how you envision that playing out. Would Duaglo still sell the property back to Mr. Capps but for $155,027.04 rather than the contract price of $167,708.59? Then Duaglo would receive $155,027.04 at the closing of the sale to the third party? Or, do you expect for the United States to pay $155,027.04 to Duaglo in settlement of Duaglo's claim to the property regardless of whether the closing occurs today?

Also, can you please confirm the extent of your representation of Mr. Capps? I received an email from him yesterday and I'm not clear on whether it is appropriate for me to respond directly to him or if all communications should go through you as his counsel.

**Kathryn E. Sheedy**
Assistant U.S. Attorney
Financial Litigation Program Coordinator
U.S Attorney's Office, District of Kansas
444 S.E. Quincy |Suite 290 |Topeka, KS 66683
Direct: (785) 295-2921

---
**Confidentiality Notice:** E-mails from the United States Attorney's Office normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.

**From:** Ted Knopp <tknopp@knopplaw.com>

EXHIBIT B

**Sent:** Monday, November 27, 2023 5:08 PM
**To:** Sheedy, Kathryn (USAKS) <KSheedy@usa.doj.gov>
**Subject:** [EXTERNAL] RE: US v. Capps

Ms. Sheedy,

INQUIRY INTO TERMS and not a counter-offer.

Duaglo desires to be a by-stander in this dispute and is willing to accept the immediate return of his redemption price paid (without the premium to be paid upon sale to Mr. Capps) in exchange for a release of all issues relating to lien priorities between Duaglo and the USA.   Does your client's offer contemplate such a settlement between Duaglo and the USA?

Please advise.

___
Ted E Knopp
316-265-5882

---

**From:** Sheedy, Kathryn (USAKS) <Kathryn.Sheedy@usdoj.gov>
**Sent:** Monday, November 27, 2023 3:12 PM
**To:** Ted Knopp <tknopp@knopplaw.com>
**Cc:** Rabe, Michelle (USAKS) <Michelle.Rabe@usdoj.gov>
**Subject:** RE: US v. Capps

Mr. Knopp,

Exemptions provided by Kansas law are not applicable to the enforcement of a federal restitution judgment. The procedure for the United States to enforce a judgment imposing restitution is set forth in 18 U.S.C. § 3613. The statute provides:

> (a) **Enforcement.** The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law…a judgment imposing a criminal fine may be enforced against all property or rights to the property of the person fined, except that –
> (1) property exempt from levy for taxes pursuant to Section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law[.]
>
>     (f) **Applicability to order of restitution.** In accordance with section 3664(m)(1)(A) of this

title, all provisions of this section are available to the United States for the enforcement of an order of restitution.

Subsection 3613(a)(1) incorporates the following subsections of 26 U.S.C. § 6334 to exempt the

following items:

**(1)WEARING APPAREL AND SCHOOL BOOKS** Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

**(2)FUEL, PROVISIONS, FURNITURE, AND PERSONAL EFFECTS** So much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6,250 in value;

**(3)BOOKS AND TOOLS OF A TRADE, BUSINESS, OR PROFESSION** So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $3,125 in value.

**(4)UNEMPLOYMENT BENEFITS** Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

**(5)UNDELIVERED MAIL** Mail, addressed to any person, which has not been delivered to the addressee.

**(6)CERTAIN ANNUITY AND PENSION PAYMENTS** Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

**(7)WORKMEN'S COMPENSATION** Any amount payable to an individual as workmen's compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

**(8)JUDGMENTS FOR SUPPORT OF MINOR CHILDREN** If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

**(10)CERTAIN SERVICE-CONNECTED DISABILITY PAYMENTS** Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of title 38, United States Code) disability benefit under—
    **(A)** subchapter II, III, IV, V, or VI of chapter 11 of such title 38, or
    **(B)** chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38.

**(12)ASSISTANCE UNDER JOB TRAINING PARTNERSHIP ACT** Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds

appropriated pursuant to such Act.

Neither a homestead nor the sale proceeds derived from the sale of a homestead is among the enumerated exemptions incorporated into § 3613. Further, § 3613 does not incorporate 26 U.S.C. § 6334(e), so approval from a magistrate judge is not required to levy on a principal residence to enforce a restitution judgment. Regardless, the United States is not levying on this property, as doing so would involve a proactive enforcement remedy on the part of the United States. Release of the lien is a requirement of the title company to issue the title insurance policy and in unrelated to a levy on the part of the United States.

That being said, the lien of the USA has priority over any interest of Duaglo, LLC because the Notice of Lien was filed before Duaglo, LLC, acquired an interest in the property. Your claim for equitable subrogation lacks legal support. Kansas courts have declined to apply equitable subrogation in favor of a party that fails to exercise ordinary care. Duaglo, LLC, had constructive notice of the USA's lien once the Notice of Lien was filed with the Sedgwick County Register of Deeds, so its decision to redeem the property under these circumstances does not warrant an equitable remedy.

Regardless, I have approval to resolve this matter as follows:

> The sales proceeds of $253,500.00 should be distributed as follows:
> - $26,252.72 - Property taxes, closing costs, homeowner's policy, title charges, agent commissions, home warranty
> - $155,027.04 – Duaglo, LLC (Redemption Cost)
> - $72,220.24 – USA Lien (payable to "Clerk, U.S. Court")

Acceptance of this proposal represents complete resolution of all issues relating to lien priorities between the United States, Duaglo, LLC, and Mr. Capps as to the real estate located at 3103 N. Governeour St, Wichita, KS 67226. Further, Duaglo, LLC, and Mr. Capps agree to release the United States from any further action relating to this property.

