IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               Case No. 6:21CR10073-001-EFM

MICHAEL R. CAPPS,

        Defendant,

and

SECURITY 1ST TITLE, LLC,

        Garnishee.

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO
JOINT MOTION FOR DISTRIBUTION OF FUNDS**

The United States of America, by Kate E. Brubacher, United States Attorney for the District of Kansas, and Kathryn E. Sheedy, Assistant United States Attorney, responds in opposition to the Joint Motion for Distribution of Funds, Doc. 215, filed by Claimant Charles Capps and Duaglo, LLC (hereinafter "Duaglo") and Defendant Michael Capps' Joinder in Support of Joint Motion for Distribution of Funds and Waiver of Claim, Doc. 219.

In support of its response, the United States represents as follows:

1.     Duaglo lacks standing to request distribution of funds. Duaglo and Claimant Capps filed a Joint Motion to Allow Intervention of Duaglo, LLC, Doc. 217, to which the United States responded in opposition. Unless and until the Court grants Duaglo's intervention request, Duaglo is not a party to this proceeding and has no standing to request distribution of funds.

2.     As further explained in the United States' Response in Opposition to Joint Motion to Allow Intervention of Duaglo, LLC, Doc. 220, Duaglo's acceptance of $155,027.04 to settle a dispute relating to the priority of the interests of Duaglo, LLC and the United States in the Governeour Street residence serves as an accord and satisfaction of Duaglo's interest in the property and bars further litigation of the same issue.

3.     Even if the Court were to grant the Joint Motion to Allow Intervention of Duaglo, LLC, Doc. 217, set aside the Statutory Warranty Deed wherein Duaglo relinquished any interest it held in the Governeour Street residence, invalidated the Extension and Amendment of Contract for Purchase of Property and Redemption Rights executed by Duaglo, and reinstated the original sale contract between Duaglo and Defendant Capps, Duaglo would only be entitled to an additional $12,681.55 over what was already paid to Duaglo from the closing of the sale. However, it now requests "the balance" of $74,573.37, less $55,000 paid to Claimant Charles Capps, or $19,573.37. Duaglo provides no legal basis for its claim to the additional $6,891.82 and none exists.

4.     Disposition of the $74,573.37 held by Garnishee Security 1st Title, LLC, pursuant to the Writ of Garnishment, Doc. 171, is not ripe for consideration by the Court. This garnishment proceeding is governed by the Fair Debt Collection Practices Act, 28 U.S.C. § 3001 *et seq*. On September 12, 2023, the Court heard oral arguments on Claimant Capps' Objection to Garnishment, Doc. 197, and the United States' response in opposition thereto. See Doc. 203. The Court has not yet decided the issues raised by the Objection. Pursuant to 28 U.S.C. §§ 3202 and 3205(c)(7), the Court will enter an order directing the garnishee as to the disposition of Defendant Capps' interest in the $74,573.37 held by Garnishee Security 1st Title, LLC, after deciding Claimant Capps' interest, if any, in the property.

5.      Claimant Capps, Duaglo, and Defendant Capps offer no legal support for their request for distribution of $5,000 of the $74,573.37 held by Garnishee Security 1st Title, LLC, to Claimant Capps for attorney fees and none exists.

6.      Claimant Capps and Defendant Capps' attempts to further argue and supplement their positions previously considered by the Court at the hearing held on September 12, 2024, and in supplemental briefing should be disregarded as procedurally improper.

7.      The joinder of Defendant Capps to the request for distribution to Claimant Capps and Duaglo and his wavier of any claim to the $74,573.37 held by Garnishee Security 1st Title, LLC, amounts to yet another attempt by Defendant Capps to delay and frustrate the United States' efforts to enforce the order of restitution against him.  His disclaimer of interest directly contradicts statements made at the outset of this dispute:

> Please note that, at the same instant Duaglo took an assignment of Mr. Capp's redemption rights, the consideration for the agreement is the right of Michael Capps to remain in possession and the right to re-purchase the property. Therefore, Mr. Capps remains the owner in equity. It appears, in essence, that Mr. Capps mortgaged his residence to Duaglo to finance the redemption; and now is ready to realize on the sale of his homestead.
>
> This right to purchase and continuity of possession each establishes the continuity of title and possession required to claim a continuous homestead.

Exhibit A, Email from Ted. E. Knopp to AUSA Kathryn Sheedy on November 27, 2023.

WHEREFORE, the United States respectfully requests that the Court deny the Joint Motion for Distribution of Funds, Doc. 215, filed by Claimant Charles Capps and Duaglo and disregard Defendant Michael Capps' Joinder in Support of Joint Motion for Distribution of Funds and Waiver of Claim, Doc. 219.

Respectfully submitted,

KATE E. BRUBACHER
United States Attorney
District of Kansas

s/ Kathryn E. Sheedy
KATHRYN E. SHEEDY
Assistant United States Attorney
Ks. S.Ct. No. 22867
Federal Building, Suite 290
444 SE Quincy
Topeka, Kansas, 66683-3592
PH:  785-295-2850
FX:  785-295-2658
E-mail: kathryn.sheedy@usdoj.gov
Attorneys for the Plaintiff United States

CERTIFICATE OF SERVICE

I certify that on October 15, 2024, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice to all parties receiving notices electronically, including Defendant Michael R. Capps.

I further certify that on this date the foregoing document and the notice of electronic filing were served via U.S. mail upon the following non-CM/ECF participant: NONE.

s/ Kathryn E. Sheedy
KATHRYN E. SHEEDY
Assistant United States Attorney