Ted E. Knopp, SC #11437
Knopp Law Group P.A.
310 W. Central Ave., Ste. 203
Wichita, KS 67202-1004
Phone: (316) 265-5882
Fax: (316) 265-5892
tknopp@knopplaw.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 6:21cr10073 |
| | ) | |
| MICHAEL R. CAPPS, | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to K.S.A. Chapter 60

### MOTION TO ALTER OR AMEND

COMES NOW Charles Capps, and moves the Court to alter or amend the Memorandum and Order of November 5, 2024 (Doc. 229) to state the Court's conclusions of law on the application to, and effect on, the restitution lien at issue of 26 U.S.C.§ 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154.

In Section A of Article II of the Memorandum and Order entered November 5, 2024 (Doc. 229), under the heading of the "Claimant's objection," the Court expresses summarily its agreement with the position of the Government as follows:

> "1) The Government argues that its restitution lien attached to the defendant's [Michael Capps'] right of redemption. So when Duaglo purchased defendant's redemption rights, Duaglo purchased the restitution [sic] rights encumbered by the lien.

> "2) The Government also asserts that the restitution lien did not merely attach to the redemption rights but also ran with the land.

> "3) Finally, the Government contends that Claimant [Charles Capps] does not have a valid mechanic's lien." (Memorandum and Order II.A., Doc. 229, P. 10)

Separately, the Court has denied Duaglo the right to intervene to assert its claim to the escrowed funds from the sale of the property owned by Defendant Michael Capps prior to foreclosure.

The Government never has addressed in any of its pleadings 26 U.S.C.§ 7425, Revenue Ruling 68-57, or Revenue Ruling 54-154.  When the Court merely agrees with the Government's silent position, the Court makes no conclusions of law concerning the application of these statutes and revenue rulings.

**26 U.S.C. §7425(a)(2)**

Charles Capps has argued that the Journal Entry of Foreclosure in the Kansas foreclosure action in Sedgwick County Case Number 2022-CV-936, which resulted in the sale of the property at sheriff's sale, has the effect of discharging the property sold from the restitution lien under 26 U.S.C. § 7425(a)(2). K.S.A.§60-2414(k) (the "second sale prohibition") provides that the sheriff's sale of property pursuant to the Journal Entry of Judgment of Foreclosure has the effect of discharging any lien that attaches after the filing of the Petition for Foreclosure.  Under 26 U.S.C.§7425(a)(2), the sheriff's sale of the property on June 28, 2023 has the same discharge or divestment effect on the restitution lien of the United States.

The Government has relied on K.S.A.§60-2414(k) (the "second sale prohibition") as a bar to the claim of Charles Capps for work performed prior to the sheriff's sale (Doc. 178, p. 13).   The Government demonstrates its understanding of the Kansas statute, but has not addressed whether the same statute, K.S.A.§60-2414(k), "effects the discharge or divestment of the lien of the United States "under 26 U.S.C.§ 7425(a)(2)."

The absence of any discussion by the Government of the interplay between K.S.A.§60-2414(k) and 26 U.S.C.§7425(a)(2) leaves unclear the Government's position, and the Court's agreement with the Government's position does not offer any conclusions of law concerning the application of 26 U.S.C.§7425(a)(2).

**Revenue Ruling 68-57**

Charles Capps has admitted that the restitution lien of the United States attaches to the redemption rights of Michael Capps on one or more theories. Charles Capps has argued that Revenue Ruling 68-57 protects the rights of Duaglo acquired upon redemption of the property using $74,573.37 of its own funds.

The Government has not addressed Revenue Ruling 68-57 in any of its briefing. Instead the Government offers only a conclusory statement, unsupported by case authority or statute or administrative ruling, that "Therefore, it follows that a federal lien encumbering a defendant owner's rights of redemption would also encumber the property acquired upon exercise of that right." *United States Supplemental Briefing, p 6. (Doc. 213)*. This conclusory statement ignores Revenue Ruling 68-57 which "protects," and makes room for–subordinates the restitution lien to–the rights acquired by Duaglo in Duaglo's arms-length, risk-based purchase and exercise of redemption rights. This protection amounts to a subordination of the restitution lien of the Government. The Government and the Court offer no conclusions of law concerning the protection afforded Duaglo's redemption by Revenue Ruling 68-57.

