IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 6:21CR10073-001-EFM

MICHAEL R. CAPPS,

        Defendant.

### RESPONSE IN OPPOSITION TO CLAIMANT CHARLES CAPPS' MOTION TO ALTER OR AMEND

The United States of America, by Kate E. Brubacher, United States Attorney for the District of Kansas, and Kathryn E. Sheedy, Assistant United States Attorney, responds in opposition to Claimant Charles Capps' Motion to Alter or Amend, Doc. 233, as follows:

**Procedural History**

Claimant Capps asserted an interest in $50,000 of the escrowed funds attached by the Writ of Garnishment, Doc. 171, served upon Garnishee Security 1st Title, LLC, due to a purported mechanic's lien. On November 5, 2024, following a hearing on Claimant's Objection, Doc. 174, to the garnishment and supplemental briefing, the Court issued Memorandum and Order, Doc. 229, finding Claimant's mechanic's lien statement to be vitally defective, overruling Claimant's Objection, and holding that Claimant has no valid, legal right to $50,000 of Security 1st's escrowed funds. *Id.*, p. 17.

On December 3, 2024, twenty-eight days after the Court entered Memorandum and Order, Doc. 229, Claimant Capps filed his Motion to Alter or Amend, Doc. 233. Claimant Capps docketed the motion as a motion for reconsideration but styled it as a motion to alter or amend. In the motion,

Claimant Capps cites no rule or authority as the legal basis for his motion. Since the motion was filed well after the 14-day period allowed by D. Kan. Rule 7.3 for motions to reconsider, the United States assumes it was intended to be filed pursuant to Federal Rule of Civil Procedure 59(e). Further, while Claimant Capps asks the Court to make finding of fact and conclusions of law to clarify its Memorandum and Order for appeal, the underlying argument questions the substantive correctness of the Court's Memorandum and Order, which amounts to a motion under Rule 59(e). *Nelson v. City of Albuquerque*, 921 F.3d 925, 928 (10th Cir. 2019) ("[A] motion constitutes a Rule 59(e) motion if it 'requests a substantive change in the district court's judgment or otherwise questions its substantive correctness.' " quoting *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010)).

Interestingly, Claimant Capps does not ask the Court to alter or amend the Memorandum and Order as it relates to his objection to the garnishment or the Court's finding that he has no valid, legal right to $50,000 of Security 1st's escrowed funds. Instead, he claims the Court overlooked 26 U.S.C. § 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154, ultimately questioning the Court's finding that the United States is entitled to the escrowed funds. This argument relates to the claims of Duaglo, LLC, and/or Defendant Michael Capps to the escrowed funds, not the claim of Claimant Capps.

## Argument

I. <u>The Court should deny Claimant Capps' Motion to Alter or Amend for lack of standing.</u>

Claimant Capps lacks standing to request that the Court alter or amend the Memorandum and Order, Doc. 229, to make findings of fact and conclusions of law relating to the impact of 26 U.S.C. § 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154 on the United States' restitution lien. Claimant Capps only has standing to assert his own rights, not the rights of third

2

parties. *McDonald v. Van Houtte*, 160 F. App'x 673, 674-75 (10th Cir. 2005) (In general, a party must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties.). The requested relief relates to claims of Duaglo, LLC, whose request to intervene in the garnishment proceeding was already denied by the Court after a finding that Duaglo has no valid interest in the escrowed funds. Doc. 229, p. 20. Since the requested findings of fact and conclusions of law are unrelated to Claimant Capps' or any interest he purportedly holds in the escrowed funds, the Court should deny Claimant Capps' Motion to Alter or Amend for lack of standing.

    II.    <u>If the Court considers the merits of Claimant Capps' Motion to Alter or Amend, the Court should deny the relief requested due to failure to satisfy the standard for relief under Rule 59(e).</u>

If the Court considers Claimant Capps' motion, denial is appropriate due to his failure to satisfy the standard for the Court to alter or amend its Memorandum and Order, Doc. 229, under Fed. R. Civ. P. 59(e). A court may grant a Rule 59(e) motion to alter or amend a judgment "only to correct manifest errors of law or to present newly discovered evidence." *Woods v. First Nat'l Bank of Durango*, 705 F. App'x 684, 689 (10th Cir. 2017). Further, a Rule 59(e) motion is not appropriate to relitigate old matters. *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605 (2008). Claimant Capps has not requested to present newly discovered evidence, so the only applicable ground for his motion is to correct manifest errors of law. He has failed to establish that a manifest error of law occurred.

