Ted E. Knopp, SC #11437
Knopp Law Group P.A.
310 W. Central Ave., Ste. 203
Wichita, Kansas 67202
Phone: (316) 265-5882
Fax: (316) 265-5892
tknopp@knopplaw.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　Plaintiff,<br>v.<br>MICHAEL R. CAPPS,<br>　　　　　　　　　　Defendants. | Case No. 6:21CR10073 |

Pursuant to K.S.A. Chapter 60

### REPLY OF CHARLES CAPPS TO RESPONSE OF USA (DOC 235) TO MOTION TO ALTER OR AMEND (DOC 233)

Charles Capps, by and through his attorney, Ted E Knopp of Knopp Law Group P.A., files this Reply to the Response of the USA to Charles Capps' Motion to Alter or Amend.

The Government has a duty to its citizens not to overstep the limitations on the Government's power to collect debts. The Government never should exceed its authority. Nor should the Government invite the Court to trample the rights of its citizens without advising the Court exactly how close the Court is to the limit of the Government's authority. When the Government exceeds its authority, fails to advise the Court's of the limits on the Government's authority, and finally advises the Court that the Court should ignore as "red herrings" any limits on the Government's authority, the Government seeks to procure and to preserve in the Court's opinion a manifest error.

*United States of America v. Michael R. Capps*
*Case No. 6:21CR10073*
*Reply of Charles Capps to USA to Motion to Alter or Amend*

This far into the litigation, the Government acknowledges for the first time that the foreclosure sale has discharged the restitution lien of the Government (without reference to the statutory discharge authority).

The Government fails to engage and dismisses Revenue Rulings 68-57 and 54-154 as "red herrings," and fails further to argue or distinguish the application or effect of these Revenue Rulings. The Court's summary agreement with the Government's position then likewise fails to address or distinguish the application and effect of these Revenue Rulings and will result in a manifest error, correctible upon appeal.

The United States Supreme Court, the 10th Circuit Court of Appeals, and United States District Court Judge Julie Robinson all have found these Revenue Rulings to be substantive law and not "red herrings."

In *Slodov v. United States*, 436 U.S. 238, 56 L.Ed. 2d 251, 98 S. Ct. 1778 (1978), the United States Supreme Court noted:

> "Decisional law has long established that a purchase-money mortgagee's interest in the mortgagee's property is superior to antecedent liens prior in time, see *United States v. New Orleans R. Co.,* 79 U.S. 362, 12 Wall 362, 20 L.Ed. 434 (1871), and, therefore, a federal tax lien is subordinate to a purchase-money mortgagee's interest notwithstanding that the agreement is made and the security interest arises after notice of the tax lien. *The purchase-money mortgage priority is based on recognition that the mortgagee's interest merely reflects his contribution of property to the taxpayer's estate and therefore does not prejudice creditors who are prior in time.*
>
> "In enacting the Federal Tax Lien Act of 1966, Congress intended to preserve this priority, H.R.Rep.No.1884, 89th Cong., 2d Sess., 4 (1966), and the IRS has since formally accepted that position. Rev.Rul.68-57, 68-1 Cum.Bull. 553; and also IRS General Counsel's Op. No. 113-60, 7 CCH 1961 Stand.Fed. Tax Rep. para.6307(1960)."

2

*United States of America v. Michael R. Capps*
Case No. 6:21CR10073
*Reply of Charles Capps to USA to Motion to Alter or Amend*

Slodov, 436 U.S. 238, 257-8, fn 23. (emphasis added).[1]  *See, also, First Interstate Bank of Utah, N.A. v. L.R.S.*, 930 F.2d 1521, 1523 (10th Cir. 1991)("The general proposition is that a security interest based on the extension of purchase money defeats a previously filed federal tax lien."); *United States v. Dunn*, No. 22-CV-1152-JAR, 2023 U.S. Dist. LEXIS 220861, at *25 (D. Kan. Dec. 12, 2023)(Robinson, J.)(A purchase money security interest that is "valid under local law" takes priority over a previously-filed federal tax lien under *Slodov* and Revenue Ruling 68-57, 1968-1 C.B. 553, 1968 IRB LEXIS 768).

This Court correctly noted in oral arguments held September 12, 2024, that the redemption by Duaglo by payment of $155,027.04 saved the property from loss to the foreclosing bank upon the expiration of the Government's statutory redemption period of 120 days.  This qualifies the redemption by Duaglo as a purchase money interest.

The Court also properly questioned the Government why Duaglo would not be entitled to a reasonable return on its property-saving redemption.  The minimum bargained-for exchange by Duaglo was $12,681.55 on its advance of $155,027.04; plus any remaining equity over and above the improvements of Charles Capps in the event Defendant Capps failed to re-purchase the property from Duaglo by November 28, 2023.

In the September 12, 2024, hearing and oral arguments, the Court also obtained the Government's acknowledgement that Charles Capps improved the property with his post-sheriff's sale improvements.  These improvements also qualify as a purchase money interest that contributes equity to the property—in this case, to the property of Duaglo.

---

[1] Charles Capps relied on Revenue Ruling 68-57 as sufficient authority for purchase money protection of Duaglo, but the *Slodov* decision makes clear that this Revenue Ruling has a historic, decisional foundation.

