# U.S. District Court
# DISTRICT OF KANSAS (Wichita)
# CRIMINAL DOCKET FOR CASE #: <u>6:21−cr−10073−EFM</u>−1

Case title: USA v. Capps

Date Filed: 09/08/2021

Date Terminated: 05/12/2023

Assigned to: Chief District Judge
Eric F. Melgren

Appeals court case numbers:
23−3095 10CCA, 24−3083
10CCA

**Defendant (1)**

| | | |
|---|---|---|
| **Michael R. Capps**<br>*E−Filing & ECF Notifications*<br>***TERMINATED: 05/12/2023*** | represented by | **Michael R. Capps**<br>1611 S Utica Ave<br>Pmb 328<br>Tulsa, OK 74107<br>316−371−3768<br>Email: cappsm@gmail.com<br>PRO SE<br>*Bar Number:*<br>*Bar Status:*<br><br>**Jacob Rasch−Chabot**<br>Office of Federal Public Defender − Denver<br>633 17th Street, Suite 1000<br>Denver, CO 80202−3610<br>303−294−7002<br>Fax: 303−294−1192<br>Alternative Phone:<br>Cell Phone:<br>Email: Jacob.Rasch−Chabot@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment*<br>*Bar Number:*<br>*Bar Status: **Government Atty***<br><br>**Kurt P. Kerns**<br>Kerns Law Group<br>328 North Main<br>Wichita, KS 67202<br>316−265−5511<br>Fax: 316−265−4433 |

Alternative Phone:
Cell Phone:
Email: kurtpkerns@aol.com
*TERMINATED: 05/30/2023*
*Designation: Retained*
*Bar Number: 15028*
*Bar Status: Active*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1014 False statement to a bank for a PPP loan; 18:2 Aiding and abetting (INDICTMENT 9/8/2021) (1) | Sentenced to 27 months imprisonment and 2 years supervised release on Cts. 1, 2, 4, 5, 7, 8, 9, 10, 12, 13, 14, & 15,each count running concurrently. $1200.00 special assessment fee. $318,647.21 restitution |
| 18:1344(2) Bank fraud–PPP loan; 18:2 Aiding and abetting (INDICTMENT 9/8/2021) (2) | Sentenced to 27 months imprisonment and 2 years supervised release on Cts. 1, 2, 4, 5, 7, 8, 9, 10, 12, 13, 14, & 15,each count running concurrently. $1200.00 special assessment fee. $318,647.21 restitution |
| 18:1001(a) False statement to the SBA for EIDL loan 18:2 Aiding and abetting (INDICTMENT 9/8/2021) (4–5) | Sentenced to 27 months imprisonment and 2 years supervised release on Cts. 1, 2, 4, 5, 7, 8, 9, 10, 12, 13, 14, & 15,each count running concurrently. $1200.00 special assessment fee. $318,647.21 restitution |
| 18:1343 Wire fraud, SBA; 18:2 Aiding and abetting (INDICTMENT 9/8/2021) (7–8) | Sentenced to 27 months imprisonment and 2 years supervised release on Cts. 1, 2, 4, 5, 7, 8, 9, 10, 12, 13, 14, & 15,each count running concurrently. $1200.00 special assessment fee. $318,647.21 restitution |
| 18:1343 Wire fraud, Kansas Department of Commerce; 18:2 Aiding and abetting (INDICTMENT 9/8/2021) (9–10) | Sentenced to 27 months imprisonment and 2 years supervised release on Cts. 1, 2, 4, 5, 7, 8, 9, 10, 12, 13, 14, & 15,each count running concurrently. $1200.00 special assessment fee. $318,647.21 restitution |
| 18:1957 Money laundering; 18:2 Aiding and abetting (INDICTMENT 9/8/2021) (12–14) | Sentenced to 27 months imprisonment and 2 years supervised release on Cts. 1, 2, 4, 5, 7, 8, 9, 10, 12, 13, 14, & 15,each count running concurrently. $1200.00 special assessment fee. $318,647.21 restitution |
| 18:1957 Money laundering; 18:2 Aiding and abetting (INDICTMENT 9/8/2021) (15) | Sentenced to 27 months imprisonment and 2 years supervised release on Cts. 1, 2, 4, 5, 7, 8, 9, 10, 12, 13, 14, & 15,each count running concurrently. $1200.00 special assessment fee. $318,647.21 restitution |

**Highest Offense Level
(Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1001(a) False statement to the SBA for EID loan 18:2 Aiding and abetting (INDICTMENT 9/8/2021) (3) | Acquitted |
| 18:1343 Wire fraud, SBA; 18:2 Aiding and abetting (INDICTMENT 9/8/2021) (6) | Acquitted |
| 18:1343 Wire fraud, Sedgwick County; 18:2 Aiding and abetting (INDICTMENT 9/8/2021) (11) | Dismissed per the Order filed 12/13/2022. |
| 18:1957 Money laundering; 18:2 Aiding and abetting (INDICTMENT 9/8/2021) (16–19) | Acquitted |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Garnishee**

**Northwestern Mutual**
Beneficiary & Title
720 E Wisconsin Ave
Milwaukee, WI 53202
*TERMINATED: 09/07/2023*

**Garnishee**

**Ohio National Life Assurance Corporation**
One Financial Way
Cincinnati, OH 45242
*TERMINATED: 09/07/2023*

**Garnishee**

3

**Knopp Law Group, P.A.**
310 W. Central Ave.
Wichita, KS 67202–1004

---

**Garnishee**

**Coinbase, Inc.**
c/o Corporation Service Company
1100 SW Wanamaker Rd., Ste. 201
Topeka, KS 66604

---

**Garnishee**

**Security 1st Title, LLC**
c/o David Armagost, Resident Agent
727 N. Waco
Suite 300
Wichita, KS 67203

---

**Claimant**

| | | |
|---|---|---|
| **Charles Capps** | represented by | **Ted E. Knopp** |
| | | Knopp Law Group, PA |
| | | The Quarters |
| | | 310 W. Central Avenue, Suite 203 |
| | | Wichita, KS 67202 |
| | | 316–265–5882 |
| | | Fax: 316–265–5892 |
| | | Alternative Phone: 316–644–6781 |
| | | Cell Phone: 316–644–6781 |
| | | Email: tknopp@knopplaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | *Bar Number: 11437* |
| | | *Bar Status: Active* |

---

**Movant**

| | | |
|---|---|---|
| **Duaglo, LLC** | represented by | **Ted E. Knopp** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | *Bar Number: 11437* |
| | | *Bar Status: Active* |

**Plaintiff**

**USA**                                    represented by  **Alan G. Metzger**
Office of United States Attorney – Wichita
301 N. Main Street, Suite 1200
Wichita, KS 67202–4812
316–648 0531
Alternative Phone:
Cell Phone: 316–648–0531
Email: alan.metzger54@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 10143*
*Bar Status: **Inactive***

**Annette Gurney**
Office of United States Attorney – Wichita
301 N. Main Street, Suite 1200
Wichita, KS 67202–4812
316–269–6481
Fax: 316–269–6484
Alternative Phone:
Cell Phone: 316–250–8393
Email: annette.gurney@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 11602*
*Bar Status: Active*

**Carrie Nicole Capwell**
Office of United States Attorney – KCKS
500 State Avenue, Suite 360
Kansas City, KS 66101
913–551–6908
Alternative Phone: 913–551–6730
Cell Phone:
Email: carrie.capwell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 78677*
*Bar Status: Active*

**Kathryn E. Sheedy**
Office of United States Attorney – Topeka
290 US Courthouse
444 SE Quincy
Topeka, KS 66683–3592
785–295–2921
Alternative Phone:
Cell Phone:
Email: kathryn.sheedy@usdoj.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 22867*
*Bar Status: Active*

**Molly M. Gordon**
Office of United States Attorney – Wichita
301 N. Main Street, Suite 1200
Wichita, KS 67202–4812
316–269–6681
Fax: 316–269–6484
Alternative Phone:
Cell Phone:
Email: molly.gordon@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 23134*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 09/08/2021 | 1 | INDICTMENT as to Michael R. Capps (1) – counts 1–19. (sz) (Entered: 09/09/2021) |
| 09/09/2021 | | SUMMONS ISSUED as to Michael R. Capps Initial Appearance set for 9/22/2021 at 01:30 PM by Zoom before Magistrate Judge Gwynne E. Birzer. (Pretrial form provided to USMS)(sz) (Entered: 09/09/2021) |
| 09/10/2021 | 2 | SUMMONS RETURNED EXECUTED on 9/10/2021 as to Michael R. Capps. (jk) (Entered: 09/10/2021) |
| 09/21/2021 | 3 | ENTRY OF APPEARANCE by attorney Kurt P. Kerns appearing for Michael R. Capps. (Kerns, Kurt) (Entered: 09/21/2021) |
| 09/21/2021 | 4 | CONSENT TO APPEAR BY VIDEO OR TELEPHONE CONFERENCE for initial appearance, arraignment and detention hearing as to Michael R. Capps. (Kerns, Kurt) Modified on 9/22/2021 to add additional hearings. (mam) (Entered: 09/21/2021) |
| 09/22/2021 | 5 | **(NOTE: Access to document is restricted pursuant to the courts privacy policy.)**<br><br>NOTICE OF SURRENDERED PASSPORT as to Michael R. Capps. (Passport Number 640927769, issued by USA.) (mam) (Entered: 09/22/2021) |
| 09/22/2021 | 6 | MINUTE ENTRY for proceedings held before Magistrate Judge Gwynne E. Birzer: RULE 5/INITIAL APPEARANCE and ARRAIGNMENT as to Michael R. Capps held on 9/22/2021 by ZOOM, Count(s) 1,2,3,4–5,6–8,9–10,11,12–19. Due Process Protections Act advisement given. The Government adopted the recommendations of Pretrial Services for release on conditions. Defendant provided verbal consent for Zoom. Defendant's next appearance per the Scheduling Order of Judge Melgren. (Tape #1:31–1:41) (sz) (Entered: 09/23/2021) |

| 09/22/2021 | 7 | ORDER SETTING CONDITIONS OF RELEASE as to Michael R. Capps (1) – $25,000 unsecured bond. Signed by Magistrate Judge Gwynne E. Birzer on 9/22/2021. (sz) (Entered: 09/24/2021) |
|---|---|---|
| 09/23/2021 | | ORDER as to Michael R. Capps – Pursuant to the Due Process Protections Act, the government is reminded of its obligations pursuant to Brady v. Maryland and its progeny to disclose material that is favorable to the defendant and material to defendants guilt or punishment. The failure to do so in a timely manner may include dismissal of the indictment or information, dismissal of individual charges, exclusion of government evidence or witnesses, or any other remedy that is just under the circumstances. Signed by Magistrate Judge Gwynne E. Birzer on 9/22/21. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ala) (Entered: 09/23/2021) |
| 09/24/2021 | 8 | BOND POSTED as to Michael R. Capps. (sz) (Entered: 09/24/2021) |
| 09/27/2021 | 9 | PRETRIAL AND CRIMINAL CASE MANAGEMENT ORDER ENTERED: as to Michael R. Capps. Status Conference set for 11/8/2021 at 10:15 AM in Wichita Room 414 (EFM) before District Judge Eric F. Melgren. Jury Trial set for 11/23/2021 at 09:00 AM in Wichita Courtroom 408 (EFM) before District Judge Eric F. Melgren. Signed by District Judge Eric F. Melgren on 9/27/2021. (cm) (Entered: 09/27/2021) |
| 10/27/2021 | 10 | MOTION to Continue Status Conference and Jury Trial by Michael R. Capps. (Kerns, Kurt) (Entered: 10/27/2021) |
| 10/28/2021 | 11 | ORDER TO CONTINUE granting 10 Motion to Continue. Speedy Trial time excluded from 11/23/2021 until 1/25/2022 as to Michael R. Capps (1). Status Conference set for 1/12/2022 at 08:45 AM in Wichita Room 414 (EFM) before District Judge Eric F. Melgren. Jury Trial set for 1/25/2022 at 09:00 AM in Wichita Courtroom 408 (EFM) before District Judge Eric F. Melgren. Signed by District Judge Eric F. Melgren on 10/28/2021. (sz) (Entered: 10/28/2021) |
| 01/07/2022 | 12 | MOTION to Continue Status Conference and Jury Trial by Michael R. Capps. (Kerns, Kurt) (Entered: 01/07/2022) |
| 01/10/2022 | 13 | ORDER TO CONTINUE granting 12 Motion to Continue. Speedy Trial time excluded from 1/12/2022 until 3/29/2022 as to Michael R. Capps (1). Status Conference set for 3/14/2022 at 08:15 AM in Wichita Room 414 (EFM) before Chief District Judge Eric F. Melgren. Jury Trial set for 3/29/2022 at 09:00 AM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. Signed by Chief District Judge Eric F. Melgren on 1/10/2022. (sz) (Entered: 01/10/2022) |
| 03/02/2022 | 14 | JOINT MOTION to Continue Status Conference and Jury Trial by Michael R. Capps. (Kerns, Kurt) (Entered: 03/02/2022) |
| 03/03/2022 | 15 | ORDER TO CONTINUE granting 14 Motion to Continue. Speedy Trial time excluded from 3/14/2022 until 6/7/2022 as to Michael R. Capps (1). Status Conference set for 5/31/2022 at 10:00 AM in Wichita Room 414 (EFM) before Chief District Judge Eric F. Melgren. Jury Trial set for 6/7/2022 at 09:00 AM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. Signed by Chief District Judge Eric F. Melgren on 3/3/2022. (sz) (Entered: 03/03/2022) |
| 03/03/2022 | 16 | NOTICE OF HEARING as to Defendant Michael R. Capps. THIS IS AN OFFICIAL NOTICE FOR THIS HEARING. (This is a TEXT ENTRY ONLY. There |

| | | |
|---|---|---|
| | | is no.pdf document associated with this entry.) Due to a conflict on the court's calendar, the Status Conference is reset for 6/1/2022 at 01:30 PM in Wichita Room 414 (EFM) before Chief District Judge Eric F. Melgren. (cm) (Entered: 03/03/2022) |
| 05/04/2022 | 17 | MOTION to Continue Status Conference and Jury Trial by Michael R. Capps. (Kerns, Kurt) (Entered: 05/04/2022) |
| 05/05/2022 | 18 | ORDER TO CONTINUE granting 17 Motion to Continue. Speedy Trial Time excluded from 6/1/2022 until 8/16/2022 as to Michael R. Capps (1). Status Conference set for 8/5/2022 at 02:00 PM in Wichita Room 414 (EFM) before Chief District Judge Eric F. Melgren. Jury Trial set for 8/16/2022 at 09:00 AM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. Signed by Chief District Judge Eric F. Melgren on 5/5/2022. (sz) (Entered: 05/05/2022) |
| 07/08/2022 | 19 | MOTION to Continue Status Conference and Jury Trial by Michael R. Capps. (Kerns, Kurt) (Entered: 07/08/2022) |
| 07/11/2022 | 20 | MOTION to Continue Status Conference and Jury Trial by USA as to Michael R. Capps. (Metzger, Alan) (Entered: 07/11/2022) |
| 07/12/2022 | 21 | ORDER TO CONTINUE granting 19 Motion to Continue as to Michael R. Capps (1); finding as moot 20 Motion to Continue as to Michael R. Capps (1). Status Conference set for 10/31/2022 at 09:45 AM in Wichita Room 414 (EFM) before Chief District Judge Eric F. Melgren. Jury Trial set for 11/15/2022 at 09:00 AM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. Signed by Chief District Judge Eric F. Melgren on 7/12/2022. (sz) (Entered: 07/12/2022) |
| 10/26/2022 | 22 | MOTION in Limine by USA as to Michael R. Capps. (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachment 3, # 4 Attachment 4, # 5 Attachment 5, # 6 Attachment 6, # 7 Attachment 7, # 8 Attachment 8)(Metzger, Alan) (Entered: 10/26/2022) |
| 10/26/2022 | 23 | SEALED MOTION for Leave to File Under Seal Motion in Limine by USA as to Michael R. Capps. (Attachments: # 1 Proposed Sealed Document, # 2 Proposed Sealed Document Exhibit 10, # 3 Proposed Sealed Document Exhibit 15, # 4 Proposed Sealed Document Exhibit 23)(Metzger, Alan) (Entered: 10/26/2022) |
| 10/27/2022 | 24 | ORDER granting 23 Sealed Motion for Leave to File Under Seal. Counsel is directed to file forthwith the requested document(s) with an event from the SEALED DOCUMENTS category as to Michael R. Capps (1) Signed by Chief District Judge Eric F. Melgren on 10/27/2022. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 10/27/2022) |
| 10/27/2022 | 25 | SEALED MOTION in Limine by USA as to Michael R. Capps. (Attachments: # 1 Exhibit 10, # 2 Exhibit 15, # 3 Exhibit 23)(Metzger, Alan) (Entered: 10/27/2022) |
| 10/28/2022 | 26 | AMENDED MOTION in Limine by USA as to Michael R. Capps. (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachment 3, # 4 Attachment 4, # 5 Attachment 5, # 6 Attachment 6, # 7 Attachment 7, # 8 Attachment 8, # 9 Attachment 9)(Metzger, Alan) (Entered: 10/28/2022) |
| 10/31/2022 | 27 | MINUTE ENTRY for proceedings held before Chief District Judge Eric F. Melgren: STATUS CONFERENCE as to Michael R. Capps held on 10/31/2022. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 10/31/2022) |

