IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 21-10073-EFM

MICHAEL R. CAPPS,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter is before the Court on Claimant Charles Capps's Motion to Alter or Amend (Doc. 233) the Court's November 5, 2024, Memorandum and Order. In that Order, the Court ruled on Claimant's Objection to the Government's Writ of Continuing Garnishment as to funds, in the amount of $74,573.37, held by Security 1st Title, LLC. The funds at Security 1st are the proceeds from a sale of a residence that Defendant Michael Capps used to own. Claimant, the son of Defendant, asserted that he was entitled to $50,000 of those funds due to a mechanic's lien. The Court found that Claimant did not have a valid mechanic's lien, and thus he was not entitled to $50,000.

Claimant requests that the Court alter its previous Order to specifically state the Court's conclusions of law on the application to, and effect on, the restitution lien at issue of 26 U.S.C.

§ 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154. For the reasons stated below, the Court declines to do so and denies Claimant's motion.

## I.     Factual and Procedural Background

The Court will only set forth a brief background here relevant to Claimant's pending motion. In February 2024, the Government obtained a Writ of Continuing Garnishment to property held by Security 1st, and it filed a notice of the garnishment to interested party Charles Capps. Claimant, represented by counsel, filed an Objection to the Writ of Continuing Garnishment. This document was entitled "Limited Appearance of Claimant Charles Capps to Object to Garnishment and to Provide Notice of Interpleader Action." Claimant's Objection was only two pages, but he attached the Interpleader Action filed in state court. In the Interpleader Action, Claimant stated that he had a mechanic's lien in the amount of $50,000 in the escrowed funds at Security 1st and that his lien took priority over other interests.

The Government responded by arguing that Claimant did not have a valid mechanic's lien because he failed to comply with the statutory requirements of K.S.A. § 60-1102, or in the alternative, Claimant's mechanic's lien was unenforceable pursuant to K.S.A. § 60-2414(k). Subsequently, the Court directed Claimant to file a reply, and Claimant filed another "Objection to Garnishment" ("Second Objection") setting forth additional facts and arguing that the Government did not have any right to the Security 1st funds. Claimant also requested a hearing. Even though the Government objected to Claimant's Second Objection, the Court did not strike it. Instead, the Court acknowledged the procedural irregularities in the case and noted that the Claimant continued to raise additional arguments. The Court stated that although it would address

some of the additional issues raised, because Claimant failed to raise many of the issues in his initial Objection, those issues were waived.

The Court held a hearing on September 12, 2024 and requested supplemental briefing on two limited issues. After receiving the supplemental briefing, and several weeks after the hearing, Claimant's attorney entered his appearance for Duaglo, LLC.[1] Claimant and Duaglo filed joint motions requesting Duaglo's intervention into the case and requesting distribution of the entirety of the Security 1st funds to Claimant, Duaglo, and their attorney.

The Court issued an order on November 5, 2024, overruling Claimant's objection and finding that Claimant did not have a valid mechanic's lien. In addition, the Court denied Claimant's and Duaglo's joint motions requesting Duaglo's intervention in the case and the distribution of the Security 1st funds. Claimant is now before the Court requesting that the Court alter or amend its Order.

## II.     Legal Standard

Claimant docketed his motion as a Motion for Reconsideration (Alter or Amend). Claimant does not reference a legal standard in his motion, but he filed it 28 days after the Court's Order so the Court will construe it as a motion under Rule 59. The Court has discretion whether to grant a motion to reconsider.[2] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[3] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e)

---

[1] The Court will not set forth the entire history of Duaglo's involvement here as it is set forth in the Court's prior order. Doc. 229. Briefly stated, when Defendant's home was foreclosed upon, he had no money to redeem the property, so he entered into an agreement with Duaglo to redeem the property.

[2] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[3] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

(motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[4] A motion for reconsideration under Rule 59(e) "gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[5] The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[6] "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[7] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[8]

### III.    Analysis

The Court notes that Claimant initially came before the Court by entering a limited appearance and objecting to the Government's Writ of Continuing Garnishment to funds held by Security 1st. He asserted that he had a mechanic's lien, in the amount of $50,000, and thus was entitled to $50,000 of those funds. Over time, Claimant has sought to assert arguments on behalf of a non-party (Duaglo) and on behalf of Defendant.[9]

---

[4] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (further citations and quotations omitted).

[5] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[6] *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (further citations and quotations omitted).

[7] *Voelkel*, 846 F. Supp. at 1483.

[8] *See Van Skiver*, 952 F.2d at 1243.

[9] In making these arguments, Claimant sought to obtain the full amount of the funds held by Security 1st ($74,573,37).

In this motion, Claimant does not contend that the Court erred in finding that he did not have a valid mechanic's lien. Indeed, he makes no argument as to his purported mechanic's lien. Instead, he requests that the Court address how 26 U.S.C. § 7425, Revenue Ruling 68-57, and Revenue Ruling 54-154 affect the Government's restitution lien. And he continues to assert arguments on behalf of Duaglo and/or Defendant, arguing that the Government is not entitled to the funds held by Security 1st, for which the Government has a Continuing Writ of Garnishment. Claimant cannot do so. "[A] party 'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'"[10] Furthermore, Claimant does not meet the Rule 59 standard because he fails to identify any newly discovered evidence or manifest errors of law or fact.[11] Accordingly, the Court denies Claimant's Motion to Alter or Amend.

**IT IS THEREFORE ORDERED** that Claimant's Motion to Alter or Amend (Doc. 233) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd day of January, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[10] *McDonald v. Van Houtte*, 160 F. App'x 673, 674–75 (10th Cir. Dec. 7, 2005) (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004)).

[11] The Court notes that Claimant does not specifically make the assertion that the Court should amend or alter its denial of Claimant's joint motions with Duaglo to intervene and for distribution of the funds. To the extent that he does seek reconsideration of that ruling, however, he fails to direct the Court to any error in this ruling.