## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,           )
                                    )
    Plaintiff,                      )
                                    )
       v.                         )    Case No. **21-10073-EFM**
                                    )
MICHAEL CAPPS,                      )
                                    )
    Defendant.                      )

## MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3583(c)(1)(A)(i) AND REQUEST FOR EXPEDITED HEARING

Given the urgent nature of the circumstances describedherein, Defendant additionally requests expedited consideration of this motion.

### I. Request for Expedited Consideration

Defendant respectfully request expedited consideration on this motion based on immediate risks of harm that render standard briefing schedules inadequate:

    A. Risk of Immediate Harm

        1. Defendant's 77-year-old father currently lacks necessary daily care following recent shoulder surgery, leaving him unable to:

            a. Perform basic self-care functions

            b. Prepare meals

            c. Transport himself to medical appointments

            d. Manage his medications

        2. Defendant faces ongoing health risks due to:

            a. Inability to properly maintain his CPAP device, creating immediate risk of infection and cardiovascular events

            b. Lack of access to mental health treatment for combat-related PTSD, resulting in active regression of symptoms

    B. Good cause for expedited consideration is warranted because:

        1. No alternative care options exist for Defendant's father

Pg. 1

2. Each day without proper CPAP maintenance increases risk of medical complications

3. Defendant's PTSD symptoms are actively worsening without treatment

4. Standard briefing schedules could result in irreparable harm to both Defendant and his father

Courts may expedite consideration of compassionate release motions where circumstances demonstrate immediate risk of harm. See United States v. Gonzalez, No. 18-CR-00130-PAB, 2020 WL 1905071, at *1 (D. Colo. Apr. 17 2020) (expediting consideration where delay could result in irreparable harm).

WHEREFORE, Defendant requests:

Expedited briefing schedules for responses and replies

Expedited hearing date

Consideration of temporary release pending final determination, if necessary to prevent immediate harm.

## II. Introduction

Defendant is currently serving a 27-month sentence at Florence Correction Prison in Florence, Colorado, having self-surrendered on December 31, 2024. He seeks compassionate release based on two extraordinary and compelling circumstances. First, Defendant's elderly father is experiencing severe medical issues that have left him unable to care for himself, with no other viable caregiving options available. Second, Defendant, a combat veteran, is being denied care for his service-connected PTSD and complex sleep apnea. The Bureau of Prisons acknowledges it cannot provide necessary mental health programs at FPC Florence, or anywhere within the BOP, and is refuses to allow proper maintenance of Defendant's medically prescribed CPAP device. These circumstances, individually and in combination, warrant relief under 18 U.S.C. § 3582(c)(1)(A)(i).

## II. LEGAL STANDARD

The Tenth Circuit has established that district courts must follow a three step test when evaluating compassionate release motions. See United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042-43 (10th Cir. 2021). The court must: (1) find that extraordinary and compelling reasons warrant the reduction; (2) ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) consider any applicable § 3553(a) factors and determine whether, in the court's discretion, the reduction authorized by steps one and two are warranted in whole or in part under the particular circumstances of the case. See United States v. Hald, 8 F.4th 932, 937-38 (10th Cir. 2021).

## III. ANALYSIS

A. Exhaustion of Administrative Remedies

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant has fully exhausted his administrative remedies. On January 20, 2025, Defendant submitted a request for compassionate release to the Warden of Florence Correctional Prison Camp. The Warden denied this request on _____. The Tenth Circuit has held that § 3582(c)(1)(A)'s requirement that a defendant either fully exhaust administrative remedies or wait 30 days after the warden's receipt of a request, is a claim-processing rule. United States v. Maumau, 993 F.3d at 826. Defendant, having received a denial from the warden, has satisifed this requirement.

B. Three-Part Test Analysis

1. Extraordinary and Compelling Reasons

Defendant presents two independent bases for finding extraordinary and compelling reasons warranting release:

a. Family Circumstances

The Tenth Circuit has recognized district courts have "broad

discretion to determine whether extraordinary and compelling
reasons exist." United States v. McGee, 992 F.3d at 1048. In
United States v. Jenkins, 50 F.4th 1195, 1998 (10th Cir. 2022),
the court affirmed that family circumstances can constitute
extraordinary and compelling reasons for release. The present
case presents such circumstances.

Defendant's father, Charles Ford, age 77, is experiencing severe
medical issues that render him unable to care for himself (Exhibit 1).
As detailed in the attached affidavit, Mr. Ford:

   i. Recently underwent shoulder surgery with an uncertain
   prognosis (Exhibit 2).

   ii. Cannot perform basic living activities.

   iii. Has no available alternative caregivers.

   iv. Requires immediate and ongoing assistance.

   v. Is immiently scheduled for knee-replacement surgery,

   exasperating his uncertain prognosis.

