IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-10073-EFM |
| MICHAEL CAPPS, | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO DISMISS
AND RENEWED MOTION FOR EXPEDITED CONSIDERATION**

COMES NOW the Defendant, Michael Capps, pro se, and respectfully submits this response to the Government's Motion to Dismiss (Doc. 254) and renews his request for expedited consideration based on new developments:

I. Administrative Exhaustion Requirements Have Been Satisfied

1. The Government's motion to dismiss incorrectly states that Defendant has not demonstrated exhaustion of administrative remedies.

2. As evidenced by the attached Bureau of Prisons memorandum dated January 27, 2025, Warden B. Jones formally denied Defendant's request for compassionate release. This denial followed verbal notification provided to Defendant by prison staff on January 25, 2025.

3. Under 18 U.S.C. § 3582(c)(1)(A), a defendant may file a motion with the court upon receipt of the warden's denial or 30 days lapsing from the date of the warden's receipt.

4. The Tenth Circuit has held that § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule. United States v. Maumau, 993 F.3d 821, 826 (10th Cir. 2021).

5. Defendant has satisifed this requirement through receipt of the warden's denial, making further administrative appeals unncessary under the statute's plain language.

II. Circumstances Warrant Expedited Consideration

   6. Since filing the original motion, new developments have increased the urgency of this request:

      a. Defendant's elderly father suffered a serious fall on January 26, 2025, resulting in:
         i. Two broken ribs
         ii. A broken hand
         iii. A head laceration
         iv. Further impairment of already limited mobility

      b. These new injuries compound the existing circumstances detailed in Defendant's pending motion by:
         i. Increasing his father's immediate need for assistance
         ii. Creating additional medical appointments and rehabilitation requirements.
         iii. Further limiting his ability to perform basic self-care

   7. The combination of:
      a. A formal denial from the warden
      b. Deteriorating conditions of the Defendant's father
      c. Immediate risk to both Defendant's and his father's health
      d. Lack of alternative caregiving options supports both the procedural and substantive merit of immediate consideration

III. Prayer for Relief

   WHEREFORE, Defendant respectfully requests that this Court:

   1. Deny the Government's Motion to Dismiss as moot in light of the documented exhaustion of administrative remedies;

   2. Grant expedited consideration of the underlying motion for compassionate release;

3. Consider the additional circumstances described herein as supplemental support for both the motion for compassionate release and request for expedited consideration.

Respectfully submitted,

Michael Capps
Register No. 66142-509
Florence Prison Camp
PO Box 6000
Florence, CO 81226



**U.S. Department of Justice**

Federal Bureau of Prisons

Federal Correctional Complex Florence
☐ Administrative Maximum Security Institution
☐ High Security Institution
☐ Medium Security Institution
☑ Minimum Security Institution

January 27, 2025

MEMORANDUM FOR     CAPPS, Michael R
                  REG. NO.: 66142-509

FROM:             D. Jones, Warden

SUBJECT:          **Compassionate Release/Reduction In Sentence (RIS)**

This is in response to your Request for Compassionate Release/Reduction in Sentence (RIS), based on Incapacitation of a Spouse or Register Partner where you are the only available caretaker. Specifically, your father, age 77, underwent shoulder surgery on December 30, 2024, and is now unable to drive or provide for his basic daily needs. You are the only care giver for your father.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the Bureau of Prisons (BOP), to reduce a term of imprisonment for extraordinary or compelling reasons. In accordance with BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with the general guidance.

RIS consideration may be given to inmates who have been diagnosed with a terminal and incurable disease whose life expectancy is 18 months or less, who have a progressive illness or who have suffered a debilitating injury from which they will not recover. You are a 47-year-old male with a medical care level 2, stable, chronic care diagnosis. While it is understandable you desire to be with your family and care for your father, this does not present extraordinary or compelling reasons for you to receive a Compassionate Release or RIS.

Based upon a review of all factors listed above, I do not find "extraordinary or compelling circumstances" as required by the statute to recommend the Bureau make a motion before your sentencing court seeking a reduction in sentence. Your request for Compassionate Release/RIS is denied. If you are not satisfied with this response to

Compassionate Release/RIS
CAPPS, Michael R
Reg. No.: 66142-509
Page 2

your request, you may commence an appeal of this decision via the Administrative Remedy process.

I trust this addresses your concerns.