If the above proposal meets with the approval of Duaglo, LLC, and Mr. Capps, I will notify Security 1st Title of our agreement. In the event this proposal is not acceptable, I'll ask Security 1st Title to retain $227,247.30 in escrow until the matter can be determined by later proceedings.

Thank you,

**Kathryn E. Sheedy**
Assistant U.S. Attorney
Financial Litigation Program Coordinator
U.S Attorney's Office, District of Kansas
444 S.E. Quincy |Suite 290 |Topeka, KS 66683
Direct: (785) 295-2921

**Confidentiality Notice:**  E-mails from the United States Attorney's Office normally contain confidential and privileged material, and are for the sole use of the intended recipient.  Use or distribution by an unintended

recipient is prohibited, and may be a violation of law.  If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.  Thank you.

---

**From:** Ted Knopp <tknopp@knopplaw.com>
**Sent:** Monday, November 27, 2023 12:56 PM
**To:** Sheedy, Kathryn (USAKS) <KSheedy@usa.doj.gov>
**Cc:** Rabe, Michelle (USAKS) <MRabe@usa.doj.gov>
**Subject:** [EXTERNAL] RE: US v. Capps

Ms. Sheedy,

Thank you for your statutory references.

Please note that, at the same instant Duaglo took an assignment of Mr. Capp's redemption rights, the consideration for the agreement is the right of Michael Capps to remain in possession and the right to re-purchase the property.   Therefore, Mr. Capps remains the owner in equity.   It appears, in essence, that Mr. Capps mortgaged his residence to Duaglo to finance the redemption; and now is ready to realize on the sale of his homestead.

This right to purchase and continuity of possession each establishes the continuity of title and possession required to claim a continuous homestead.

"It seems to be well settled that, when articles of agreement are entered into for the sale and purchase of land, the purchaser is considered the owner in equity of the land, subject to the payment of purchase money.  He is regarded as trustee of the purchase money for the vendor, and the vendor is regarded as the trustee for the purchaser of the legal title, **having no interest in the land beyond the purchase money due**. It does not seem necessary, to produce this effect, that any part of the purchase money should be paid. It results from the contract. . . . A contract for the sale of real estate works an equitable conversion of the land into personalty from the time it is made." *Gilmore v. Gilmore*, 60 Kan. 606, 57 Pac. 505 (1899) (Emphasis added) See also *Estate of Hills*, 222 Kan. 231, 564 P.2d. 462, (1977) (syllabus ¶2). (A contract for the sale of real estate works an equitable conversion of the land into personalty from the time when it was made.)

The existence of a continuous homestead claim by Michael Capps appears to exempt the entire sales proceeds from the lien of the US Government, without resort to the equitable subrogation. However, I believe the equitable concept is strong.

Finally, I note that 26 USC 6334 (e) allows a levy on principal residences with the approval of a judge or magistrate of the district court referencing the residence.  I do not see any reference to this property in your filing, nor any approval to levy on a residence.

Given the rapidity of these developments, I am sure you will correct and educate me if I am misreading the relevant statutes.

Thank you for your prompt attention to these matters.

___
Ted E Knopp
316-265-5882

---

**From:** Sheedy, Kathryn (USAKS) <Kathryn.Sheedy@usdoj.gov>
**Sent:** Monday, November 27, 2023 11:55 AM
**To:** Ted Knopp <tknopp@knopplaw.com>
**Cc:** Rabe, Michelle (USAKS) <Michelle.Rabe@usdoj.gov>
**Subject:** RE: US v. Capps

An order of restitution operates as a lien on all property or rights to property in the same manner as a tax lien pursuant to 18 U.S.C. § 3613(c). This statute also provides exemption information in subsection (a).

-Kathryn

**Kathryn E. Sheedy**
Assistant U.S. Attorney
Financial Litigation Program Coordinator
U.S Attorney's Office, District of Kansas
444 S.E. Quincy |Suite 290 |Topeka, KS 66683
Direct: (785) 295-2921

----------------------------------------------------------------------
**Confidentiality Notice:** E-mails from the United States Attorney's Office normally contain confidential and privileged material, and are for the sole use of the intended recipient.  Use or distribution by an unintended recipient is prohibited, and may be a violation of law.  If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.  Thank you.

---

**From:** Ted Knopp <tknopp@knopplaw.com>
**Sent:** Wednesday, November 22, 2023 1:15 PM
**To:** Sheedy, Kathryn (USAKS) <KSheedy@usa.doj.gov>
**Subject:** [EXTERNAL] US v. Capps

Ms. Sheedy,

At your convenience, please provide me your summary and authority that the lien of the US is a statutory lien.

---------

Ted E Knopp

Knopp Law Group P.A.

f/k/a Ted E Knopp, Chartered

310 W Central Ave, Suite 203

Wichita, KS 67202-1004

316.265.5882 (voice)

316.265.5892 (fax)

[tknopp@knopplaw.com](mailto:tknopp@knopplaw.com)

CONFIDENTIALITY NOTICE: The information contained in this Electronic Mail transmission is confidential. It may be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s). If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s), copying or taking of any action because of this information is strictly prohibited.
We are a debt relief agency.  We help people file for bankruptcy relief under the Bankruptcy Code.
We are a debt collector. Any information obtained may be used for that purpose.
This email is unencrypted: (1) unencrypted e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communication by improperly accessing your computer(s) or even some computer unconnected to either of us through which the e-mail passed.  If you do not wish to communicate via unencrypted e-mail, please let me know immediately