**Revenue Ruling 54-157**

The Government's position and the Court's agreement with the Government's position also are silent on the effect of Revenue Ruling 54-154 to terminate the Government's last remaining lien on Defendant Capps' rights to repurchase on November 28, 2023.

If a reviewing Court were to find that 26 U.S.C.§ 7425(a)(2) discharges the property from the restitution lien and that Revenue ruling 68-57 protects the interest of Duaglo, the Government's lien attaches only to the last remaining interest of Michael Capps– the right to repurchase before November 28, 2023. Charles Capps argues Revenue Ruling 54-154 provides the Government's lien on the sole remaining right of Michael Capps expires when the right to purchase expires.

The Government has not addressed Revenue Ruling 68-57, which means the Court has made no conclusion of law concerning the application of Revenue Ruling 68-57.

Charles Capps concedes that Michael Capps' right to repurchase is subject to the restitution lien of the Government. *Crough v. Sheets*, 1994 US Dist. Lexis 11129, 94-2 U.S. Tax Cas. (CCH) p50, 426 (Theis, Franklin G., J)(copy attached to Supplemental Memorandum (Document 212) as Exhibit B).

However, both the Government's 120-day right to redeem under 26 U.S.C.§ 7425 and all rights of Michael Capps to redeem or to repurchase from Duaglo expired by November 28, 2023.

On November 27, 2023, the day before the expiration of Michael Capps' right to repurchase, the property had been discharged from the Government's restitution lien and the Government's lien on Michael Capps' redemption rights had been subordinated to the protected interest of Duaglo. The restitution lien has been discharged *from the property* by 26 U.S.C.§ 7425(a)(2); and the restitution lien has been subordinated to the rights of Duaglo by the "protection" of Duaglo's purchase money interest under Revenue Ruling 68-57.

On November 29, 2023, the day following the expiration of Michael Capps' right to repurchase the property, all redemption rights and repurchase rights of Michael Capps have expired. The Government's position and the Court's ruling that the restitution lien continues to "run with the land" after the expiration of Michael Capps' right to repurchase expired is contrary to the binding position of the Internal Revenue Service in Revenue Ruling 54-154, 1954-1 C.B. 277 (copy attached to Supplemental Memorandum (Document 212) as Exhibit C) which provides:

> "Federal tax liens attach to property only to the extent of the delinquent taxpayer's interest therein. Where a taxpayer has only an option to purchase real property at the time the Federal tax lien arises, the lien attaches to the option and not to the real estate. *Where his rights under the option are terminable, the Government's rights, by virtue of its lien upon the taxpayer's interest, are likewise terminable, being no greater than those of the taxpayer.* Accordingly, when the taxpayer's rights under an option terminate after the Federal tax lien has arisen, the rights of the United States in the option also terminate, since there is no longer any property in the option to which a lien can attach." United States Internal Revenue Service Rev. Rul 54-154; 19554-1 C.B. 277 (1954)(emphasis added).

The Government has not referenced Revenue Ruling 54-154, nor identified to the Court the ruling of the 7th Circuit Court of Appeals in *United States v. Swan*, 467 F.3d 655 (7th Cir. 2006), which held that a tax lien attaches only to the option to purchase and not to the property itself. When Michael Capps' right to repurchase expired, his last interest in the property evaporated and the lien of the Government evaporated with the right to purchase.