Claimant Capps requests the Court make finding of fact and conclusions of law concerning the application of 26 U.S.C. § 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154; however, he fails to demonstrate how the Court's declination to make finding of facts and conclusions of

law amount to a manifest error. Instead, he reiterates arguments that were already raised in his Supplemental Memorandum of Charles Capps, Doc. 212, essentially attempting a second bite at the apple. 26 U.S.C. § 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154 do not address redemption rights and, as a result, are irrelevant to the United States' argument, which is why the United States did not address them in its briefing. Further, given that the Court adopted the United States' arguments, this statute and revenue rulings are irrelevant to the Courts findings and order. The Court did not err.

Further, in his prior Supplemental Memorandum and his Motion to Alter or Amend, Claimant Capps stretches the facts to apply 26 U.S.C. § 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154, but neglects to differentiate between a restitution lien on the real estate and a restitution lien on Defendant Capps' right to redeem the real estate. In order to apply 26 U.S.C. § 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154 to these findings, the Court must engage in some form of mental gymnastics to find that Defendant Michael Capps' interest in the real estate and his right to redeem represent the same "property" or "right to property" under 18 U.S.C. § 3613(c) when they are two different property interests; that Duaglo held a purchase money mortgage on the real estate, which is unsupported by fact or law; and that Defendant Michael Capps' redemption rights expired even though he assigned them to Duaglo, which exercised the right.

The United States did not argue, and the Court did not find, that the restitution lien of the United States remained an undisturbed lien on the real property after the foreclosure sale. The United States acknowledges that had Defendant Capps retained his redemptions rights and opted not to exercise them (or assign them to a third party to exercise), the restitution lien would have been extinguished both as to the real estate and the redemption rights upon expiration of the

4

redemption period, which would be consistent with 26 U.S.C. § 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154. However, that is not what happened in this case. The United States argued, and the Court found, that Defendant's state law right to redeem is "property" to which the restitution lien attached. Doc. 229, p. 12. Then, once Defendant transferred that right to redeem to Duaglo, Duaglo obtained Defendant's redemption rights subject to the restitution lien against Defendant. Doc. 229, 12-13. And, when Duaglo exercised Defendant's redemption rights, the property obtained through exercise of the redemption right was also encumbered by the lien. Doc. 229, 13-14. These findings are not contradictory to 26 U.S.C. § 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154.

Claimant Capps' arguments that 26 U.S.C. § 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154 require an outcome other than already decided by the Court is a red herring designed to further delay and frustrate the United States from enforcing Defendant Capps' restitution order. Claimant Capps has failed to establish a manifest error of law that would warrant alteration or amendment of the Court's Memorandum and Order, Doc. 229, under Rule 59(e) and, as a result, his Motion to Alter or Amend, Doc. 233, should be denied.

WHEREFORE, the United States respectfully requests that the Court deny Claimant Charles Capps' Motion to Alter or Amend, Doc. 233.

Respectfully submitted,

KATE E. BRUBACHER
United States Attorney
District of Kansas

s/ Kathryn E. Sheedy
KATHRYN E. SHEEDY
Assistant United States Attorney
Ks. S.Ct. No. 22867
Federal Building, Suite 290
444 SE Quincy
Topeka, Kansas, 66683-3592
PH:  785-295-2850
FX:  785-295-2658
E-mail: kathryn.sheedy@usdoj.gov
Attorneys for the Plaintiff United States

CERTIFICATE OF SERVICE

I certify that on December 17, 2024, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice to all parties receiving notices electronically, including Defendant Michael R. Capps.

I further certify that on this date the foregoing document and the notice of electronic filing were served via U.S. mail upon the following non-CM/ECF participant: NONE.

s/ Kathryn E. Sheedy
KATHRYN E. SHEEDY
Assistant United States Attorney