3

*United States of America v. Michael R. Capps*
*Case No. 6:21CR10073*
*Reply of Charles Capps to USA to Motion to Alter or Amend*

Instead of offering a reasonable return to Duaglo on its purchase money interest, the Government has denied Duaglo all return for saving the property from loss. Instead of determining the amount of Charles Capps' improvements to the property after the journal entry of judgment or sheriff's sale, the Government has denied Charles Capps the entire value of his improvements in the property.

Despite all these acknowledgments of purchase money improvements by Duaglo and Charles Capps, the Government denies purchase money protection to Duaglo (and by extension, denies protection to Duaglo's contractor Charles Capps).

The bona fides of the Assignment of Redemption rights to Duaglo never have been questioned. The redemption by Duaglo is protected and may not be upset by the Government. After the lapse of the Government's independent 120-day redemption right, Duaglo's right to the property was protected. The only right the Government had was a lien on Michael Capps' right to repurchase on or before November 28, 2023.

The Government ignores the purchase money protection of Revenue Ruling 68-57, and the decisional law that supports it, and now asks this Court to ignore these same authorities as "red herrings." In disregard or defiance of the Revenue Ruling "protecting" Duaglo's purchase money interest in the property, and Capps security interest in the property, the Government claims "a federal lien encumbering a defendant owner's rights of redemption would also encumber the entire property acquired upon exercise of that right" (Doc. 213, p.6)—not just Michael Capps' retained right to repurchase the property. This does not protect Duaglo's interest.

*United States of America v. Michael R. Capps*
*Case No. 6:21CR10073*
*Reply of Charles Capps to USA to Motion to Alter or Amend*

The Government also seeks to avoid as a "red herring" the application of the lapse provisions of Revenue Ruling 54-154. Revenue Ruling 54-154 clearly restates the law.

> "Federal tax liens attach to property *only to the extent of the delinquent taxpayer's interest therein*. Where a taxpayer has only an option to purchase real property at the time the Federal tax lien arises, the lien attaches to the option and not to the real estate. Where his rights under the option are terminable, the Government's rights, by virtue of its lien upon the taxpayer's interest, are likewise terminable, being no greater than those of the taxpayer. *Accordingly, when the taxpayer's rights under an option terminate after the Federal tax lien has arisen, the rights of the United States in the option also terminate, since there is no longer any property in the option to which a lien can attach.*" Rev. Ruling 54-154. (Emphasis added)

The opportunity of the Government to levy on and exercise Michael Capps' right to repurchase passed—despite notice to the Government—and without any attempt by the Government to protect its right. Due to the Government's inaction, the right of Michael Capps to repurchase expired.

Michael Capps' right to purchase ended on November 28, 2023. The rights of the Government likewise ended, because there is no longer any property interest of Michael Capps to which the restitution lien may attach. Revenue Ruling 54-154 applies to terminate the rights of the Government to purchase after November 28, 2023, leaving Duaglo and Charles Capps to adjust between themselves their interests in the property and the proceeds of sale.

The Government's mistreatment of Duaglo results in Charles Capps being denied his purchase money interest in the property, an interest voluntarily granted by Duaglo.

The Government recites the law that the lien attaches only to the interest of the debtor Michael Capps, and then ignores that law to take property that belongs to Duaglo and Charles Capps. It is a misapplication of the law and an abuse of Duaglo and Charles Capps and a manifest

Case 6:21-cr-10073-EFM    Document 237    Filed 12/26/24    Page 6 of 7

*United States of America v. Michael R. Capps*
Case No. 6:21CR10073
*Reply of Charles Capps to USA to Motion to Alter or Amend*

injustice to allow the Government to ignore the limits on its authority in order to confiscate the efforts of Duaglo and Charles Capps for the Government's benefit.

The Government's position denies Charles Capps the fair value of his improvements to the property.

The Government's position by-passes the obligation of the Government to pay Defendant Capps and his assign, Duaglo, interest and lawful advances under 28 U.S.C. § 2410 in order to redeem under 26 U.S.C. § 7425(d).

## **CONCLUSION**

One of the fundamental expectations of a citizen in dealing with the Government is that the Government will recognize and honor the limits on the Government's power and authority over its citizens and his property. Revenue Ruling 68-57 and Revenue Ruling 54-154 are not "red herrings." Duaglo's purchase of the redemption rights and exercise of those redemption rights are protected purchase money interests. Even though the government dismisses and ignores the purchase money protections of Revenue Ruling 68-57 and the decisional law supporting it, the Court should correct as manifest error the Court's and the Government's adoption of the Government's unsupported position. The Court should recognize the priority of the purchase money rights obtained by Duaglo, protect those interests by relegating the Government to the terminable interest rights of Michael Capps under the re-purchase agreement, and rule that the Government and Michael Capps both allowed Michael Capps' interest in the property to expire— along with the Government's lien on that interest—by failing to re-purchase prior to November

*United States of America v. Michael R. Capps*
*Case No. 6:21CR10073*
*Reply of Charles Capps to USA to Motion to Alter or Amend*

28, 2023. This leaves Duaglo as the sole owner of the property, and allows Charles Capps to enforce his agreement with Duaglo for the improvement of the property for sale.

>Respectfully submitted,
>
>KNOPP LAW GROUP P.A.
>
>By: */s/ Ted E. Knopp*
>      Ted E. Knopp, SC #11437
>      310 W. Central Ave., Ste. 203
>      Wichita, KS 67202-1004
>      tknopp@knopplaw.com
>      *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record via the Court's E-filing system on the date this document was filed.

>  */s/ Ted E. Knopp*
> Ted E. Knopp, SC #11437