| 10/31/2022 | 28 | MOTION to Continue Jury Trial by Michael R. Capps. (Kerns, Kurt) (Entered: 10/31/2022) |
|---|---|---|
| 10/31/2022 | 29 | ORDER granting 28 Motion to Continue Jury Trial. Speedy trial time excluded from 11/15/2022 until 12/20/2022 as to Michael R. Capps (1). Jury Trial is reset for 12/20/2022 at 09:00 AM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. Signed by Chief District Judge Eric F. Melgren on 10/31/2022. (mam) (Entered: 10/31/2022) |
| 10/31/2022 | 30 | ORDER as to Michael R. Capps re 26 Amended MOTION in Limine filed by USA. At the direction of Chief Judge Eric F. Melgren, defendant will file a response to the Amended Motion in Limine on or before 11/7/2022. Signed by Chief District Judge Eric F. Melgren on 10/31/2022. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (cm) (Entered: 10/31/2022) |
| 10/31/2022 | 31 | ORDER granting in part and denying in part 25 Sealed Motion as to Michael R. Capps (1). Signed by Chief District Judge Eric F. Melgren on 10/31/2022. (ca) (Entered: 10/31/2022) |
| 11/01/2022 | 32 | NOTICE OF HEARING as to Defendant Michael R. Capps. <span style="color:red">THIS IS AN OFFICIAL NOTICE FOR THIS HEARING.</span> (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) Jury Trial set for 12/12/2022 at 09:00 AM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. Jury Trial set for 12/14/2022, 12/15/2022, and 12/19/2022 at 08:30 AM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. (cm) (Entered: 11/01/2022) |
| 11/17/2022 | 33 | UNOPPOSED MOTION in Limine by USA as to Michael R. Capps. (Metzger, Alan) (Entered: 11/17/2022) |
| 11/17/2022 | 34 | TRIAL ORDER estimated trial time 4 days as to Michael R. Capps. In Limine/Jury Instructions Conference set for 12/2/2022 at 01:30 PM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. Signed by Chief District Judge Eric F. Melgren on 11/17/2022. (cm) (Entered: 11/17/2022) |
| 11/17/2022 | 35 | ORDER granting 33 Motion in Limine as to Michael R. Capps (1). Exhibit 29 may be admitted into evidence during the trial of this matter without the necessity of a sponsoring/foundation witness. Signed by Chief District Judge Eric F. Melgren on 11/17/2022. (sz) (Entered: 11/17/2022) |
| 11/28/2022 | 36 | EXHIBIT LIST by USA as to Michael R. Capps. (Metzger, Alan) (Entered: 11/28/2022) |
| 11/28/2022 | 37 | WITNESS LIST by USA as to Michael R. Capps. (Metzger, Alan) (Entered: 11/28/2022) |
| 11/29/2022 | 38 | AMENDED EXHIBIT LIST by USA as to Michael R. Capps. (Metzger, Alan) (Entered: 11/29/2022) |
| 11/30/2022 | 39 | PROPOSED JURY INSTRUCTIONS by USA as to Michael R. Capps. (Metzger, Alan) (Entered: 11/30/2022) |
| 11/30/2022 | 40 | ENTRY OF APPEARANCE on behalf of USA by Molly M. Gordon. (Gordon, Molly) (Entered: 11/30/2022) |
| 11/30/2022 | 41 | |

| | | |
|---|---|---|
| | | PROPOSED JURY INSTRUCTIONS by Michael R. Capps. (Kerns, Kurt) (Entered: 11/30/2022) |
| 11/30/2022 | 42 | PROPOSED VOIR DIRE QUESTIONS by USA as to Michael R. Capps. (Metzger, Alan) (Entered: 11/30/2022) |
| 11/30/2022 | 43 | EXHIBIT LIST by Michael R. Capps. (Kerns, Kurt) (Entered: 11/30/2022) |
| 11/30/2022 | 44 | WITNESS LIST by Michael R. Capps. (Kerns, Kurt) (Entered: 11/30/2022) |
| 11/30/2022 | 45 | PROPOSED VOIR DIRE QUESTIONS by Michael R. Capps. (Kerns, Kurt) (Entered: 11/30/2022) |
| 12/02/2022 | 46 | MINUTE ENTRY for proceedings held before Chief District Judge Eric F. Melgren: granting 26 Motion in Limine as to Michael R. Capps (1); finding as moot 22 Motion in Limine as to Michael R. Capps (1); PRETRIAL CONFERENCE as to Michael R. Capps held on 12/2/2022. (Court Reporter Jo Wilkinson) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 12/02/2022) |
| 12/05/2022 | 47 | SUPPLEMENTAL PROPOSED JURY INSTRUCTION by USA as to Michael R. Capps. (Metzger, Alan) (Entered: 12/05/2022) |
| 12/05/2022 | 48 | NOTICE OF HEARING as to Defendant Michael R. Capps. <span style="color:red">THIS IS AN OFFICIAL NOTICE FOR THIS HEARING.</span> (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) In Court/Jury Instructions Conference set for 12/9/2022 at 09:00 AM in Wichita Courtroom 408 (EFM)before Chief District Judge Eric F. Melgren. (cm) (Entered: 12/05/2022) |
| 12/05/2022 | 49 | AMENDED EXHIBIT LIST by Michael R. Capps. (Kerns, Kurt) (Entered: 12/05/2022) |
| 12/06/2022 | 50 | AMENDED WITNESS LIST by USA as to Michael R. Capps. (Metzger, Alan) (Entered: 12/06/2022) |
| 12/06/2022 | 51 | SECOND SUPPLEMENTAL PROPOSED JURY INSTRUCTION by USA as to Michael R. Capps. (Metzger, Alan) (Entered: 12/06/2022) |
| 12/06/2022 | 52 | PROPOSED FORFEITURE JURY INSTRUCTIONS by USA as to Michael R. Capps. (Metzger, Alan) (Entered: 12/06/2022) |
| 12/07/2022 | 53 | MOTION in Limine to Bar Expert Testimony by Michael R. Capps. (Kerns, Kurt) (Entered: 12/07/2022) |
| 12/07/2022 | 54 | NOTICE OF HEARING as to Defendant Michael R. Capps. <span style="color:red">THIS IS AN OFFICIAL NOTICE FOR THIS HEARING.</span> (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) In Court/Jury Instructions Conference set for 12/9/2022 at 09:00 AM in Wichita Room 414 (EFM)before Chief District Judge Eric F. Melgren. NOTE: THIS IS A LOCATION CHANGE ONLY. (cm) (Entered: 12/07/2022) |
| 12/08/2022 | 55 | AMENDED WITNESS LIST by Michael R. Capps. (Kerns, Kurt) (Entered: 12/08/2022) |
| 12/08/2022 | 56 | RESPONSE TO MOTION by USA as to Michael R. Capps re 53 Motion in Limine to Bar Expert Testimony. (Metzger, Alan) (Entered: 12/08/2022) |

| 12/09/2022 | 57 | UNOPPOSED MOTION to Dismiss Count 11 by USA as to Michael R. Capps. (Metzger, Alan) (Entered: 12/09/2022) |
|---|---|---|
| 12/09/2022 | 60 | MINUTE ENTRY for proceedings held before Chief District Judge Eric F. Melgren: IN COURT/JURY INSTRUCTIONS CONFERENCE as to Michael R. Capps held on 12/9/2022. (Court Reporter Jo Wilkinson) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 12/14/2022) |
| 12/12/2022 | 58 | MINUTE ENTRY for proceedings held before Chief District Judge Eric F. Melgren: JURY TRIAL as to Michael R. Capps held on 12/12/2022. (Court Reporter Jo Wilkinson) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 12/12/2022) |
| 12/13/2022 | 59 | ORDER granting without prejudice 57 Unopposed Motion to Dismiss Count 11 as to Michael R. Capps (1). Signed by Chief District Judge Eric F. Melgren on 12/12/2022. (mam) (Entered: 12/13/2022) |
| 12/14/2022 | 61 | MINUTE ENTRY for proceedings held before Chief District Judge Eric F. Melgren: JURY TRIAL as to Michael R. Capps held on 12/14/2022. (Court Reporter Jo Wilkinson) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 12/14/2022) |
| 12/15/2022 | 62 | MINUTE ENTRY for proceedings held before Chief District Judge Eric F. Melgren: JURY TRIAL as to Michael R. Capps held on 12/15/2022. (Court Reporter Jo Wilkinson) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 12/15/2022) |
| 12/18/2022 | 63 | MOTION to Read Instructions to Jury at Close of Evidence by Michael R. Capps. (Kerns, Kurt) Modified on 12/19/2022 to re−title. (mam) (Entered: 12/18/2022) |
| 12/19/2022 | 64 | SECOND AMENDED EXHIBIT LIST by Michael R. Capps. (Kerns, Kurt) (Entered: 12/19/2022) |
| 12/19/2022 | 65 | ORDER denying, in open court, 63 Motion for Order as to Michael R. Capps (1) Signed by Chief District Judge Eric F. Melgren on 12/19/2022. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 12/19/2022) |
| 12/19/2022 | 66 | ORDER for Juror Lunch as to Michael R. Capps. Signed by Chief District Judge Eric F. Melgren on 12/19/2022. (cm) (Entered: 12/19/2022) |
| 12/19/2022 | 67 | TRANSCRIPT of Jury Trial, Excerpt of James Clendenin, held 12−14−22 as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, 316−315−4334, jo_wilkinson@ksd.uscourts.gov. Transcript purchased by: Mr. Dion Lefler, Wichita Eagle.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** |

| | | |
|---|---|---|
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. Release of Transcript Restriction set for 3/20/2023. (jw) (Entered: 12/19/2022) |
| 12/19/2022 | 68 | MINUTE ENTRY for proceedings held before Chief District Judge Eric F. Melgren: JURY TRIAL as to Michael R. Capps held on 12/19/2022. (Court Reporter Jo Wilkinson) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 12/19/2022) |
| 12/19/2022 | 69 | INSTRUCTIONS TO THE JURY as to Michael R. Capps. (sz) (Entered: 12/20/2022) |
| 12/21/2022 | 70 | QUESTIONS FROM THE JURY filed as to Michael R. Capps. (kas) (Entered: 12/21/2022) |
| 12/21/2022 | 71 | ORDER as to Michael R. Capps. Lunch ordered for jurors during deliberations. Signed by Chief District Judge Eric F. Melgren on 12/21/2022. (cm) (Entered: 12/21/2022) |
| 12/21/2022 | 72 | MINUTE ENTRY for proceedings held before Chief District Judge Eric F. Melgren: JURY TRIAL as to Michael R. Capps concluded on 12/21/2022. (Court Reporter Jo Wilkinson) (Attachments: # 1 Witness Sheet, # 2 Exhibit List Plaintiff's, # 3 Exhibit List Defendant's) (cm) (Entered: 12/22/2022) |
| 12/21/2022 | 73 | JURY VERDICT as to Michael R. Capps (1). Defendant found Guilty on Counts 1–2, 4–5, 7–10 and 12–15; Not Guilty on Counts 3, 6 and 16–19. (mam) (Additional attachment(s) added on 12/22/2022: # 1 Unredacted Verdict) (mam). (Entered: 12/22/2022) |
| 12/21/2022 | 74 | FORFEITURE INSTRUCTIONS TO THE JURY as to Michael R. Capps. Signed by District Judge Eric F. Melgren on 12/21/2022. (mam) (Entered: 12/22/2022) |
| 12/21/2022 | 75 | SPECIAL VERDICT FORM FOR FORFEITURE as to Michael R. Capps. (mam) (Additional attachment(s) added on 12/22/2022: # 1 Unredacted Special Verdict Form) (mam). (Entered: 12/22/2022) |
| 12/27/2022 | 76 | TRANSCRIPT of Excerpt of Jury Trial, Defense Opening Statements, held December 12, 2022, as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, 316–315–4334, jo_wilkinson@ksd.uscourts.gov. Transcript purchased by: Ms. Molly M. Gordon. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. Release of Transcript Restriction set for 3/27/2023. (jw) (Entered: 12/27/2022) |

| 01/09/2023 | 77 | MOTION for New Trial by Michael R. Capps. (Kerns, Kurt) (Entered: 01/09/2023) |
|---|---|---|
| 01/12/2023 | 78 | NOTICE OF HEARING as to Defendant Michael R. Capps. THIS IS AN OFFICIAL NOTICE FOR THIS HEARING. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) Sentencing set for 3/10/2023 at 09:30 AM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. The court failed to docket the sentencing date at the conclusion of the trial. This entry fixes that error. (cm) (Entered: 01/12/2023) |
| 01/13/2023 | 79 | TRANSCRIPT of Excerpt of Jury Trial Volume III held December 15, 2022, as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, 316–315–4334, jo_wilkinson@ksd.uscourts.gov. Transcript purchased by: Ms. Molly Gordon. Volume: III.

**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**

Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. Release of Transcript Restriction set for 4/13/2023. (jw) (Entered: 01/13/2023) |
| 01/13/2023 | 80 | TRANSCRIPT of Excerpt of Jury Trial Volume IV held December 19, 2022, as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, 316–315–4334, jo_wilkinson@ksd.uscourts.gov. Transcript purchased by: Ms. Molly Gordon. Volume: IV.