Courts within the Tenth Circuit have found similar family circum-
stances to constitute extraordinary and compelling reasons. See
United States v. Lopez, No. 18-CR-2846 MV, 2020 WL 2489746, at
*3 (D.N.M. May 14, 2020) (finding extraordinary and compelling
reasons where defendant was the only available caregiver for an
incapacitated family member).

b. Inadequate Medical Care Creating Substantial Risk of Harm
In addition to the compelling family circumstances, Defendant
faces an immediate and serious risk to his health due to the
BOP's failure to provide necessary medical care. The Tenth Circuit
has recognized that medical circumstances may constitute extra-
ordinary and compelling reasons for release. See United States v.

Avalos, No. 21-1203, 2022 WL 1017778, at *2 (10th Cir.
Apr. 5, 2022).

Defendant suffers from multiple serious medical conditions that
require ongoin treatment, as noted in Defendant's Pre-Sentencing
Report:

    i. Combat-Related PTSD

    - Diagnosed and previously treated by the Dept. VA

    - No access to counseling, therapy, or cognitive support
      at FPC Florence

    - Experiencing regression of symptoms including panic
      attacks, anxiety and depression

    - BOP acknowledges no programs available at facility or
      within the BOP as required by BOP Program Statement
      5242.01, Veteran Inmate Management

    ii. Complex Sleep Apnea

    - Requires CPAP device for treatment

    - BOP refuses to provide necessary maintenance supplies

    - BOP prevents receipt of supplies from outside sources,
      including Dept. VA and family

    - Lack of proper CPAP maintenance creates substantial risk
      of disease transmission and contamination.

    - Lack of access to a functional CPAP creates substantial
      risk of Defendant having a stroke, heart attack, development
      of heart disease and exacerbation of his chronic fatigue
      syndrome.

Pg 5

The combination of these medical care deficiences creates a sub-
stantial risk to Defendant's health and well-being. As a combat
veteran, Defendant's need for consistent mental health treatment
is particularly acute. Courts have recognized that the BOP's
inability to provide adequate medical care may constitute extra-
ordinary and compelling circumstances, particularly where, as here,
the Defendant requires specialized care. See United States v.
Diaz-Gotay, No. 18-CR-142-01-JL, 2020 WL 7029004, at *3 (D.N.H.
Nov. 30, 2020) (finding extraordinary and compelling circumstances
where Defendant could not receive adequate medical treatment in BOP
facility).

2. Consistency with Policy Statements

The current version of U.S.S.G. § 1B1.13 predates the First Step Act
and is not binding on the Court. See United States v. McGee, 992 F.3d
at 1050. However, the Court may still consider it as guidance. The
current circumstances align with both the family caregiver provisions
and medical care considerations contemplated by the policy statements.
The combination of these factors - Defendant's inability to receive
adequate medical care while simultaneously being the only available
caregiver for his incapacitated father - present particularly compelling
circumstances that warrant relief.

Here, the combination of:

    a. Mr. Ford's serious medical conditions
    b. The lack of alternative caregivers (Exhibit 3)
    c. The Defendant's ability to provide necessary care
    d. The immediate and critical nature of the need
    e. BOP's inability to provide Defendant with access to medically
       necessary mental health treatment for his combat-related PTSD
       and critically needed CPAP maintenance supplies, presents
       compelling circumstances that warrant relief.

Pg 6

3. Section 3553(a) Factors

The § 3553(a) factors support Defendant's request for compassionate release:

- a. Nature and Circumstances of the Offense: Defendant is a first time offender with a minimqal risk of recidivism. He has served approximately 1 month of his 27-month sentence, since self-surrendering on December 31, 2024.

- b. History and Characteristics of the Defendant: During his brief period of incarceration, Defendant has completed or enrolled in "Enjoing the Second Half of Life", Basic Cognitive Thinking, Trauma: Stress and Resilience, Non-Residential Drug Abuse Program and Redefining the Mission: Veterans' Reentry Program.

- c. Need for the Sentence Imposed: The emergecy nature of Mr. Ford's care and the BOP's failure to provide adequate medical care for Defendant, presents changed circumstances that affect the need for the full sentence imposed. See United States v. Chamberlain, 589 F. Supp 3d 1319, 1323 (D.N.M. 2022) (considering changed circumstances in § 3553(a) analysis).