The Government may argue that the Quit Claim Deed from Michael Capps to Duaglo conveyed a fee interest in the property. It did not. The Quit Claim Deed from Michael Capps to Duaglo conveyed to Duaglo only the rights Michael Capps had at the time of the deed– the right to possession under K.S.A.§60-2414(a) during the period of redemption.[1] The Quit Claim Deed to Duaglo would be subject to the foreclosure proceedings, including the sheriff's sale and the rights of the purchaser at sheriff's sale to a deed in the absence of redemption. The Quit Claim Deed would not convey future ownership of the property in the event Duaglo redeemed, because redemption had not occurred at the time of the deed.[2] Duaglo's source of title is the exercise of the redemption right, not the Quit Claim Deed. Therefore, the Government's interest in the property after redemption by Duaglo is based on a lien on the redemption rights of Capps, and not based on a fee simple interest granted by the Quit Claim Deed.

---

[1] "The defendant owner in the meantime shall be entitled to the possession of the property." K.S.A. § 60-2414(a).

[2] A "quitclaim deed passes only what the grantor owned at the time of its execution." *Mosier v. Allenbaugh*, 84 Kan. 361, 364, 114 P. 226, 227 (1911). The quit claim deed from Capps to Duaglo does not convey fee title, and does not convey a contingent future interest, such as the interest acquired by Duaglo upon redemption. *Id.* (Quit claim deed does not transfer interest later acquired by inheritance.) Quoting *Glover v. Condell*, 163 Ill 566, 594, 45 N.E. 173. ("A quitclaim is sufficient to pass any estate which the person executing it has at the time of such execution, but it can not affect by way of release a future contingent interest, limited to the surviving members of a class, upon the event of the death of one of them without living issue at the time of his death, there being no terms used in such quitclaim or release which can be construed as referring to future interests. (*Striker v. Mott*, 28 N.Y. 82). In order to create an assignment of future interests and contingencies, 'there must be on the face of the instrument expressly, or collected from its provisions by necessary implication, language of present transfer directly applying to the future as well as to the existing property, or else language importing a present contract or agreement between the parties to sell or assign the future property.' (3 Pom. Eq. Jur. § 1290)." *Mosier*, 84 Kan. at 364.

**Neither the absence of Duaglo nor alleged weakness in the mechanic's lien claim of Charles Capps is grounds for granting the escrowed funds to the Government**.

This Court must determine the Government's rights to the escrowed funds based on the strength of the Government's claim and not based on the absence of Duaglo from the proceedings or based on the Court's ruling that the mechanic's lien of Charles Capps was not properly filed.

> "[The] [r]ight to recover from the fund must be based on the strength of a claimant's title and not on the weakness of the title of another claimant. As the United States stands in the shoes of the contractor-taxpayer and can have no greater rights to the fund than he [the taxpayer] has, the tax claim may be asserted only against that portion of the fund remaining after the satisfaction of the claims for labor and materials." *United States v. Chapman*, 281 F.2d 862, 867 (10th Cir. 1960)(applying Oklahoma property rights laws).

Kansas takes the same position. The Government must prove its entitlement to the funds, not merely allege the weakness in the claims of others. *Beams v. Werth*, 200 Kan. 532, 543, 438 P.2d 957, 966-67 (1968)(citing *Smith v. Harris*, 181 Kan.. 237, 250, 311 P.2d 325).

## CONCLUSION

Because the Government has offered no position on these authorities asserted by Charles Capps, the Court should make findings of fact and conclusions of law to clarify for appeal the manner in which the restitution lien of the Government continued as a lien on the property: i) after the confirmation of sheriff's sale in the foreclosure case; ii) despite the subordination of the restitution lien to the interest of Duaglo under Revenue Ruling 68-57; and despite the attachment of the lien only to the expired right to repurchase and not to the property under Revenue Ruling 54-154.

    Respectfully submitted,

    KNOPP LAW GROUP P.A.


    By: */s/ Ted E. Knopp*
        Ted E. Knopp, SC #11437
        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record via the Court's E-filing system on the date this document was filed.

                                                */s/ Ted E. Knopp*
                                                Ted E. Knopp, SC #11437