**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**

Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. Release of Transcript Restriction set for 4/13/2023. (jw) (Entered: 01/13/2023) |
| 01/25/2023 | 81 | MOTION for a Preliminary Order of Forfeiture by USA as to Michael R. Capps. (Gurney, Annette) (Entered: 01/25/2023) |
| 01/27/2023 | 82 | RESPONSE TO MOTION by USA as to Michael R. Capps re 77 Motion for a New Trial. (Gordon, Molly) (Entered: 01/27/2023) |
| 02/16/2023 | 83 | ORDER OF FORFEITURE granting 81 Motion for a Preliminary Order of Forfeiture as to Michael R. Capps (1). Signed by Chief District Judge Eric F. Melgren on 2/16/2023. (sz) (Entered: 02/16/2023) |

| 02/17/2023 | 84 | MEMORANDUM AND ORDER denying 77 Defendant's Motion for a New Trial as to Michael R. Capps (1). Signed by Chief District Judge Eric F. Melgren on 2/17/2023. (mam) (Entered: 02/17/2023) |
|---|---|---|
| 02/21/2023 | 85 | NOTICE OF HEARING as to Defendant Michael R. Capps. THIS IS AN OFFICIAL NOTICE FOR THIS HEARING. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Due to a conflict on the Court's calendar, the Sentencing is being reset for 3/30/2023 at 02:30 PM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. (cm) (Entered: 02/21/2023) |
| 03/22/2023 | 86 | NOTICE OF HEARING as to Defendant Michael R. Capps. THIS IS AN OFFICIAL NOTICE FOR THIS HEARING. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) At request of counsel, the Sentencing is reset for 4/24/2023 at 01:30 PM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. Sentencing Memorandum Deadline set for 4/17/2023. (cm) (Entered: 03/22/2023) |
| 04/14/2023 | 87 | PRESENTENCE INVESTIGATION REPORT as to Michael R. Capps. **(NOTE: Access to this document is restricted to the USA and this defendant.)** (USPO) (Entered: 04/14/2023) |
| 04/14/2023 | 88 | NOTICE OF HEARING as to Defendant Michael R. Capps. THIS IS AN OFFICIAL NOTICE FOR THIS HEARING. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Sentencing set for 5/11/2023 at 02:00 PM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. Sentencing Memorandum Deadline set for 5/5/2023. (cm) (Entered: 04/14/2023) |
| 05/01/2023 | 89 | TRANSCRIPT of Jury Trial, Testimony of Michael Capps, held December 15, 2022, as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, 316–315–4334, jo_wilkinson@ksd.uscourts.gov. Transcript purchased by: Ms. Molly Gordon. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. Release of Transcript Restriction set for 7/31/2023. (jw) (Entered: 05/01/2023) |
| 05/01/2023 | 90 | TRANSCRIPT of Jury Trial, Testimony of Michael Capps, held December 19, 2022, as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, 316–315–4334, jo_wilkinson@ksd.uscourts.gov. Transcript purchased by: Ms. Molly Gordon. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. Release of Transcript Restriction set for 7/31/2023. (jw) (Entered: 05/01/2023) |
| 05/05/2023 | 91 | SENTENCING MEMORANDUM by USA as to Michael R. Capps. (Gordon, Molly) (Entered: 05/05/2023) |
| 05/05/2023 | 92 | SENTENCING MEMORANDUM by Michael R. Capps. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O)(Kerns, Kurt) (Entered: 05/05/2023) |
| 05/10/2023 | 93 | SERVICE BY PUBLICATION filed by USA as to Michael R. Capps. Last publication date April 15, 2023. (Attachments: # 1 Attachment 1)(Gurney, Annette) (Entered: 05/10/2023) |
| 05/10/2023 | 94 | RESPONSE to 92 Sentencing Memorandum by USA as to Michael R. Capps. (Gordon, Molly) (Entered: 05/10/2023) |
| 05/11/2023 | 95 | MINUTE ENTRY for proceedings held before Chief District Judge Eric F. Melgren: SENTENCING HEARING held on 5/11/2023 as to defendant Michael R. Capps. Defendant was sentenced to 27 months to Bureau of Prisons and was allowed to self–surrender. (Court Reporter Jo Wilkinson) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 05/11/2023) |
| 05/12/2023 | 96 | EXHIBIT LIST by Government from Sentencing for Michael R. Capps. (cm) (Entered: 05/12/2023) |
| 05/12/2023 | 97 | AMENDED PRESENTENCE INVESTIGATION REPORT as to Michael R. Capps.<br><br>**(NOTE: Access to this document is restricted to the USA and this defendant.)**<br><br>(USPO) (Entered: 05/12/2023) |
| 05/12/2023 | 98 | JUDGMENT as to Michael R. Capps (1) – Counts: 1, 2, 4, 5, 7–10, 12–15 Sentenced to 27 months imprisonment and 2 years supervised release; each count, running concurrently. $1200.00 special assessment fee. $318,647.21 restitution. Acquitted on Counts 3, 6, 16, 17, 18, and 19. Count 11, Dismissed per the Order filed 12/13/2022. Signed by Chief District Judge Eric F. Melgren on 5/12/2023. (ca) (Entered: 05/12/2023) |
| 05/12/2023 | 99 | STATEMENT OF REASONS as to Michael R. Capps re 98 Judgment.<br><br>**(NOTE: Access to this document is restricted to the USA and this defendant.)** |

| | | |
|---|---|---|
| | | (ca) (Entered: 05/12/2023) |
| 05/16/2023 | 100 | MOTION to Withdraw Kurt Kerns as Attorney by Michael R. Capps. (Kerns, Kurt) (Entered: 05/16/2023) |
| 05/17/2023 | 101 | NOTICE OF APPEAL TO 10CCA as to defendant Michael R. Capps. (Kerns, Kurt) (Entered: 05/17/2023) |
| 05/26/2023 | | APPEAL FEE STATUS: filing fee Not Paid re: 101 Notice of Appeal on behalf of Defendant Michael R. Capps. (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (kas) (Entered: 05/26/2023) |
| 05/26/2023 | 102 | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA as to Michael R. Capps re 101 Notice of Appeal. (Attachments: # 1 Preliminary Packet)(kas) (Entered: 05/26/2023) |
| 05/26/2023 | 103 | MOTION for Determination of Eligibility for Appointment of Counsel Under CJA by Michael R. Capps. (Kerns, Kurt) (Entered: 05/26/2023) |
| 05/26/2023 | 104 | DESIGNATION OF RECORD ON APPEAL by Michael R. Capps re 101 Notice of Appeal. (Appeal No. 23–3095) (Kerns, Kurt) (Additional attachment(s) added on 6/12/2023: # 1 Corrected Designation of Record) (msb) (Entered: 05/26/2023) |
| 05/26/2023 | 105 | (VIEW RESTRICTED – PLEASE DISREGARD THIS ENTRY AND SEE DE 108 FOR CORRECT ENTRY.) –– TRANSCRIPT ORDER FORM: Transcript Requested Sentencing 5/11/23 re 101 Notice of Appeal filed by Michael R. Capps. (Kerns, Kurt) Modified text on 5/30/2023. (msb) (Entered: 05/26/2023) |
| 05/26/2023 | 106 | (VIEW RESTRICTED – PLEASE DISREGARD THIS ENTRY AND SEE DE 108 FOR CORRECT ENTRY.) –– TRANSCRIPT ORDER FORM: Transcript Requested Sentencing 5/11/23 re 101 Notice of Appeal filed by Michael R. Capps. (Kerns, Kurt) Modified text on 5/30/2023. (msb) (Entered: 05/26/2023) |
| 05/26/2023 | 107 | APPEAL DOCKETED in 10CCA on 5/26/2023 and assigned Appeal No. 23–3095 re 101 Notice of Appeal filed by Michael R. Capps. (kas) (Entered: 05/26/2023) |
| 05/30/2023 | 108 | TRANSCRIPT ORDER FORM: Transcript Requested Sentencing 5/11/23 re 101 Notice of Appeal filed by Michael R. Capps. (Kerns, Kurt) (Additional attachment(s) added on 5/30/2023: # 1 Transcript Order Form) (msb) (Entered: 05/30/2023) |
| 05/30/2023 | 109 | ORDER granting 103 Motion to Determine Eligibility for Appointment of Counsel Under CJA as to Michael R. Capps (1). The Court finds that the defendant is eligible for the appointment of counsel under CJA and is granted IFP status. Signed by Chief District Judge Eric F. Melgren on 5/30/2023. (kas) (Entered: 05/30/2023) |
| 05/30/2023 | 110 | CJA 23 FINANCIAL AFFIDAVIT by Michael R. Capps. (kas) (Entered: 05/30/2023) |
| 05/30/2023 | 111 | ORDER granting 100 Motion to Withdraw as to Michael R. Capps (1). Attorney Kurt Kerns is withdrawn from this case. Signed by Chief District Judge Eric F. Melgren on 5/30/2023. (kas) (Entered: 05/30/2023) |
| 05/31/2023 | 112 | ORDER of 10CCA appointing the Federal Public Defender for the Districts of Colorado and Wyoming to represent appellant Michael R. Capps re 101 Notice of Appeal. (Appeal No. 23–3095) (kas) (Entered: 05/31/2023) |
| 06/12/2023 | 113 | |

| | | |
|---|---|---|
| | | **DOCKET ANNOTATION:** Please find attached the corrected <u>104</u> Designation of Record on Appeal filed by Michael R. Capps. The corrected document has been attached to the original filing DE 104 and to this filing for noticing purposes only. (msb) (Entered: 06/12/2023) |
| 06/12/2023 | <u>114</u> | ENTRY OF APPEARANCE by attorney Jacob Rasch–Chabot appearing for Michael R. Capps. (Rasch–Chabot, Jacob) (Entered: 06/12/2023) |
| 06/12/2023 | <u>115</u> | MOTION for Release Pending Appeal by Michael R. Capps. (Rasch–Chabot, Jacob) (Entered: 06/12/2023) |
| 06/14/2023 | 116 | ORDER as to Michael R. Capps re <u>115</u> Motion for Release Pending Appeal filed by Michael R. Capps. At the direction of Judge Eric F. Melgren, the government's response to DE <u>115</u> is <u>due on or before 6/20/2023.</u> Signed by Chief District Judge Eric F. Melgren on 6/14/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 06/14/2023) |
| 06/20/2023 | 117 | ORDER as to Michael R. Capps re <u>115</u> Morion for Release >Pending Appeal filed by Michael R. Capps. At the direction of Judge Eric F. Melgren, the government's response is now due <u>on or before noon, 6/22/2023.</u> Signed by Chief District Judge Eric F. Melgren on 6/20/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 06/20/2023) |
| 06/21/2023 | <u>118</u> | RESPONSE TO MOTION by USA as to Michael R. Capps re <u>115</u> Motion for Release Pending Appeal. (Gordon, Molly) (Entered: 06/21/2023) |
| 06/22/2023 | <u>119</u> | REPLY TO RESPONSE TO MOTION by Michael R. Capps re <u>115</u> Motion for Release Pending Appeal. (Rasch–Chabot, Jacob) (Entered: 06/22/2023) |
| 06/22/2023 | <u>120</u> | TRANSCRIPT ORDER FORM: Transcript Requested Initial appearance on 9/22/21; Pretrial Conference held on 12/2/2022; Jury Instructions Conference held on 12/9/22; Jury Trial held on 12/12/22, 12/14/22, 12/15/22, 12/19/22,12/21/22; Sentencing Hearing held 5/11/23. re <u>101</u> Notice of Appeal filed by Michael R. Capps. (Rasch–Chabot, Jacob) (Entered: 06/22/2023) |
| 06/23/2023 | <u>121</u> | MEMORANDUM AND ORDER granting <u>115</u> Motion for Release from Custody Pending Appeal as to Michael R. Capps. Signed by Chief District Judge Eric F. Melgren on June 23, 2023. (mls) (Entered: 06/23/2023) |
| 07/06/2023 | <u>122</u> | TRANSCRIPT ORDER FORM by Court Reporter Johanna L. Wilkinson ordering trial transcripts held on 12/9/22, 12/12/22, 12/14/22, 12/15/22, 12/19/22, 12/21/22, Pretrial Conference held 12/2/22, 9/22/21 Initial Appearance, and 5/11/23 Sentencing Hearing re <u>101</u> Notice of Appeal filed by Michael R. Capps. (Appeal No. 23–3095) Transcripts due by 7/22/2023. (kas) (Entered: 07/06/2023) |
| 07/17/2023 | <u>123</u> | ENTRY OF APPEARANCE on behalf of USA by Kathryn E. Sheedy. (Sheedy, Kathryn) (Entered: 07/17/2023) |
| 07/17/2023 | <u>124</u> | APPLICATION FOR WRIT OF CONTINUING GARNISHMENT to Garnishee Northwestern Mutual by USA as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 07/17/2023) |
| 07/17/2023 | <u>125</u> | APPLICATION FOR WRIT OF CONTINUING GARNISHMENT to Garnishee Ohio National Life Assurance Corporation by USA as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 07/17/2023) |

| 07/17/2023 | 126 | WRIT OF CONTINUING GARNISHMENT ENTERED BY CLERK as to Michael R. Capps. Garnishee Ohio National Life Assurance Corporation; writ issued to US Attorney. (Attachments: # 1 Instructions to Debtor)(nao) (Entered: 07/17/2023) |
|---|---|---|
| 07/17/2023 | 127 | WRIT OF CONTINUING GARNISHMENT ENTERED BY CLERK as to Michael R. Capps. Garnishee Northwestern Mutual; writ issued to US Attorney. (Attachments: # 1 Instructions to Debtor) (nao) (Entered: 07/17/2023) |
| 07/20/2023 | 128 | CERTIFICATE OF FILING OF TRANSCRIPT by Court Reporter Johanna L. Wilkinson. (Wilkinson, Johanna) (Entered: 07/20/2023) |
| 07/20/2023 | 129 | TRANSCRIPT of Other Hearing held September 22, 2021 as to Michael R. Capps before Judge Gwynne E. Birzer, Court Reporter Jo Wilkinson, redwoof58@yahoo.com. Tape Number: 1:31–1:41. Transcript purchased by: Mr. Jacob Rasch–Chabot. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 10/18/2023. (Wilkinson, Johanna) (Entered: 07/20/2023) |
| 07/20/2023 | 130 | TRANSCRIPT of Motion Hearing held December 2, 2022 as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, redwoof58@yahoo.com. Transcript purchased by: Mr. Jacob Rasch–Chabot. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 10/18/2023. (Wilkinson, Johanna) (Entered: 07/20/2023) |
| 07/20/2023 | 131 | TRANSCRIPT of Other Hearing held December 9, 2022, as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, redwoof58@yahoo.com. Transcript purchased by: Mr. Jacob Rasch–Chabot. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic** |

| | | |
|---|---|---|
| | | **transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** |
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 10/18/2023. (Wilkinson, Johanna) (Entered: 07/20/2023) |
| 07/20/2023 | <u>132</u> | TRANSCRIPT of Jury Trial Volume I held December 12, 2022, as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, redwoof58@yahoo.com. Transcript purchased by: Mr. Jacob Rasch–Chabot. Volume: I. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 10/18/2023. (Wilkinson, Johanna) (Entered: 07/20/2023) |
| 07/20/2023 | <u>133</u> | TRANSCRIPT of Jury Trial Volume II held December 14, 2022, as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, redwoof58@yahoo.com. Transcript purchased by: Mr. Jacob Rasch–Chabot. Volume: II. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 10/18/2023. (Wilkinson, Johanna) (Entered: 07/20/2023) |
| 07/20/2023 | <u>134</u> | TRANSCRIPT of Jury Trial Volume III held December 15, 2022, as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, redwoof58@yahoo.com. Transcript purchased by: Mr. Jacob Rasch–Chabot. Volume: III. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact,** |

| | | |
|---|---|---|
| | | **of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 10/18/2023. (Wilkinson, Johanna) (Entered: 07/20/2023) |
| 07/20/2023 | <u>135</u> | TRANSCRIPT of Jury Trial Volume IV held December 19, 2022, as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, redwoof58@yahoo.com. Transcript purchased by: Mr. Jacob Rasch–Chabot. Volume: IV.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 10/18/2023. (Wilkinson, Johanna) (Entered: 07/20/2023) |
| 07/20/2023 | <u>136</u> | TRANSCRIPT of Jury Trial Volume V held December 21, 2022, as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, redwoof58@yahoo.com. Transcript purchased by: Mr. Jacob Rasch–Chabot. Volume: V.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 10/18/2023. (Wilkinson, Johanna) (Entered: 07/20/2023) |
| 07/20/2023 | <u>137</u> | TRANSCRIPT of Sentencing Hearing held May 11, 2023, as to Michael R. Capps before Judge Eric F. Melgren, Court Reporter Jo Wilkinson, redwoof58@yahoo.com. Transcript purchased by: Mr. Jacob Rasch–Chabot.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact,** |