- d. Protection of the   Public: Defendant's release to care for his father and to obtain proper and adequate medical and mental health care from the Dept. VA would serve both humanitarian and public safety interests as it would ensure proper care for an alderly, disabled member of the community, while allowing Defendant to receive critical care from the Dept. VA and fulfill important family obligations. This Court has previously ruled Defendant does not pose a danger to the public.

Pg 7

The current conditions of confinement, particularly the lack of necessary medical care, affect the assessment of whether the sentence being served remains appropriate under § 3553(a). Defendant's status as a veteran with combat-related PTSD who is being denied appropriate treatment further supports reconsideration of the sentence under these factors.

## IV. CONCLUSION

WHEREFORE, having satisfied the three-part test required by the Tenth Circuit Court and demonstrated extraordinary and compelling reasons for release, Defendant respectfully requests that this Court grant this motion and reduce his sentence to time served.

Respectfully submitted.

Michael Capps
Register Number: 66142-509
Florence Correctional Prison Camp
PO Box 6000
Florence, CO 81226

Case 6:21-cr-00073-EFM   Document 247   Filed 02/25/25   Page 9 of 14



FCI Florence, CO

Form:   Inmate Request for Compassionate Release Consideration

| TO: Warden Jones | DATE: 01/20/25 |
| FROM (print):   MICHAEL RAY CAPPS | REGISTER NO:   66142-509 |
| Signature: | UNIT:   I Teller |

Instructions: In order to be considered for Compassionate Release, you must complete this form and send it to the Unit Team. The information will be used to determine if your request for Compassionate Release meets the minimum guidelines for consideration, as referenced in the Program Statement 5050.50, Compassionate Release/Reduction in Sentence.

1.   Check the category you are requesting Compassionate Release Consideration: (only one per request)

☐ Request based on Medical Circumstances

    ☐   Medical Terminal (estimated life expectancy of 18 months or less) _____

    ☐   Medical Debilitated (completely disabled, unable to perform activities of daily living and totally confined to a bed or chair OR only capable of limited self-care and confined to a bed or chair more than 50% of waking hours)

☐ Request based on Non-Medical Circumstances-Elderly Inmates

    ☐   Request based on Elderly Inmates over 65 with Medical Conditions who have served more than 50% of sentence

    ☐   Request based on inmates age 65 or older who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced

    ☐   Request based on Elderly Inmates over 70 who have served 30 years or more of their term of imprisonment (offense that occurred on or after November 1, 1987)

☐ Request based on Death or Incapacitation of the Family Member Caregiver where you are the only caregiver for your minor child

☒ Request based on Incapacitation of a Spouse or Registered Partner where you are the only available caretaker

2.   Explain the extraordinary or compelling circumstances, which could not have been foreseen at the time of your sentencing you believe warrant Compassionate Release consideration. Continue on back, if necessary. My father, age 77, underwent shoulder surgery on 12/30/24 leaving him unable to drive or provide for his basic daily living needs. I am the only family member available

3.   Explain your proposed Release Plans and continue on back, if necessary. The information should include the following detailed information:

1. Address and phone number of where you plan to live.

   6737 E 72nd East Ave, Tulsa, OK 74133 or alternatively, 2617 E South 225 W Ave, Sand Springs, OK 74063   316-213-4989 and 918-645-3297 respectively.

2. Your family supports in the community.

   Father, Charles Ford - Sister, Tammy Boyer - Son, Charles Capps - Nephew, Dillon Boyer - Nephew, Richard Boyer - Aunt; Debbie Sizemore

3. How you plan to cover your medical expenses and support yourself.

   I am 100% Service-Disabled Veteran and receive all necessary care from the Department of Veteran Affairs. Alternatively, I am enrolled in Medicare Parts A and B.

4. Where continued health treatment and services will be received.

   Primarily from Department of Veteran Affairs, Wichita, KS and Tulsa, OK

Sensitive Limited Official Use Only

A copy of this form will be kept in the Medical Record section 6 and Inmate's Central File, and the original will remain with the Medical Social Worker.

June 2019

Case 6:21-cr-00073-EFM Document 247 Filed 01/25/26 Page 10 of 14

# AFTER VISIT SUMMARY


hillcrest
Medical Center

**Charles R. Ford** MRN: 0001233545   Date of birth: 2/3/1948

Rotator cuff arthropathy, left   ☐ 12/30/2024 - 12/31/2024   ○ Hillcrest Medical Center 4th floor Orthopedics

## Instructions



**Your medications have changed**

⊕ START taking:
cephalexin (KEFLEX)

oxyCODONE-acetaminophen (Percocet)

Review your updated medication list below.