| | | |
|---|---|---|
| | | **of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 10/18/2023. (Wilkinson, Johanna) (Entered: 07/20/2023) |
| 07/31/2023 | 138 | RECORD ON APPEAL transmitted to 10CCA electronically as to Michael R. Capps. Volumes 3 re 101 Notice of Appeal. (Appeal No. 23–3095) (kas) (Entered: 07/31/2023) |
| 08/03/2023 | 139 | ANSWER to 127 Writ of Continuing Garnishment by Northwestern Mutual. (ca) (Entered: 08/03/2023) |
| 08/04/2023 | 140 | CERTIFICATE OF SERVICE by USA as to Michael R. Capps re 126 Writ of Continuing Garnishment as to Ohio National Life Assurance Corporation. (Sheedy, Kathryn) (Entered: 08/04/2023) |
| 08/04/2023 | 141 | CERTIFICATE OF SERVICE by USA as to Michael R. Capps re 127 Writ of Continuing Garnishment as to Northwestern Mutual. (Sheedy, Kathryn) (Entered: 08/04/2023) |
| 08/10/2023 | 142 | ANSWER to 126 Writ of Continuing Garnishment by Ohio National Life Assurance Corporation. (mam) (Entered: 08/10/2023) |
| 08/30/2023 | 143 | RETURN OF SERVICE of Notice of Forfeiture served on the FBI as to Michael R. Capps. (Gurney, Annette) (Entered: 08/30/2023) |
| 08/30/2023 | 144 | RETURN OF SERVICE of Notice of Forfeiture served on the property as to Michael R. Capps. (Gurney, Annette) (Entered: 08/30/2023) |
| 08/30/2023 | 145 | RETURN OF SERVICE of Notice of Forfeiture served on Pershing, LLC as to Michael R. Capps. (Gurney, Annette) (Entered: 08/30/2023) |
| 08/30/2023 | 146 | RETURN OF SERVICE of Notice of Forfeiture served on Cybertron International, Inc. as to Michael R. Capps. (Gurney, Annette) (Entered: 08/30/2023) |
| 08/30/2023 | 147 | RETURN OF SERVICE of Notice of Forfeiture served on the U.S. Small Business Administration as to Michael R. Capps. (Gurney, Annette) (Entered: 08/30/2023) |
| 09/05/2023 | 148 | APPLICATION FOR WRIT OF CONTINUING GARNISHMENT to Garnishee Knopp Law Group, P.A. by USA as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 09/05/2023) |
| 09/05/2023 | 149 | WRIT OF CONTINUING GARNISHMENT ENTERED BY CLERK as to Michael R. Capps. Garnishee Knopp Law Group, P.A.; writ issued to US Attorney. (Attachments: # 1 Notice and Instructions). (mls) (Entered: 09/05/2023) |
| 09/06/2023 | 150 | CERTIFICATE OF SERVICE by USA as to Michael R. Capps re 149 Writ of Continuing Garnishment as to Knopp Law Group, P.A. (Sheedy, Kathryn) (Entered: 09/06/2023) |
| 09/06/2023 | 151 | |

| | | |
|---|---|---|
| | | MOTION for Garnishee Order as to Northwestern Mutual by USA as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 09/06/2023) |
| 09/06/2023 | 152 | MOTION for Garnishee Order as to Ohio National Life Assurance Corporation by USA as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 09/06/2023) |
| 09/07/2023 | 153 | GARNISHEE ORDER granting 151 Motion for Garnishee Order as to Michael R. Capps. Garnishee Northwestern Mutual shall immediately liquidate and pay over the property ($1,225.16) to the United States. Once Northwestern Mutual no longer has custody, possession, or control of any property in which Defendant Michael R. Capps has an interest or once Northwestern Mutual is no longer indebted to Defendant Michael R. Capps and will not become indebted to Defendant Michael R. Capps in the future, Northwestern Mutual is released and discharged as Garnishee in this action. Signed by Chief District Judge Eric F. Melgren on 9/7/2023. (mls) (Entered: 09/07/2023) |
| 09/07/2023 | 154 | GARNISHEE ORDER granting 152 Motion for Garnishee Order as to Michael R. Capps. Garnishee Ohio National Life Assurance Corporation shall immediately liquidate and pay over the property ($568.99) of Defendant Michael R. Capps to the United States. This order shall remain in effect until such time as Garnishee no longer has custody, possession, or control of any property in which Defendant Michael R. Capps has an interest or for which Ohio National Life Assurance Corporation is or may become indebted to Defendant. Once Garnishee Ohio National Life Assurance Corporation no longer has custody, possession, or control of any property in which Defendant Michael R. Capps has an interest or once Garnishee Ohio National Life Assurance Corporation is no longer indebted to Defendant Michael R. Capps and will not become indebted to Defendant Michael R. Capps in the future, Garnishee Ohio National Life Assurance Corporation is released and discharged as Garnishee in this action. Signed by Chief District Judge Eric F. Melgren on 9/7/2023. (mls) (Entered: 09/07/2023) |
| 09/12/2023 | 155 | APPLICATION FOR WRIT OF CONTINUING GARNISHMENT to Garnishee Coinbase, Inc. by USA as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 09/12/2023) |
| 09/12/2023 | 156 | WRIT OF CONTINUING GARNISHMENT ENTERED BY CLERK as to Michael R. Capps. Garnishee Coinbase, Inc.; writ issued to US Attorney. (Attachments: # 1 Instructions to Defendant) (jal) (Entered: 09/12/2023) |
| 09/19/2023 | 157 | CERTIFICATE OF SERVICE by USA as to Michael R. Capps re 156 Writ of Continuing Garnishment as to Coinbase, Inc. (Sheedy, Kathryn) (Entered: 09/19/2023) |
| 09/19/2023 | 158 | NOTICE of Garnishment and Instructions to Interested Parties by USA as to Michael R. Capps re 156 Writ of Continuing Garnishment to Coinbase, Inc. (Sheedy, Kathryn) (Entered: 09/19/2023) |
| 09/25/2023 | 159 | ANSWER to 156 Writ of Continuing Garnishment by Coinbase, Inc. (mam) (Entered: 09/25/2023) |
| 09/26/2023 | 160 | ANSWER to 149 Writ of Continuing Garnishment by Knopp Law Group, P.A. (mam) (Entered: 09/27/2023) |
| 12/08/2023 | 161 | PRO SE MOTION for Declaratory Judgment Regarding Exclusion of Social Security Disability Benefits from Garnishment and, in the Alternative, for Injunctive Relief by |

| | | |
|---|---|---|
| | | Michael R. Capps. (jal) (Entered: 12/08/2023) |
| 12/19/2023 | 162 | PARTIAL RELEASE OF JUDGMENT LIEN – Property Located in Sedgwick County, KS by USA as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 12/19/2023) |
| 12/21/2023 | 163 | MOTION Dismiss Defendant's 161 Pro Se Motion for Declaratory Judgment Regarding Exclusion of Social Security Disability Benefits from Garnishment and, in the Alternative, for Injunctive Relief by USA as to Michael R. Capps. (Attachments: # 1 Exhibit A – Notice of Intent to Offset)(Sheedy, Kathryn) (Entered: 12/21/2023) |
| 12/29/2023 | 164 | MOTION to Enforce Sentencing Order by Michael R. Capps. (mam) (Entered: 01/02/2024) |
| 01/01/2024 | 165 | AMENDED MOTION to Enforce Sentencing Order by Michael R. Capps. (mam) (Entered: 01/02/2024) |
| 01/02/2024 | 166 | NOTICE OF INTENT by Michael R. Capps to File a Reply to 163 Motion to Dismiss Defendant's 161 Motion for Declaratory Judgment. (mam) (Entered: 01/02/2024) |
| 01/03/2024 | 167 | RESPONSE TO MOTION by Michael R. Capps re 163 Motion to Dismiss 161 Defendant's Motion for Declaratory Judgment. (mam) (Entered: 01/03/2024) |
| 01/11/2024 | 168 | RESPONSE TO MOTION by USA as to Michael R. Capps re 165 Amended Motion to Enforce Sentencing Order. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gurney, Annette) (Entered: 01/11/2024) |
| 01/18/2024 | 169 | REPLY TO RESPONSE TO MOTION by Michael R. Capps re 164 / 165 Motions to Enforce Sentencing Order. (mam) (Entered: 01/18/2024) |
| 02/05/2024 | 170 | APPLICATION FOR WRIT OF CONTINUING GARNISHMENT to Garnishee Security 1st Title, LLC by USA as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 02/05/2024) |
| 02/05/2024 | 171 | WRIT OF CONTINUING GARNISHMENT ENTERED BY CLERK as to Michael R. Capps. Garnishee Security 1st Title, LLC; writ issued to US Attorney. (Attachments: # 1 Instructions to Debtor) (jk) (Entered: 02/05/2024) |
| 02/09/2024 | 172 | NOTICE of Garnishment and Instructions to Interested Parties, Garnishee Security 1st Title, LLC by USA as to Michael R. Capps re 171 Writ of Continuing Garnishment (Sheedy, Kathryn) (Entered: 02/09/2024) |
| 02/14/2024 | 173 | CERTIFICATE OF SERVICE by USA as to Michael R. Capps re 171 Writ of Continuing Garnishment as to Security 1st Title. (Sheedy, Kathryn) (Entered: 02/14/2024) |
| 02/27/2024 | 174 | LIMITED APPEARANCE of Claimant Charles Capps to Object to Garnishment (Doc. 171 ) AND to Provide Notice of Intepleader Action by Knopp Law Group, P.A. as to Michael R. Capps. (Knopp, Ted) Modified on 7/15/2024 to re–title. (mam) (Entered: 02/27/2024) |
| 02/28/2024 | 175 | EXEMPTION CLAIM AND HEARING REQUEST by Michael R. Capps. (kas) (Entered: 02/28/2024) |
| 02/29/2024 | 176 | ANSWER to 170 Application for Writ of Continuing Garnishment by Security 1st Title, LLC. (kas) (Entered: 02/29/2024) |

| | | |
|---|---|---|
| 02/29/2024 | 177 | ORDER as to Michael R. Capps re 175 Motion for Hearing filed by Michael R. Capps, 174 Objections filed by Knopp Law Group, P.A. At the direction of Judge Eric F. Melgren, on or before 3/19/2024 the government is instructed to file responses to both DE 174 and DE 175 . Signed by Chief District Judge Eric F. Melgren on 2/29/2024. Mailed to pro se party Michael Capps by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 02/29/2024) |
| 03/04/2024 | | DOCKET ANNOTATION: Defendant Michael R. Capps is a registered Pro Se Participant with E–Filing and ECF Notifications with approval from the court pursuant to D. Kan. rule CR 49.2 (lrr) (Entered: 03/04/2024) |
| 03/19/2024 | 178 | RESPONSE to 174 Limited Appearance of Claimant Charles Capps to Object to Garnishment and to Provide Notice of Intepleader Action by USA as to Michael R. Capps. (Attachments: # 1 Exhibit Government Exhibits A through S) (Sheedy, Kathryn) (Entered: 03/19/2024) |
| 03/19/2024 | 179 | OBJECTION to Exemption Claim and 175 Hearing Request by USA as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 03/19/2024) |
| 03/26/2024 | 180 | CERTIFICATE OF SERVICE by USA of First Set of Interrogatories to Defendant and First Request for Production of Documents and Electronically Stored Information as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 03/26/2024) |
| 04/03/2024 | 181 | MOTION for Extension of Time to File a Reply to the Response to the 179 Objection by Charles Capps as to Michael R. Capps. (Knopp, Ted) (Entered: 04/03/2024) |
| 04/03/2024 | 182 | ORDER granting 181 Motion for Extension of Time to File Reply as to Michael R. Capps (1). Reply deadline 4/17/2024. Signed by Chief District Judge Eric F. Melgren on 4/3/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 04/03/2024) |
| 04/08/2024 | 183 | MOTION for order for Stay of Restitution Pending Appeal by Michael R. Capps. (Attachments: # 1 Attachment A, # 2 Attachment B, # 3 Attachment C)(Rasch–Chabot, Jacob) (Entered: 04/08/2024) |
| 04/17/2024 | 184 | MOTION for Stay of Briefing by Charles Capps as to Michael R. Capps. (Knopp, Ted) (Entered: 04/17/2024) |
| 04/22/2024 | 185 | RESPONSE by USA as to Michael R. Capps re 183 Motion for Stay of Restitution Pending Appeal. (Attachments: # 1 Exhibit A – 2018–CV–001307 – Journal Entry Approving Settlement, # 2 Exhibit B – Warranty Deed – 10202 E Bronco, # 3 Exhibit C – 2018–PR–000662 – Accounting of Administrator, # 4 Exhibit D – 2018–PR–000662 – Journal Entry of Final Settlement) (Sheedy, Kathryn) (Entered: 04/22/2024) |
| 04/22/2024 | 186 | MOTION to Quash Requests for Production and Interrogatories and for Sanctions Against Plaintiff by Michael R. Capps. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Capps, Michael) (Entered: 04/22/2024) |
| 04/29/2024 | 187 | REPLY TO RESPONSE TO MOTION by Michael R. Capps re 183 Motion for Stay of Restitution Pending Appeal. (Rasch–Chabot, Jacob) (Entered: 04/29/2024) |
| 05/01/2024 | 188 | RESPONSE TO MOTION by USA as to Michael R. Capps re 184 Motion for Stay of Briefing. (Sheedy, Kathryn) (Entered: 05/01/2024) |

| | | |
|---|---|---|
| 05/01/2024 | 189 | RESPONSE TO MOTION by USA as to Michael R. Capps re 186 Motion to Quash Requests for Production and Interrogatories and for Sanctions Against Plaintiff. (Sheedy, Kathryn) (Entered: 05/01/2024) |
| 05/06/2024 | 190 | REPLY TO RESPONSE TO MOTION by Michael R. Capps re 186 Motion to Quash Requests for Production and Interrogatories and for Sanctions Against Plaintiff. (Capps, Michael) (Entered: 05/06/2024) |
| 06/12/2024 | 191 | MEMORANDUM AND ORDER denying 183 Motion for Order for Stay of Restitution Pending Appeal as to Michael R. Capps (1). Any funds that are garnished are to be deposited into the Court's registry. These funds will not be disbursed by the Clerk of the Court until further order by the Court. Signed by Chief District Judge Eric F. Melgren on 6/11/2024. (ca) (Entered: 06/12/2024) |
| 06/13/2024 | 192 | MEMORANDUM AND ORDER – Denying 161 Defendant's Motion for Declaratory Judgment. Granting 163 Government's Motion to Dismiss Defendant's Motion for Declaratory Judgment. Denying 164 Defendant's Motion to Enforce Sentencing Order. Denying 165 Defendant's Amended Motion to Enforce Sentencing Order. Denying 175 Defendant's Exemption Claim and Hearing Request. Denying as moot 184 Claimant Charles Capps' Motion for Extension of time. Denying 186 Defendant's Motion to Quash or Motion for Sanctions. Signed by Chief District Judge Eric F. Melgren on 6/13/2024. (ca) (Entered: 06/13/2024) |
| 06/17/2024 | 193 | NOTICE OF APPEAL TO 10CCA by Michael R. Capps re 192 Memorandum and Order. (ca) (Entered: 06/17/2024) |
| 06/17/2024 | | APPEAL FEE STATUS: filing fee not paid re: 193 Notice of Appeal on behalf of Defendant Michael R. Capps. CJA 23 filed on 5/30/2023. (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (ca) (Entered: 06/17/2024) |
| 06/17/2024 | 194 | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA as to Michael R. Capps re 193 Notice of Appeal. (Attachments: # 1 Preliminary Packet)(ca) (Entered: 06/17/2024) |
| 06/18/2024 | 195 | APPEAL DOCKETED in 10CCA on 6/17/2024 and assigned Appeal No. 24–3083 re 193 Notice of Appeal. (ca) (Entered: 06/18/2024) |
| 06/18/2024 | 196 | ENTRY OF APPEARANCE on behalf of USA by Carrie Nicole Capwell. (Capwell, Carrie) (Entered: 06/18/2024) |
| 06/24/2024 | 197 | OBJECTION to 171 Garnishment by United States of America to Security 1st Title, LLC by Charles Capps as to Michael R. Capps. (Attachments: # 1 Exhibit)(Knopp, Ted) (Entered: 06/24/2024) |
| 06/27/2024 | 198 | RECORD ON APPEAL retrieved by 10CCA as to Michael R. Capps, re 193 Notice of Appeal. (Appeal No. 24–3083). (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ca) (Entered: 06/27/2024) |
| 07/01/2024 | 199 | MOTION / REQUEST for Hearing on Objection of Charles Capps to Garnishment of Escrow Funds by Charles Capps as to Michael R. Capps. (Knopp, Ted) (Entered: 07/01/2024) |
| 07/08/2024 | 200 | RESPONSE AND PROCEDURAL OBJECTION re 197 Claimant's Objection to 171 Garnishment to Security 1st Title, LLC by USA as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 07/08/2024) |