## Your Next Steps

### 👍 Do

☐ Pick up these medications from MANNFORD PHARMACY - MANNFORD, OK - 231 W. TROWER BLVD
- cephalexin
- oxyCODONE-acetaminophen

## Your Latest Vitals



| | | | |
|---|---|---|---|
| Blood Pressure 133/75 | BMI 32.74 | Weight 241 lb 7 oz | Height 6' |
| Temperature (Temporal) 97 °F | Pulse 70 | Respiration 17 | Oxygen Saturation 98% |
| BSA 2.36 m² | | | |

## Seek Emergency Care

If your condition worsens or new symptoms appear call/seek immediate medical attention.

## What's Next

You currently have no upcoming appointments scheduled.

## Pneumonia Vaccine

STATE OF OKLAHOMA)

          ss.)

TULSA COUNTY)

## AFFIDAVIT OF CHARLES FORD

I, Charles Ford, being first duly sworn upon oath, state the following:

1. I am 77 years old and reside at 2617-E South 225th West Avenue, Sand Springs, Oklahoma 74063.
2. I am making this affidavit is support of a compassionate release for my son, Michael Ray Capps, who is currently incarcerated at FCI Florence.
3. I recently underwent shoulder surgery which has severely limited my mobility and ability to care for myself.
4. Due to this surgery and my advanced age, I am unable to:
   a. Drive a vehicle
   b. Prepare meals for myself
   c. Bathe independently
   d. Get dressed without assistance
   e. Perform basic household tasks
   f. Travel to medical appointments
5. My medical prognosis for full recovery is uncertain due to my age, and my doctors have not provided a definitive timeline for improvement. Due to extreme pain from a past surgery, I am being scheduled for imminent knee replacement surgery.
6. I am solely relying on the goodwill of my neighbors who periodically check on my wellbeing, but this is not a sustainable long-term solution for my care needs. My son is my only family member capable of providing the full-time care that I require currently.
7. If granted compassionate release, my son would reside with me and serve as my primary caregiver, ensuring I receive proper care and assistance with my daily needs.
8. Without consistent daily assistance, I fear for my health and safety as I attempt to recover from this surgery and then the knee replacement.

FURTHER AFFIANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of January, 2025

_____

Charles Ford

STATE OF OKLAHOMA)

        ss.)

COUNTY OF TULSA)

ACKNOWLEDGMENT

Before me, the undersigned Notary Public, on this day personally appeared Charles Ford, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 11th day of January, 2025.

~Kimberly dawn Porter~

Notary Public

Notary Public, State of Oklahoma

My Commission Expires: Jun 21, 2026

Commission Number: 18006237

KIMBERLY DAWN PORTER
Notary Public - State of Oklahoma
Commission Number 18006237
My Commission Expires Jun 21, 2026

STATE OF OKLAHOMA)

SS.)

TULSA COUNTY)

## AFFIDAVIT OF TAMMY BOYER

I, Tammy Boyer, being first duly sworn upon oath, state the following:

1. I am 55 years old and reside at 3804 South 28th West Avenue, Tulsa, Oklahoma 74107.
2. I am the daughter of Charles Ford, who recently underwent shoulder surgery and requires full time care and assistance.
3. I live more than 30 minutes away from my father's residence in Sand Springs, Oklahoma.
4. I am employed full-time at Hillcrest Medical Center and cannot afford to take the time off work to provide the daily care that my father requires.
5. Due to my own medical conditions, specifically a heart procedure and leg surgery, I am physically unable to:
   a. Lift or assist my father with mobility
   b. Help him with bathing/personal care
   c. Assist him in and out of bed or chairs
   d. Provide the physical support that he needs for daily activities
6. While I deeply care for my father's wellbeing, my own health and financial circumstances make it impossible for me to serve as his caregiver.
7. I have personally observed my father's current living situation and can attest to his need for consistent, daily care assistance that neither I nor other family members can provide.
8. I believe that my brother's presence and ability to serve as a full-time caregiver would be the most appropriate solution for ensuring my father receives the care he requires.

FURTHER AFFIANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __11__ day of __January__, 2025

_Tammy Boyer_

Tammy Boyer

STATE OF OKLAHOMA)

           SS.)

COUNTY OF TULSA)

## ACKNOWLEDGMENT

Before me, the undersigned Notary Public, on this day personally appeared Charles Ford, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 11th day of January , 2025.

Kimberly dawn Porter

Notary Public

Notary Public, State of Oklahoma

My Commission Expires: Jun 21, 2026

Commission Number: 18006237

KIMBERLY DAWN PORTER
Notary Public - State of Oklahoma
Commission Number 18006237
My Commission Expires Jun 21, 2026