| 07/08/2024 | 201 | MOTION to Stay Enforcement of Memorandum and Order Pending Appeal by Michael R. Capps. (Capps, Michael) (Entered: 07/08/2024) |
|---|---|---|
| 07/09/2024 | 202 | RESPONSE IN OPPOSITION by USA as to Michael R. Capps re 199 Request for Hearing. (Sheedy, Kathryn) (Entered: 07/09/2024) |
| 07/22/2024 | 203 | ORDER granting 199 Motion for Hearing as to Michael R. Capps (1). Motion Hearing set for 9/12/2024 at 09:30 AM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. Signed by Chief District Judge Eric F. Melgren on 7/22/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 07/22/2024) |
| 07/22/2024 | 204 | NOTICE of Motion Hearing as to Michael R. Capps re 203 Order on Motion for Hearing. As noted on the docket, the motion hearing has been scheduled for 9/12/2024 at 9:30 a.m. The parties need to come prepared to fully argue their positions. (cm) (Entered: 07/22/2024) |
| 07/22/2024 | 205 | NOTICE of Non–Opposition to Stay by USA as to Michael R. Capps re 201 Motion to Stay Enforcement of Memorandum and Order Pending Appeal. (Sheedy, Kathryn) (Entered: 07/22/2024) |
| 07/23/2024 | 206 | ORDER granting 201 Motion to Stay Enforcement of Memorandum and Order Pending Appeal as to Michael R. Capps. Signed by Chief District Judge Eric F. Melgren on 7/23/2024. (jal) (Entered: 07/23/2024) |
| 07/26/2024 | 207 | MOTION for Order Restraining Property and Rights to Property Available for Payment of Restitution by USA as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 07/26/2024) |
| 08/21/2024 | 208 | NOTICE OF HEARING ON MOTION as to Michael R. Capps. THIS IS AN OFFICIAL NOTICE FOR THIS HEARING 207 Motion for Order Restraining Property and Rights to Property Available for Payment of Restitution : (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Motion Hearing set for 9/12/2024 at 09:30 AM in Wichita Courtroom 408 (EFM) before Chief District Judge Eric F. Melgren. This hearing will be in conjunction with the currently scheduled motion hearing as set out in DE 204.(cm) (Entered: 08/21/2024) |
| 09/11/2024 | 209 | (STRICKEN per 210) –– RESPONSE TO MOTION by Michael R. Capps re 207 Motion for Order Restraining Property and Rights to Property Available for Payment of Restitution. (Capps, Michael) Modified on 9/12/2024, see 210. (mam) (Entered: 09/11/2024) |
| 09/12/2024 | 210 | MINUTE ENTRY for proceedings held before Chief District Judge Eric F. Melgren: MOTION HEARING as to Michael R. Capps held on 9/12/2024. The Court strikes Michael Capps's response (Doc. 209) to the Government's Motion for Restraining Order because it is untimely. The Court directs the Government and Charles Capps to file supplemental briefing as to the limited issues discussed during the hearing by September 20, 2024. (Court Reporter Annie States) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (sn) (Entered: 09/12/2024) |
| 09/17/2024 | 211 | AMENDED MOTION for Order Restraining Property and Rights to Property Available for Payment of Restitution by USA as to Michael R. Capps. (Sheedy, Kathryn) (Entered: 09/17/2024) |
| 09/20/2024 | 212 | SUPPLEMENTAL MEMORANDUM by Charles Capps as to Michael R. Capps per 210. (Knopp, Ted) (Entered: 09/20/2024) |

| 09/20/2024 | 213 | SUPPLEMENTAL BRIEFING by USA as to Michael R. Capps per 210. (Sheedy, Kathryn) (Entered: 09/20/2024) |
|---|---|---|
| 09/30/2024 | 214 | RESPONSE TO MOTION by Michael R. Capps re 211 Amended Motion for Order Restraining Property and Rights to Property Available for Payment of Restitution. (Capps, Michael) (Entered: 09/30/2024) |
| 09/30/2024 | 215 | JOINT MOTION for Distribution of Funds by Charles Capps as to Michael R. Capps. (Knopp, Ted) Modified on 9/30/2024 to add Duaglo, LLC as a filer. (mam) (Entered: 09/30/2024) |
| 09/30/2024 | 216 | ENTRY OF APPEARANCE by attorney Ted E. Knopp on behalf of Duaglo, LLC. (Knopp, Ted) (Entered: 09/30/2024) |
| 09/30/2024 | 217 | JOINT MOTION to Allow Intervention by Duaglo, LLC, Charles Capps as to Michael R. Capps. (Knopp, Ted) (Entered: 09/30/2024) |
| 10/07/2024 | 218 | REPLY to 214 Response to 211 Motion – *Government's Amended Motion for Order Restraining Property and Rights to Property Available for Payment of Restitution* by USA as to Michael R. Capps (Sheedy, Kathryn) Modified on 10/8/2024 to link to underlying motion. (jal) (Entered: 10/07/2024) |
| 10/09/2024 | 219 | MOTION for Joinder *Joint Motion for Distribution of Funds* by Michael R. Capps. (Capps, Michael) (Entered: 10/09/2024) |
| 10/15/2024 | 220 | RESPONSE IN OPPOSITION by USA as to Michael R. Capps re 217 Joint Motion to Allow Interventio (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Sheedy, Kathryn) (Entered: 10/15/2024) |
| 10/15/2024 | 221 | RESPONSE IN OPPOSITION by USA as to Michael R. Capps re 219 MOTION for Joinder *Joint Motion for Distribution of Funds*, 215 Joint Motion for Distribution of Funds (Attachments: # 1 Exhibit A)(Sheedy, Kathryn) (Entered: 10/15/2024) |
| 10/17/2024 | 222 | MOTION for order of Judicial Recommendation for Designation to FPC Seagoville by Michael R. Capps. (Rasch–Chabot, Jacob) (Entered: 10/17/2024) |
| 10/21/2024 | 223 | ORDER granting 222 Motion for Order as to Michael R. Capps (1). Signed by Chief District Judge Eric F. Melgren on 10/21/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 10/21/2024) |
| 10/24/2024 | 224 | MANDATE from 10CCA affirming decision of the District Court as to defendant Michael R. Capps (Appeal No. 23–3095) (Attachments: # 1 Judgment, # 2 10CCA Mandate Letter)(msb) (Entered: 10/24/2024) |
| 10/27/2024 | 225 | MOTION to Vacate by Michael R. Capps. (Capps, Michael) (Entered: 10/27/2024) |
| 10/28/2024 | 226 | ORDER granting 225 Motion to Vacate Doc 121 as to Michael R. Capps (1). Signed by Chief District Judge Eric F. Melgren on 10/28/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 10/28/2024) |
| 10/29/2024 | 227 | REPLY TO RESPONSE TO MOTION by Duaglo, LLC, Charles Capps, Knopp Law Group, P.A. as to Michael R. Capps re 219 MOTION for Joinder *Joint Motion for Distribution of Funds Joint Reply of Charles Capps and Duaglo, LLC to United States Response in Opposition to Motion for Distribution of Funds* (Knopp, Ted) (Entered: 10/29/2024) |

| 10/29/2024 | 228 | REPLY TO RESPONSE TO MOTION by Duaglo, LLC, Charles Capps, Knopp Law Group, P.A. as to Michael R. Capps re 217 Joint Motion to Allow Interventio *Joint Reply of Charles Capps and Duaglo, LLC to the Response in Opposition to Intervention of Duaglo, LLC by the United States* (Knopp, Ted) (Entered: 10/29/2024) |
| --- | --- | --- |
| 11/05/2024 | 229 | MEMORANDUM AND ORDER denying as moot 207 MOTION for Order Restraining Property and Rights to Property Available for Payment of Restitution; denying 211 AMENDED MOTION for Order Restraining Property and Rights to Property; denying 215 JOINT MOTION for Distribution of Funds; denying 217 JOINT MOTION to Allow Intervention; and granting 219 Motion for Joinder as to Michael R. Capps (1). Claimant Charles Capps's Objection to Garnishment (Doc. 174) is overruled. Signed by Chief District Judge Eric F. Melgren on 11/5/2024. (kas) (Entered: 11/05/2024) |
| 11/13/2024 | 230 | MOTION for Garnishee Order ,*Garnishee Security 1st Title* by USA as to Michael R. Capps. (Attachments: # 1 Exhibit A – Appellant's Opening Brief filed on October 26, 2024)(Sheedy, Kathryn) (Entered: 11/13/2024) |
| 11/18/2024 | 231 | Unopposed MOTION for order for Extension of Time to Voluntarily Surrender by Michael R. Capps. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rasch–Chabot, Jacob) (Entered: 11/18/2024) |
| 11/19/2024 | 232 | ORDER granting 231 Motion for Order or Extension of Time to Voluntarily Surrender as to defendant Michael R. Capps (1). The Court therefore grants Capps' Motion and extends his self–surrender date to December 31, 2024, or later as determined by the BOP. Signed by Chief District Judge Eric F. Melgren on 11/19/2024. (msb) (Entered: 11/19/2024) |
| 12/03/2024 | 233 | MOTION for Reconsideration (Alter or Amend) re 229 Memorandum and Order by Charles Capps as to Michael R. Capps. (Knopp, Ted) Modified text on 12/4/2024 (mls). (Entered: 12/03/2024) |
| 12/10/2024 | 234 | NOTICE OF DISPOSITION OF PASSPORT as to Michael R. Capps. Passport # 640927769, issued by the USA. Passport mailed to the U.S. Department of State, tracking # 7022 0410 0003 3816 3655. (mam) (Entered: 12/10/2024) |
| 12/17/2024 | 235 | RESPONSE IN OPPOSITION by USA as to Michael R. Capps re 233 Motion to Alter or Amend (for Reconsideration) re 229 Memorandum and Order (Sheedy, Kathryn) Modified text (mls). (Entered: 12/17/2024) |
| 12/23/2024 | 236 | TRANSCRIPT ORDER FORM: Transcript Requested Minute Entry 9/12/2024 re 193 Notice of Appeal filed by Michael R. Capps. (kmc) (Entered: 12/26/2024) |
| 12/26/2024 | 237 | REPLY TO RESPONSE TO MOTION by Charles Capps as to Michael R. Capps: Re 233 MOTION for Reconsideration 229 Order on Motions (Knopp, Ted) (Entered: 12/26/2024) |
| 12/27/2024 | 238 | CERTIFIED MAIL RECEIPT returned re 234 Notice of Disposition of Passport addressed to U.S. Department of State. (kas) (Entered: 12/27/2024) |
| 12/31/2024 | 239 | NOTICE OF APPEAL TO 10CCA by Michael R. Capps re 229 Memorandum and Order. (kmc) (Entered: 12/31/2024) |
| 12/31/2024 | | APPEAL FEE STATUS: filing fee not paid re: 239 Notice of Appeal on behalf of Defendants Michael R. Capps. CJA 23 filed on 5/30/2023. (THIS IS A TEXT ONLY |

| | | ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (kmc) (Entered: 12/31/2024) |
|---|---|---|

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| vs. | Case No. 21-10073-EFM |
| MICHAEL R. CAPPS, | |
| *Defendant.* | |

**MEMORANDUM AND ORDER**

This matter primarily comes before the Court on Claimant Charles Capps's Objection (Doc. 174)[1] to the Government's Writ of Continuing Garnishment as to funds, in the amount of $74,573.37, held by Security 1st Title, LLC. The funds at Security 1st are the proceeds from a sale of a residence that Defendant Michael Capps used to own. Claimant is the son of Defendant, and he asserts that the Government does not have a right to the funds held by Security 1st and that he is entitled to $50,000 of those funds due to a mechanic's lien. The Government contends that it is entitled to the Security 1st funds, and Claimant's mechanic's lien is invalid.

---

[1] Claimant entitled this document "Limited Appearance of Claimant Charles Capps to Object to Garnishment and to Provide Notice of Interpleader Action."

The Government also filed a Motion for Order Restraining Property and Rights to Property Available for Payment of Restitution (Doc. 207)[2] and an Amended Motion for Order Restraining Property and Rights to Property Available for Payment of Restitution (Doc. 211). The Government seeks to restrain Defendant, or any person or entity acting on his behalf, from taking any action that would diminish the value of Defendant's real or personal property.

The Court held a hearing on Claimant's Objection and the Government's first Motion for Restraining Order on September 12, 2024. Several weeks after the hearing, Claimant's attorney entered his appearance for Duaglo, LLC. Duaglo was involved in the redemption and sale of Defendant's residence because Duaglo advanced the redemption funds to Defendant. Claimant and Duaglo filed joint motions requesting that the Court allow intervention by Duaglo into the case (Doc. 217) and for distribution of the Security 1st funds to Claimant, Claimant's attorney, and Duaglo (Doc. 215). In addition, Defendant filed a Motion to Join in support of Claimant's and Duaglo's motions (Doc. 219). The Government opposes these motions.

For the reasons stated in more detail below, the Court overrules Claimant's Objection. In addition, the Court denies as moot the Government's first Motion for Restraining Order and denies the Government's Amended Motion for Restraining Order. Finally, the Court grants Defendant's Motion for Joinder, but the Court denies Claimant's and Duaglo's Joint Motions for Intervention and Distribution of Funds.

---

[2] Defendant Capps filed an untimely response to this motion, and the Court struck it.

# I. Factual and Procedural Background

## A. Defendant Michael Capps's Underlying Criminal Case

On September 8, 2021, Defendant Michael Capps was indicted on 19 counts related to a fraudulent COVID-19 relief scheme.  Defendant proceeded to trial.  On December 21, 2022, he was found guilty on 12 counts, including one count of bank fraud, three counts of false statements to a bank and the Small Business Administration, four counts of wire fraud, and four counts of money laundering.

On May 11, 2023, the Court sentenced Defendant to 27 months' imprisonment, to be followed by two years of supervised release.  Defendant was ordered to pay $318,647.21 in restitution, and the Court entered a forfeiture judgment in the amount of $178,193.17.  Defendant appealed his conviction to the Tenth Circuit on May 17, 2023.  The Court allowed Defendant's release during his appeal.

On August 13, 2024, the Tenth Circuit issued its order on Defendant's underlying appeal finding that it was not plain error or an abuse of discretion to instruct the jury at the beginning of Defendant's case.  Thus, the Tenth Circuit affirmed this Court's judgment and issued the mandate on October 24, 2024.

## B. Garnishment Proceedings as to Defendant Capps

During the pendency of Defendant's appeal, the Government initiated garnishment proceedings as to Defendant's property to recover the amount of restitution Defendant owes.

Defendant filed numerous motions and objections to the garnishment proceedings. The Court denied Defendant's motions in an Order dated June 13, 2024.[3]

Defendant appealed this Court's June 13 Order to the Tenth Circuit, and the Government filed a Motion to Dismiss Defendant's appeal. These matters remain pending in the Tenth Circuit with the same panel of judges. On July 23, 2024, this Court granted Defendant's Motion to Stay Enforcement of the June 13 Order until the Tenth Circuit issues a decision on that appeal and/or a decision on the Government's Motion to Dismiss the Appeal.

**C.     Defendant's Governeour Street Residence and Claimant's Objection**

On February 8, 2020, Defendant and Claimant entered into an agreement ("Remodeling Contract") for Claimant to renovate an unoccupied, residential property on Governeour Street ("Residence" or "Property"). The Remodeling Contract provided that Defendant would pay Claimant $50,000 upon the sale of the Residence. In addition, Defendant agreed to pay Claimant 50% of any net proceeds in excess of $100,000.

On May 11, 2022, Lakeview Loan Servicing, LLC ("Lakeview"), filed a Petition to Foreclose Mortgage in the District Court of Sedgwick County, Kansas against Defendant, relating to the Governeour Street Residence. Defendant informed Claimant of the foreclosure petition, and Claimant shortly thereafter stopped work on the Property because he was concerned that he would not be compensated.

---

[3] Doc. 192. The Court will not set forth its rulings here.

-4-

On February 17, 2023, a Judgment of Foreclosure was granted to Lakeview which directed the Residence to be sold if the judgment was not satisfied within 14 days. In the Foreclosure Judgment, Lakeview was granted a judgment of $119,481.75.[4]

On June 28, 2023, the Sheriff of Sedgwick County sold the Residence by credit bid, to Lakeview for $152,708.59. An order confirming the sale was entered on July 24, 2023. This order also showed Defendant's redemption period expiring on September 28, 2023—three months after the date of sale.

Claimant avers that after the June 28 sale, he and Defendant evaluated the Property in its unfinished condition and the value of the Property if remodeling were complete. They determined that there was equity remaining in the Property if the remodeling was finished. Starting on or after June 28, 2023, Claimant began working on the Residence to make it marketable. Some of the tasks Claimant completed included installing carpet, building a new deck, installing countertops, remodeling bathrooms, and painting interior surfaces.

On August 18, 2023, the Government filed its Notice of Lien for Fine and/or Restitution with the Register of Deeds of Sedgwick County. Defendant resided at the Governeour Street Residence, so the Government filed two different types of liens—one to encumber all of Defendant's personal property, and the other one to encumber Defendant's real estate.

Defendant had no money to redeem the Property, so he entered into an agreement with Duaglo to redeem the Property. On August 28, 2023, Defendant transferred his interest in the Governeour Street Residence, including his equitable and statutory right to redeem the Property

_____

[4] Cybertron International, Inc. was granted a second lien against the Property, and Claimant (as a John Doe) was found to have no interest in the Property. *See* Doc. 197-1 at 3, ¶ 5.

and the right to any surplus upon Sheriff's sale, to Duaglo. In a separate agreement, Defendant reserved the right to occupy the Property and the right to repurchase from Duaglo for $167,708.59. No funds were exchanged between Duaglo and Defendant.

On August 28, 2023, Duaglo redeemed the Governeour Street Residence by paying the redemption price of $155,027.04 to the Court Clerk for the District Court of Sedgwick County. On September 28, 2023, Duaglo entered a contract with Gary Bohannon to sell the Residence for $253,500, with a closing date of November 28, 2023, but the closing date was delayed.

Claimant completed the remodeling work on November 27, 2023, and on November 28, 2023, he filed a Statement of Lien for Labor, Equipment, Material and Supplies ("mechanic's lien") with the District Court of Sedgwick County. He attached the Remodeling Contract between him and Defendant to the filing. Claimant asserts that this Remodeling Contract was reaffirmed between the parties after the Sheriff's sale on June 28, 2023.

On December 13, 2023, Duaglo and Defendant executed an Extension and Amendment of Contract for Purchase of Property and Redemption Rights ("Amendment"). This Amendment reduced the price for Defendant to repurchase the Property from Duaglo from $167,708.59 (the original agreement price) to $155,027.04 (the amount Duaglo paid to redeem the Property).[5] The Amendment states that the Government agreed that (a) Duaglo may be paid out of the closing amount on the condition that the price be $155,027.04, and that (b) the Government would "file a Partial Release of Judgment Lien that releases the Property from the lien in exchange for the deposit of all funds 'due to Seller' at Closing into an escrow with Security 1st to be held pending

---

[5] The Amendment reduced the profit due to Duaglo of $12,681.58 to zero. The Court notes that Duaglo and Claimant state that the amount would have been $12,881.58, but the amount actually equals $12,681.58.

-6-

agreement of the parties or entry of an order of a court with jurisdiction (the 'Escrowed Proceeds') directing payment by Security 1st."[6]

On December 14, 2023, Duaglo conveyed the Property to Defendant by Statutory Warranty Deed, and then Defendant conveyed the Property to the Bohannons by Statutory Warranty Deed. The net sale proceeds remaining after payment to Duaglo of $155,027.04 and all other costs of sale are $74,550.37. Security 1st is holding $74,573.37 in escrow.[7]

The Government, Defendant, and Claimant were unable to reach an agreement as to the disposition of the net sale proceeds from the sale of the Governeour Street Residence.

On February 5, 2024, the Government filed an Application for Writ of Continuing Garnishment as to Property held by Security 1st, and the Court issued the Writ that same day. In addition, the Government filed a Notice of Garnishment to Interested Party Charles Capps.

On February 27, 2024, Claimant, represented by counsel, filed an Objection to the Writ of Continuing Garnishment as to the funds held by Security 1st.[8] In this Objection, Claimant objected to the garnishment of any funds on deposit with Security 1st and notified the Court of a civil

---

[6] Doc. 197-1, pp. 9–11. The Government concedes that it required this Amendment; otherwise, the Government would not release the lien on the Property.

[7] The Government asserts that it is unclear as to why the amounts differ slightly.

[8] Doc. 174. On February 29, 2024, Security 1st filed an Answer to the Writ of Garnishment, stating that it has custody or possession of a cash deposit of $74,573.37. It lists Defendant's interest as a stakeholder/escrow agent. It also references the interpleader action in Sedgwick County District Court and states that "Defendant has competing claims to the funds." Security 1st requests an order to pay the funds into the Court. (Doc. 176).
Defendant Capps also filed an Exemption Claim and Hearing Request related to the Security 1st funds. In this document, Defendant stated that the Property was subject to an interpleader adjudication in Sedgwick County District Court and requested a hearing (Doc. 175). The Government objected. The Court ruled on Defendant's exemption claim and hearing request in its June 13, 2024 Order. The Court found Defendant did not meet his burden of showing that he was entitled to relief because his request was conclusory. In addition, the Court determined that none of the exemptions set forth in 26 U.S.C. § 6334(a)(1)–(8), (10), and (12) were applicable to Defendant because those exemptions did not cover the sale of a personal residence. Furthermore, the Court denied Defendant's request for a hearing. That order is currently on appeal to the Tenth Circuit.

Interpleader Action that he filed that day in Sedgwick County District Court, entitled *Charles (Chaz) Capps v. Michael Capps, the United States of America, & Security 1st Title LLC* ("Interpleader Action").[9]  Claimant's Objection was only two pages, but he attached the Interpleader Action.  In the Interpleader Action, Claimant stated that he had a mechanic's lien in the amount of $50,000 in the escrowed funds and that his lien takes priority over other interests.  Claimant requested that the Sedgwick County District Court determine the ownership and priorities of the parties to the Security 1st escrowed funds that are subject to the Writ of Garnishment.[10]

The Government filed a Response to the Objection arguing that Claimant does not have a valid mechanic's lien because he failed to comply with the statutory requirements of K.S.A. § 60-1102, or in the alternative, Claimant's mechanic's lien is unenforceable pursuant to K.S.A. § 60-2414(k).  Subsequently, the Court directed Claimant to file a reply to the Government's response.  Claimant filed another "Objection to Garnishment" setting forth facts and the basis for his objection to the garnishment of the Security 1st Title funds.[11]  In his Reply or (Second) Objection, Claimant argues that the Government does not have any right to the Security 1st Title funds for multiple reasons.

Claimant also filed a Motion or Request for Hearing on his Objection.  The Government responded by asserting that Claimant did not have a right to a hearing.  In addition, the Government

---

[9] Case No. SG-2024-CV-000357.

[10] The Government subsequently removed the case to this Court on March 8, 2024.  Case No. 24-1042-EFM-TJJ.  There is a pending unopposed Motion to Dismiss in that case.

[11] Doc. 197.

procedurally objected to Claimant's (Second) Objection, stating that it was improper, and requested that the Court strike it.[12] The Government and Claimant continue to disagree as to whether Claimant is entitled to $50,000 of the funds being held in escrow by Security 1st.

The Court granted Claimant's request for a hearing and held it on September 12, 2024.[13] At the hearing, the Court requested supplemental briefing on two limited issues. Specifically, the Court requested that the Government provide authority for its position that Duaglo's redemption rights—purchased from Defendant—were encumbered by the restitution lien against Defendant and thus the restitution lien also attached to the Property's sale proceeds. In addition, the Court requested that Claimant provide authority for his position that his Interpleader Action cured the technical failure of his mechanic's lien.

After the supplemental briefing concluded, and several weeks after the hearing, Claimant's attorney entered his appearance for Duaglo. Claimant and Duaglo filed joint motions requesting Duaglo's intervention into the case and requesting distribution of the entirety of the Security 1st funds to Claimant, Duaglo, and their attorney. Specifically, they seek the distribution of $50,000 to Claimant, $5,000 to Claimant's attorney for attorney fees to date, and the remainder (amounting to approximately $19,573) to Duaglo. In addition, Defendant filed a Motion to Join the joint motions.

---

[12] Doc. 200. The Court acknowledges the procedural irregularities in this case, but it will not strike the (Second) Objection but will instead consider it as Claimant's Reply and consider it on the merits. The Court also notes that Claimant (and now Duaglo) continue to raise additional issues/arguments after Claimant's initial Objection was filed. Generally, if a party fails to raise an argument in its initial brief, the argument is waived. Although the Court addresses some of the issues Claimant raises in his supplemental briefing, it will not address all the additional issues raised in the (Second) Objection, Reply briefs, and supplemental memorandum.

[13] The Court also heard argument on the Government's Motion to Restrain Property and Rights to Property.

## II.    Analysis

### A.    Claimant's Objection

Claimant contends that the Government does not have any rights to the Security 1st escrowed funds in the amount of $74,573.37, and the Government argues that it is entitled to all the Security 1st funds.  Claimant makes several arguments that the Government failed to properly obtain rights to the Property.  First, Claimant contends that the Government should have redeemed the Property, but the Government failed to do so.  Next, Claimant argues that Defendant's right to repurchase the Property expired on November 28, 2023—the scheduled closing date.  Thus, he argues that because Defendant did not repurchase the Property before that date, Defendant did not have any rights to the Property and so neither did the Government.  Finally, Claimant asserts that he has a valid mechanic's lien and that he is entitled to $50,000 of those funds.[14]

The Government argues that its restitution lien attached to Defendant's right of redemption.  So when Duaglo purchased Defendant's redemption rights, Duaglo purchased the restitution rights encumbered with the lien.  The Government also asserts that the restitution lien did not merely attach to the redemption rights but also ran with the Property.  Finally, the Government contends that Claimant does not have a valid mechanic's lien because it fails to comply with the statutory requirements of K.S.A. § 60-1102.[15]  The Court agrees with the Government.

---

[14] In Claimant's (Second) Objection, he also requested that the Court restore to Duaglo the agreed-upon profit between Defendant and Duaglo in the amount of $12,881.58.  This issue was technically raised as a new issue in the "reply" brief, and Claimant would not have standing to assert Duaglo's rights.  After the briefing and hearing on Claimant's Objection, Duaglo and Claimant requested that Duaglo be allowed to intervene in the case and requested distribution of funds to Duaglo (in the amount of approximately $19,500).  The Court will address these contentions below.

[15] The Government also argues, in the alternative, that Claimant's mechanic's lien is unenforceable pursuant to K.S.A. § 60-2414(k).  The Court finds it unnecessary to address this argument.

*1.  The Government's Right to the Security 1st Funds*

Pursuant to 18 U.S.C. § 3613(c), an order of restitution operates as "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986."[16] "[W]hether a state-law right constitutes 'property' or 'rights to property' is a matter of federal law."[17] There is a two-part test that the Court must consider when the Government seeks to enforce its tax lien against identified property.[18] First, the Court looks "to state law to determine what rights the taxpayer has in the property the Government seeks to reach."[19] Next, the Court considers "federal law to determine whether the taxpayer's state-delineated rights qualify as 'property' or 'rights to property' within the compass of the federal tax lien legislation."[20]

In this case, Security 1st is holding escrowed funds related to the sale of the Governeour Street Residence. Defendant was the owner of it when it was foreclosed upon by Lakeview in 2022. On May 11, 2023, the Court entered a Judgment against Defendant with restitution ordered in the amount of $318,647.21. This order of restitution operated as a lien on all Defendant's property and rights to property.[21]

---

[16] 18 U.S.C. § 3613(c).

[17] *Drye v. United States*, 528 U.S. 49, 58 (1999) (quoting *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 727 (1985)).

[18] *United States v. Wilhite*, 774 F. App'x 478, 484 (10th Cir. 2019) (citing *In re Krause*, 637 F.3d 1160, 1163 (10th Cir. 2011) (quoting *Drye*, 528 U.S. at 58)).

[19] *Drye*, 528 U.S. at 58.

[20] *Id.*

[21] 18 U.S.C. § 3613(c) (stating that an order of restitution operates as "a lien in favor of the United States on all property and rights to property of the person," and "[t]he lien arises on the entry of judgment.").

-11-

Defendant, as the owner of the Governeour Street Residence, had the statutory right to redeem the Property pursuant to K.S.A. § 60-2414.  On June 28, 2023, the Property was sold by Sheriff's sale, and Defendant was given a three-month redemption period until September 28, 2023.  This state-law right to redeem is considered Defendant's property.

On August 18, 2023, the Government filed its Notice of Lien for Fine and/or Restitution with the Register of Deeds of Sedgwick County.  Pursuant to 18 U.S.C. § 3613(d), "upon filing of a notice of lien in the manner in which a notice of tax lien would be filed . . . the lien shall be valid against any purchaser" subject to some exceptions.[22]  Thus, the Government's lien against Defendant's property and rights to property attached on May 11, 2023 pursuant to the Order of Restitution.  Therefore, unless an exception applies, the Government's lien extended to Defendant's property right to redeem.

On August 28, 2023—three months after the restitution order was entered against Defendant and ten days after the Government filed its Notice of Lien in Sedgwick County— Defendant transferred his interest in the Governeour Street Residence to Duaglo.  The transfer included Defendant's equitable and statutory right to redeem the Property and the right to any surplus.  That same day, Duaglo redeemed the Governeour Street Residence.[23]  As noted above, once the notice of lien is filed, it "shall be valid against any purchaser" subject to certain exceptions in 26 U.S.C. § 6323(b), (c), or (d).[24]  Duaglo, as an assignee of redemption rights of real property,

---

[22] 18 U.S.C. § 3613(d).

[23] Claimant and Duaglo contend that Duaglo's purchase and redemption was a purchase money interest.  The Court finds that the redemption rights were already encumbered with the lien, so regardless of how Claimant and Duaglo categorize the transaction, the redemption rights were encumbered with the government lien.

[24] 18 U.S.C. § 3613(d).

does not fall under any of the exceptions.  Thus, when Duaglo obtained Defendant's redemption rights, and redeemed the Property, Duaglo obtained the Property encumbered by the Government's lien.

The Court recognizes that K.S.A. § 60-2414(h) states that an assignee or transferee of a right to redemption "shall have the same right of redemption as the defendant owner," and that "[t]he assigned or transferred right of redemption shall not be subject to levy or sale on execution." However, the Court only looks to state law "for delineation of the taxpayer's rights or interests" and "leave[s] to federal law the determination whether those rights or interests constitute 'property' or 'rights to property' within the meaning of § 6321."[25]  Here, the state law first provides that Defendant has the redemption right, and thus, the redemption right is Defendant's property.  Then, the Court must turn to federal law, and federal law provides that upon the Government's filing of a notice of lien, it is "valid against *any* purchaser" except to certain properties or transactions.[26] None of the exceptions set forth by federal law are present in this case.  Thus, federal law dictates that the redemption right was Defendant's property, and Duaglo obtained that redemption right subject to the restitution lien against Defendant.

In addition, the federal lien did not simply attach to the right of redemption that Duaglo obtained.  Instead, the lien ran with the Property.  "The transfer of property subsequent to the attachment of the lien does not affect the lien, for 'it is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere.'"[27]  Because Defendant's

---

[25] *Drye*, 528 U.S. at 52.

[26] 18 U.S.C. § 3613(d) (emphasis added).

[27] *United States v. Bess*, 357 U.S. 51, 57 (1958) (quoting *Burton v. Smith*, 38 U.S. 464, 483 (1839)); *see also Russell v. United States*, 551 F.3d 1174, 1179 (10th Cir. 2008) ("The transfer of the attached property 'does not affect

redemption rights were encumbered with the lien, Duaglo's redemption rights were also encumbered by the same lien. So, when Duaglo redeemed the Property, the Property was encumbered with the lien.

In sum, the Government's lien attached to Defendant's property rights and to Defendant's property. When Duaglo obtained Defendant's right to redeem, Duaglo obtained those rights encumbered by the Government's lien. And when Duaglo redeemed the Property, the Property was also encumbered with the lien. Accordingly, when the Property was sold—regardless of whether Defendant or Duaglo sold it—the proceeds from the sale of that Property were encumbered by the Government's lien. Accordingly, the Government is entitled to the proceeds.

### 2. Claimant's Mechanic's Lien

Claimant contends that he is entitled to $50,000 of the escrowed funds due to a mechanic's lien. The Court finds that Claimant does not have a valid mechanic's lien. "Mechanics' liens are governed by K.S.A. 60-1101 *et seq*. They are designed to protect unpaid suppliers of labor and materials for real estate construction projects."[28] "Kansas law requires strict compliance with the procedure prescribed in the statute in order to perfect a mechanic's lien."[29]

K.S.A. § 60-1102(a)(2) requires that any person claiming a lien on real property must file a verified statement with "the name and address sufficient for service of process of the claimant" within four months after the last labor performed.

---

the lien because no matter into whose hands the property goes, the property passes *cum onere*, or with the lien attached.'") (quoting *United States v. Cache Valley Bank*, 866 F.2d 1242, 1244-45 (10th Cir. 1989)).

[28] *Tarlton v. Miller's of Claflin, Inc.*, 43 Kan. App. 2d 547, 227 P.3d 23, 26 (2010) (citing K.S.A. § 60-1101)).

[29] *Buchanan v. Overley*, 39 Kan. App. 2d 171, 178 P.3d 53, 56 (2008) (citing *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 259 Kan. 166, 910 P.3d 839 (1996)).

-14-

Claimant filed his mechanic's lien on November 28, 2023 with the District Court of Sedgwick County, asserting that he was entitled to $50,000. Claimant's lien, however, does not comply with § 60-1102(a)(2) because the address Claimant provided on his mechanic's lien was for a property at which Claimant did not reside.[30] Because Claimant did not live at the provided address, it cannot be considered sufficient for service of process. Without an address sufficient for service of process on Claimant, the mechanic's lien does not strictly comply with the statute and is invalid.[31]

Claimant concedes that the mechanic's lien contains an invalid address.[32] Claimant, however, asserts that the filing of the Interpleader Action cured any defects in the mechanic's lien because the Interpleader Action was filed within the four-month timeframe as required under K.S.A. § 60-1102(a).[33] Thus, Claimant asserts that the correct address for service of process is satisfied by the filing of his Interpleader Action. The Court disagrees.

K.S.A. § 60-1105(b) provides that "[w]here action is brought to enforce a lien the lien statement may be amended by leave of the judge in furtherance of justice, except to increase the amount claimed." Claimant, however, never sought leave to amend. Instead, Claimant filed an

---

[30] The Government provides an affidavit from the current owner of the property for which Claimant stated was his address. The affiant states that Claimant has not resided at the residence or conducted business from the property since the affiant/owner took possession in December 2021. Thus, Claimant's November 28, 2023 mechanic's lien, in which he stated that the address was his, was incorrect.

[31] *Buchanan*, 178 P.3d at 58 (finding that because the claimant "failed to strictly comply with the requirements of K.S.A. 60-1102 by not verifying his address sufficient for service of process, the district court erred in holding that the lien was valid.").

[32] At the hearing, Claimant provided no reason for the incorrect address.

[33] K.S.A. § 60-1102(a) requires that a mechanic's lien be filed "within four months after the date material, equipment or supplies, used or consumer was last furnished or last labor performed under the contract." Claimant states in the mechanic's lien that the last day labor was performed or materials furnished were on November 27, 2023.

Interpleader Action.  And in the Interpleader Action, he asserted that his mechanic's lien had priority over other liens or encumbrances and explicitly relied on the mechanic's lien.[34]  Nowhere in the Interpleader Action did Claimant assert that the mechanic's lien needed to be amended.  In fact, Claimant specifically and explicitly relied on the mechanic's lien as though it were proper.  Even when confronted with the facts and evidence that the address was incorrect, Claimant never requested that the Court allow him to amend the mechanic's lien and never sought to provide an amended mechanic's lien.

Furthermore, Kansas law would prohibit the Court from allowing Claimant to amend his mechanic's lien.  "K.S.A. 60-1105(b) does not permit the trial court to allow amendment of a vitally defective mechanic's lien statement after the statutory filing period has expired."[35]  Here, Claimant's original mechanic's lien was vitally defective because it did not comply with K.S.A. § 60-1102(a)(2)'s requirement of a name and address sufficient for service of process of the claimant.  In addition, the statutory filing period had long expired, and Claimant made no effort to amend the mechanic's lien prior to the expiration of the statutory filing period.[36]  As noted above, the filing of the Interpleader Action, which contained no allegations as to an amended mechanic's lien, or the need to change or amend the mechanic's lien, was insufficient to place anybody on notice that Claimant sought to amend his original mechanic's lien.  Thus, Claimant's Interpleader

---

[34] Even in the Interpleader Action, Claimant does not provide his address.

[35] *Tradesmen Int'l, Inc. v. Wal-Mart Real Estate Bus. Trust*, 35 Kan. App. 2d 146, 129 P.3d 102, 106 (2006).

[36] On March 29, 2024, the Government asserted that Claimant's mechanic's lien did not strictly comply with the mechanic's lien statute due to the incorrect address.  This date was within the four-month statutory filing period.  Claimant could have, at that time, sought to amend the mechanic's lien.  Claimant did not, and has never sought to, amend the mechanic's lien but instead relies on his Interpleader Action as the "amendment."

Action did not cure his original defective mechanic's lien, and Claimant's mechanic's lien is invalid because it did not strictly comply with the statutory requirements.

In sum, the Court overrules Claimant's Objection. This Court must follow Kansas law and its requirement of strict compliance with the mechanic's lien statute. Accordingly, Claimant has no valid, legal right to $50,000 of Security 1st's escrowed funds.

**B.      Claimant's and Duaglo's Joint Motions**

After the Court held a hearing on Claimant's Objection, Claimant and Duaglo filed a Joint Motion for Intervention by Duaglo. In this motion, Claimant and Duaglo seek the Court's leave to allow Duaglo to intervene in the case to claim an interest in the escrowed funds with Security 1st. The parties state that they entered into a Joint Representation Agreement and an agreement as to the distribution of the funds. The Government opposes the motion arguing that the motion lacks both factual and legal support, is untimely, and cannot serve as a legal basis for Duaglo's intervention in this proceeding.

In addition, Claimant and Duaglo jointly filed a Motion for Distribution of Funds. In this motion, they request that the Court distribute the Security 1st escrowed funds to Claimant, Claimant's attorney, and Duaglo. The Government asserts that if Duaglo is not permitted to intervene, then Duaglo has no standing to request distribution of the funds. In addition, the Government states that the parties are not entitled to the funds because they provide no valid basis for the amounts claimed.

-17-

*1.      Duaglo's and Claimant's Motion to Intervene*

Federal Rule of Civil Procedure 24(a) governs intervention as a matter of right, and Rule

24(b) governs permissive intervention.[37]

> Under Rule 24(a), an applicant may intervene as a matter of right if (1) the
> application is timely, (2) the applicant claims an interest relating to the property or
> transaction which is the subject of the action, (3) the applicant's interest may be
> impaired or impeded, and (4) the applicant's interest is not adequately represented
> by existing parties.[38]

Permissive intervention under Rule 24(b) requires a timely motion and that the intervening party

"has a claim or defense that shares with the main action a common question of law or fact."[39]

Timeliness of a motion to intervene is determined by considering all the circumstances, "including

the length of time since the applicant knew of his interest in the case, prejudice to the existing

parties, prejudice to the applicant, and the existence of any unusual circumstances."[40]

Duaglo and Claimant do not reference intervention under Rule 24 or whether they seek

mandatory or permissive intervention.  Thus, they fail to address any of Rule 24's requirements.

But even if they had addressed Rule 24,[41] they further fail to meet any of its requirements.

---

[37] Fed. R. Civ. P. 24(a), (b).

[38] *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

[39] Fed. R. Civ. P. 24(b).

[40] *Elliott Indus.*, 407 F.3d at 1103 (quoting *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001)).

[41] In their Reply, Duaglo and Claimant briefly contend that Duaglo is entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a).  They raise this argument for the first time in the reply brief and thus the argument is untimely.

As to timeliness, Duaglo knew of its interest in the case for quite some time. On December 13, 2023, Duaglo and Defendant executed an Amendment to their original contract. In this written Amendment, Duaglo agreed to the lower re-purchase price of $155,027.04 (instead of the original purchase price of $167,708.59) from Defendant. This Amendment also provided that the Government would file a partial release of the judgment lien in exchange for all the funds due to the seller being placed in escrow at Security 1st. On December 14, 2023, Duaglo conveyed the Property to Defendant, and Defendant conveyed the Property to the new purchasers. Duaglo received its $155,027.04. After the other costs of the sale, the remaining $74,573.37 was placed in escrow at Security 1st.

In February 2024, the Government applied for, and received, a Writ of Garnishment to the funds held by Security 1st. The Government provided Notice of the Garnishment on February 9, 2024. Generally, 28 U.S.C. § 3202(c) and (d) provide that an interested party has 20 days to claim an interest, request a hearing, or move to quash. Within this 20-day time period, Claimant filed an Objection to this Writ of Garnishment, which has been extensively discussed above.[42] Duaglo did not. Instead, Duaglo first requested intervention into the garnishment proceeding over seven months after the Notice and three weeks after the Court held a hearing on Claimant's Objection. Thus, Duaglo's request for intervention is extremely untimely and is not warranted under either Rule 24(a) or (b).[43]

_____

[42] Defendant also filed an Exemption Claim.

[43] The Court recognizes that Claimant attempted to assert Duaglo's alleged right to $12,681.58 in his Second Objection to the Writ of Continuing Garnishment on June 24, 2024. However, Claimant did not have standing to make this request. Furthermore, as will be discussed, Duaglo has no valid legal basis to this money.

In addition, mandatory intervention requires the party to claim an interest relating to the property. Although the Court recognizes that Duaglo claims an interest to the Property, it does not claim a *valid* interest. The facts demonstrate that Duaglo released its interest in the Governeour Street Property when it signed the December 13, 2023 Amendment lowering the purchase price to $155,027.04. This amount is all Duaglo is entitled to, and Duaglo received that amount on December 14, 2023 when it executed the statutory warranty deed and transferred the property. Duaglo cannot now revive the original agreement between it and Defendant. Thus, Duaglo cannot demonstrate that it has a valid interest in the Property.[44] Accordingly, the Court denies Claimant's and Duaglo's Joint Motion to Intervene.

### 2. *Duaglo's and Claimant's Motion to Distribute*

In this joint motion, Duaglo and Claimant request disbursement of the Security 1st escrowed funds in the amount of $74,573.37. Specifically, they request $50,000 to Claimant, $5,000 for Claimant's attorney fees, and the remainder (approximately $19,500) to Duaglo. First, as to the request for $5,000 in attorney fees and approximately $19,500 to Duaglo,[45] there is no basis in law or fact for these requests.[46] Next, as to the requested $50,000 for Claimant, the Court

---

[44] *See, e.g., Educ. Credit Mgmt. Corp. v. Bradco, Inc.*, <u>2008 WL 2066993</u>, at *4 (D. Kan. May 14, 2008) (stating that although Rule 24 does not explicitly take into consideration the merits of a proposed claim, the futility of a proposed claim when determining whether intervention is appropriate is arguably "part of the inquiry under the second element of intervention of right under rule 24(a)").

[45] Because the Court denied the Joint Motion to Intervene, Duaglo also has no standing to request disbursement of the funds.

[46] Even if the Court were to consider the original contract between Duaglo and Defendant as to the disposition of the proceeds related to the Governeour Street Residence, that contract only provided Duaglo $12,681.55. Duaglo now seeks to recover approximately $19,500—an increase of $7,000 with no basis in law or fact. In addition, Duaglo and Claimant seek to obtain $5,000 in attorney fees from escrowed funds in which they have no legal right.

previously determined that Claimant does not have a valid mechanic's lien, and thus he is not entitled to this money. Accordingly, the Court denies the Joint Motion for Disbursement.

**C.      Defendant's Motion for Joinder**

Defendant filed a Motion for Joinder seeking to join Duaglo's and Claimant's Joint Motions for Intervention and Distribution of Funds. He simply reiterates Duaglo's and Claimant's contentions. He also specifically disavows any interest in the escrowed funds.[47] The Court grants Defendant's motion to join in Duaglo's and Claimant's motions. However, for the reasons stated above, the Court denies both joint motions to intervene and for distribution of funds. Consequently, Defendant's motion for joinder provides him no relief.

**D.      The Government's Motion and Amended Motion for Order Restraining Property and Rights to Property**

On July 26, 2024, the Government filed a Motion for Order Restraining Property and Rights to Property Available for Payment of Restitution. It requested that the Court enter an order restraining Defendant, or any person or entity acting on his behalf, from completing any action that would affect or diminish the marketability or value of Defendant's real or personal property available to pay restitution. Defendant failed to timely respond to this motion. During the hearing on September 12, 2024, the Court noted its concerns with the overbreadth of the Government's motion.

In turn, the Government filed an Amended Motion for Order Restraining Property and Rights to Property. In this motion, the Government narrowed its request minimally. The

---

[47] Presumably, Defendant will not file any other objections to the disposition of these funds as he states to the Court that he disclaims any interest in them.

Government moves the Court for an order seeking to restrain Defendant, his representatives, agents, attorneys, associates, nominees, alter egos, and/or assignees from transferring, encumbering, or wasting Defendant's property or rights to property, whether held in his name, in the name of his nominee, and/or in the name of any alter ego business, except as expressly permitted by the Court. Defendant contends that the Government's Amended Motion is overbroad, lacks specific details as to what the Government seeks to restrain, and fails to state why it is necessary.

Here, the Court entered its restitution order on May 12, 2023, in the amount of $318,647.21. As of July 26, 2024—the most recent date for which the Government provided an update on the amount of restitution owed—Defendant's outstanding balance was $316,683.93. On March 26, 2024, the Government sought formal discovery from Defendant seeking financial information. In turn, Defendant filed a Motion to Quash or Motion for Sanctions. In the Court's Order ruling on Defendant's motion, the Court recognized the Government's right to use civil discovery when enforcing an order of restitution. The Court rejected Defendant's assertion that the discovery was excessive and burdensome. Thus, the Court denied Defendant's motion on June 13, 2024.

Defendant appealed this Order to the Tenth Circuit.[48] On July 23, 2024, the Court granted Defendant's Motion to Stay Enforcement of Memorandum and Order Pending Appeal. Thus, while this matter is on appeal, discovery cannot continue, and the Government cannot obtain additional information as to Defendant's financial condition and information.[49]

---

[48] The Court made other rulings in this Order due to Defendant's numerous motions.

[49] The Court notes that the appeal is moving slowly as Defendant only filed his initial brief on October 26, 2024, after requesting multiple extensions of time.

The Government contends that to maintain the status quo and ensure that Defendant's property and rights to property are still available upon resolution of Defendant's appeal, a restraining order is necessary. The Court, however, fails to see the necessity. First, an order restraining Defendant (and all representatives associated with him) from transferring, encumbering, or wasting Defendant's property does nothing to maintain the status quo as to discovery. Discovery is simply a tool to ascertain whether Defendant has any additional assets available for restitution. The Government seeks to go beyond the status quo. And there is already an Order of Restitution which operates as "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986."[50] Although the Government contends that this lien does not necessarily prevent Defendant from transferring property, the fact remains that the lien is in place and protects the Government's interest.

In addition, other than directing the Court to broad authority for enforcing an order of restitution,[51] the Government does not direct the Court to any cases or authority supporting the imposition of a restraining order. Furthermore, in performing its own search, the Court found scant caselaw addressing this issue. The Court finds the lack of legal authority significant.

Finally, the Government's request is imprecise and overbroad. The Court recognizes that the Government cannot provide specific information as to the property it seeks to restrain due to its inability to obtain formal discovery. The Government, however, has some knowledge of

---

[50] 18 U.S.C. § 3613(c).

[51] The Government cites to general enforcement provisions (18 U.S.C. § 3664(m)(1)(A) and 28 U.S.C. 3202(a)) and to the All Writs Act, 28 U.S.C. § 1651.

Defendant's assets due to the Presentence Investigation Report ("PSI") that was prepared in this case on May 12, 2023. Although the Court previously found, and still finds, that the Government is entitled to discovery as to Defendant's assets despite the PSI, the Government is not completely without knowledge. Furthermore, the Government seeks to not only restrain Defendant but also his representatives, agents, attorneys, associates, nominees, alter egos, and/or assigns from transferring, encumbering, or wasting Defendant's property. This request is not narrowly tailored, and the Government does not provide the Court with authority that it could restrain these individuals. Accordingly, the Court denies the Government's Amended Motion for Order Restraining Property and Rights to Property Available for Payment of Restitution.

**IT IS THEREFORE ORDERED** that Claimant Charles Capps's Objection to Garnishment (entitled "Limited Appearance of Claimant Charles Capps to Object to Garnishment and to Provide Notice of Interpleader Action") (Doc. 174) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Government's Motion for Order Restraining Property and Rights to Property Available for Payment of Restitution (Doc. 207) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Government's Amended Motion for Order Restraining Property and Rights to Property Available for Payment of Restitution (Doc. 211) is **DENIED**.

**IT IS FURTHER ORDERED** that Charles Capps's and Duaglo LLC's Joint Motion for Distribution of Funds (Doc. 215) is **DENIED.**

**IT IS FURTHER ORDERED** that Charles Capps's and Duaglo's Joint Motion to Allow Intervention of Duaglo, LLC (Doc. 217) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Joinder (Doc. 219) is **GRANTED.**

**IT IS SO ORDERED**.

Dated this 5th day of November, 2024.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

Ted E. Knopp, SC #11437
Knopp Law Group P.A.
310 W. Central Ave., Ste. 203
Wichita, KS 67202-1004
Phone: (316) 265-5882
Fax: (316) 265-5892
tknopp@knopplaw.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 6:21cr10073 |
| | ) | |
| MICHAEL R. CAPPS, | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to K.S.A. Chapter 60

### MOTION TO ALTER OR AMEND

COMES NOW Charles Capps, and moves the Court to alter or amend the Memorandum and Order of November 5, 2024 (Doc. 229) to state the Court's conclusions of law on the application to, and effect on, the restitution lien at issue of 26 U.S.C.§ 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154.

In Section A of Article II of the Memorandum and Order entered November 5, 2024 (Doc. 229), under the heading of the "Claimant's objection," the Court expresses summarily its agreement with the position of the Government as follows:

"1) The Government argues that its restitution lien attached to the defendant's [Michael Capps'] right of redemption.  So when Duaglo purchased defendant's redemption rights, Duaglo purchased the restitution [sic] rights encumbered by the lien.

"2) The Government also asserts that the restitution lien did not merely attach to the redemption rights but also ran with the land.

"3) Finally, the Government contends that Claimant [Charles Capps] does not have a valid mechanic's lien."  (Memorandum and Order II.A., Doc. 229, P. 10)

Separately, the Court has denied Duaglo the right to intervene to assert its claim to the escrowed funds from the sale of the property owned by Defendant Michael Capps prior to foreclosure.

The Government never has addressed in any of its pleadings 26 U.S.C.§ 7425, Revenue Ruling 68-57, or Revenue Ruling 54-154.  When the Court merely agrees with the Government's silent position, the Court makes no conclusions of law concerning the application of these statutes and revenue rulings.

**26 U.S.C. §7425(a)(2)**

Charles Capps has argued that the Journal Entry of Foreclosure in the Kansas foreclosure action in Sedgwick County Case Number 2022-CV-936, which resulted in the sale of the property at sheriff's sale, has the effect of discharging the property sold from the restitution lien under 26 U.S.C. § 7425(a)(2). K.S.A.§60-2414(k) (the "second sale prohibition") provides that the sheriff's sale of property pursuant to the Journal Entry of Judgment of Foreclosure has the effect of discharging any lien that attaches after the filing of the Petition for Foreclosure.  Under 26 U.S.C.§7425(a)(2), the sheriff's sale of the property on June 28, 2023 has the same discharge or divestment effect on the restitution lien of the United States.

The Government has relied on K.S.A.§60-2414(k) (the "second sale prohibition") as a bar to the claim of Charles Capps for work performed prior to the sheriff's sale (Doc. 178, p. 13).   The Government demonstrates its understanding of the Kansas statute, but has not addressed whether the same statute, K.S.A.§60-2414(k), "effects the discharge or divestment of the lien of the United States "under 26 U.S.C.§ 7425(a)(2)."

The absence of any discussion by the Government of the interplay between K.S.A.§60-2414(k) and 26 U.S.C.§7425(a)(2) leaves unclear the Government's position, and the Court's agreement with the Government's position does not offer any conclusions of law concerning the application of 26 U.S.C.§7425(a)(2).

**Revenue Ruling 68-57**

Charles Capps has admitted that the restitution lien of the United States attaches to the redemption rights of Michael Capps on one or more theories. Charles Capps has argued that Revenue Ruling 68-57 protects the rights of Duaglo acquired upon redemption of the property using $74,573.37 of its own funds.

The Government has not addressed Revenue Ruling 68-57 in any of its briefing. Instead the Government offers only a conclusory statement, unsupported by case authority or statute or administrative ruling, that "Therefore, it follows that a federal lien encumbering a defendant owner's rights of redemption would also encumber the property acquired upon exercise of that right." *United States Supplemental Briefing, p 6. (Doc. 213)*. This conclusory statement ignores Revenue Ruling 68-57 which "protects," and makes room for–subordinates the restitution lien to–the rights acquired by Duaglo in Duaglo's arms-length, risk-based purchase and exercise of redemption rights. This protection amounts to a subordination of the restitution lien of the Government. The Government and the Court offer no conclusions of law concerning the protection afforded Duaglo's redemption by Revenue Ruling 68-57.

**Revenue Ruling 54-157**

The Government's position and the Court's agreement with the Government's position also are silent on the effect of Revenue Ruling 54-154 to terminate the Government's last remaining lien on Defendant Capps' rights to repurchase on November 28, 2023.

If a reviewing Court were to find that 26 U.S.C.§ 7425(a)(2) discharges the property from the restitution lien and that Revenue ruling 68-57 protects the interest of Duaglo, the Government's lien attaches only to the last remaining interest of Michael Capps– the right to repurchase before November 28, 2023. Charles Capps argues Revenue Ruling 54-154 provides the Government's lien on the sole remaining right of Michael Capps expires when the right to purchase expires.

The Government has not addressed Revenue Ruling 68-57, which means the Court has made no conclusion of law concerning the application of Revenue Ruling 68-57.

Charles Capps concedes that Michael Capps' right to repurchase is subject to the restitution lien of the Government. *Crough v. Sheets*, 1994 US Dist. Lexis 11129, 94-2 U.S. Tax Cas. (CCH) p50, 426 (Theis, Franklin G., J)(copy attached to Supplemental Memorandum (Document 212) as Exhibit B).

However, both the Government's 120-day right to redeem under 26 U.S.C.§ 7425 and all rights of Michael Capps to redeem or to repurchase from Duaglo expired by November 28, 2023.

On November 27, 2023, the day before the expiration of Michael Capps' right to repurchase, the property had been discharged from the Government's restitution lien and the Government's lien on Michael Capps' redemption rights had been subordinated to the protected interest of Duaglo. The restitution lien has been discharged *from the property* by 26 U.S.C.§ 7425(a)(2); and the restitution lien has been subordinated to the rights of Duaglo by the "protection" of Duaglo's purchase money interest under Revenue Ruling 68-57.

On November 29, 2023, the day following the expiration of Michael Capps' right to repurchase the property, all redemption rights and repurchase rights of Michael Capps have expired. The Government's position and the Court's ruling that the restitution lien continues to "run with the land" after the expiration of Michael Capps' right to repurchase expired is contrary to the binding position of the Internal Revenue Service in Revenue Ruling 54-154, 1954-1 C.B. 277 (copy attached to Supplemental Memorandum (Document 212) as Exhibit C) which provides:

> "Federal tax liens attach to property only to the extent of the delinquent taxpayer's interest therein. Where a taxpayer has only an option to purchase real property at the time the Federal tax lien arises, the lien attaches to the option and not to the real estate. *Where his rights under the option are terminable, the Government's rights, by virtue of its lien upon the taxpayer's interest, are likewise terminable, being no greater than those of the taxpayer.* Accordingly, when the taxpayer's rights under an option terminate after the Federal tax lien has arisen, the rights of the United States in the option also terminate, since there is no longer any property in the option to which a lien can attach." United States Internal Revenue Service Rev. Rul 54-154; 19554-1 C.B. 277 (1954)(emphasis added).

The Government has not referenced Revenue Ruling 54-154, nor identified to the Court the ruling of the 7th Circuit Court of Appeals in *United States v. Swan*, 467 F.3d 655 (7th Cir. 2006), which held that a tax lien attaches only to the option to purchase and not to the property itself. When Michael Capps' right to repurchase expired, his last interest in the property evaporated and the lien of the Government evaporated with the right to purchase.

The Government may argue that the Quit Claim Deed from Michael Capps to Duaglo conveyed a fee interest in the property. It did not. The Quit Claim Deed from Michael Capps to Duaglo conveyed to Duaglo only the rights Michael Capps had at the time of the deed– the right to possession under K.S.A.§60-2414(a) during the period of redemption.[1] The Quit Claim Deed to Duaglo would be subject to the foreclosure proceedings, including the sheriff's sale and the rights of the purchaser at sheriff's sale to a deed in the absence of redemption. The Quit Claim Deed would not convey future ownership of the property in the event Duaglo redeemed, because redemption had not occurred at the time of the deed.[2] Duaglo's source of title is the exercise of the redemption right, not the Quit Claim Deed. Therefore, the Government's interest in the property after redemption by Duaglo is based on a lien on the redemption rights of Capps, and not based on a fee simple interest granted by the Quit Claim Deed.

---

[1]"The defendant owner in the meantime shall be entitled to the possession of the property." K.S.A. § 60-2414(a).

[2]  A "quitclaim deed passes only what the grantor owned at the time of its execution." *Mosier v. Allenbaugh*, 84 Kan. 361, 364, 114 P. 226, 227 (1911). The quit claim deed from Capps to Duaglo does not convey fee title, and does not convey a contingent future interest, such as the interest acquired by Duaglo upon redemption. *Id.* (Quit claim deed does not transfer interest later acquired by inheritance.) Quoting *Glover v. Condell*, 163 Ill 566, 594, 45 N.E. 173. ("A quitclaim is sufficient to pass any estate which the person executing it has at the time of such execution, but it can not affect by way of release a future contingent interest, limited to the surviving members of a class, upon the event of the death of one of them without living issue at the time of his death, there being no terms used in such quitclaim or release which can be construed as referring to future interests. (*Striker v. Mott*, 28 N.Y. 82). In order to create an assignment of future interests and contingencies, 'there must be on the face of the instrument expressly, or collected from its provisions by necessary implication, language of present transfer directly applying to the future as well as to the existing property, or else language importing a present contract or agreement between the parties to sell or assign the future property.' (3 Pom. Eq. Jur. § 1290)." *Mosier*, 84 Kan. at 364.

**Neither the absence of Duaglo nor alleged weakness in the mechanic's lien claim of Charles Capps is grounds for granting the escrowed funds to the Government**.

This Court must determine the Government's rights to the escrowed funds based on the strength of the Government's claim and not based on the absence of Duaglo from the proceedings or based on the Court's ruling that the mechanic's lien of Charles Capps was not properly filed.

> "[The] [r]ight to recover from the fund must be based on the strength of a claimant's title and not on the weakness of the title of another claimant. As the United States stands in the shoes of the contractor-taxpayer and can have no greater rights to the fund than he [the taxpayer] has, the tax claim may be asserted only against that portion of the fund remaining after the satisfaction of the claims for labor and materials." *United States v. Chapman*, 281 F.2d 862, 867 (10th Cir. 1960)(applying Oklahoma property rights laws).

Kansas takes the same position. The Government must prove its entitlement to the funds, not merely allege the weakness in the claims of others. *Beams v. Werth*, 200 Kan. 532, 543, 438 P.2d 957, 966-67 (1968)(citing *Smith v. Harris*, 181 Kan.. 237, 250, 311 P.2d 325).

## CONCLUSION

Because the Government has offered no position on these authorities asserted by Charles Capps, the Court should make findings of fact and conclusions of law to clarify for appeal the manner in which the restitution lien of the Government continued as a lien on the property: i) after the confirmation of sheriff's sale in the foreclosure case; ii) despite the subordination of the restitution lien to the interest of Duaglo under Revenue Ruling 68-57; and despite the attachment of the lien only to the expired right to repurchase and not to the property under Revenue Ruling 54-154.

Respectfully submitted,

KNOPP LAW GROUP P.A.


By: */s/ Ted E. Knopp*
    Ted E. Knopp, SC #11437
    *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record via the Court's E-filing system on the date this document was filed.

*/s/ Ted E. Knopp*
Ted E. Knopp, SC #11437

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(WICHITA DOCKET)

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:21-cr-10073-EFM |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL R. CAPPS, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

## **NOTICE OF APPEAL**

NOTICE is hereby given that Michael R. Capps, Defendant in the above-named case,

hereby appeals to the United States Court of Appeals for the Tenth Circuit from the

Memorandum and Order (Doc. 229)  entered in this action on the 5th day of November,

2024.

Respectfully submitted,

Michael R. Capps, *pro se*
3804 S 28th West Ave
Tulsa, OK 74107
Telephone: (316) 371-3768
Email: cappsm@me.com

## **CERTIFICATE OF SERVICE**

The undersigned certified that on December 31, 2024, a true and correct copy of the
foregoing was filed and served electronically pursuant to the CM/ECF system on all
counsel or record.

Michael R. Capps, *pro se*