## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      *Plaintiff,*

vs.

                                  Case No. 21-10073-EFM

MICHAEL R. CAPPS,

      *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se Defendant Michael Capps's Motions to Reduce Sentence (Docs. 247, 248, and 253). He seeks early release from prison for family circumstances and health care reasons. The Government opposes Defendant's motions. For the reasons stated below, the Court denies Defendant's motions.

### I.      Factual and Procedural Background

On December 21, 2022, Defendant was found guilty on 12 counts, including one count of bank fraud, three counts of false statements to a bank and the Small Business Administration, four counts of wire fraud, and four counts of money laundering. On May 11, 2023, the Court sentenced

Defendant to 27 months' imprisonment, to be followed by two years of supervised release.[1] Defendant appealed his conviction to the Tenth Circuit on May 17, 2023, and the Court allowed Defendant's release during his appeal.

On August 13, 2024, the Tenth Circuit affirmed this Court's judgment, and the mandate was issued on October 24, 2024. On November 18, 2024, Defendant filed a motion for extension of time to voluntarily surrender and requested the self-surrender date of December 31, 2024. The Court granted Defendant's request, and Defendant surrendered on that date.

On January 25 and January 26—a mere three weeks after reporting to prison—Defendant filed Motions to Reduce Sentence, requesting immediate release from prison.[2] On February 1, 2025, Defendant filed a third motion, entitled a "Renewed Motion to Expedite Consideration of Defendant's Motion for Compassionate Release." In this motion, he seeks expedited consideration of his motions.

Defendant asserts that his father's health is poor following a recent shoulder surgery and fall in which he broke two ribs and his hand. Defendant contends that his father is unable to care for himself and that Defendant is the only available caregiver to help him. In addition, Defendant asserts that he faces ongoing health risks due to the prison's alleged inability to maintain his CPAP device and alleged lack of access to mental health treatment. The Government opposes Defendant's motions.

---

[1] Defendant was also ordered to pay $318,647.21 in restitution, and the Court entered a forfeiture judgment in the amount of $178,193.17. The Court will not set forth all the restitution issues here. Suffice to say, there have been numerous disputes. Defendant is currently appealing the Court's rulings on those issues.

[2] The Federal Public Defender's office declined representation of Defendant in this matter.

## II.    Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows a defendant to seek early release from prison provided certain conditions are met. First, a motion for compassionate release may only be filed if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[3] Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[4]

If a defendant satisfies the exhaustion requirement, district courts use a three-part test when deciding a defendant's motion.[5] This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[6] If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without

---

[3] 18 U.S.C. § 3582(c)(1)(A).

[4] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

[5] *United States v. McGee*, 992 F.3d 1035, 1042–43, 10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[6] *McGee*, 992 F.3d at 1042 (citations and internal quotation marks omitted).

addressing all three factors.[7] If, however, the Court grants the motion, the Court must address all steps.[8]

### III.      Analysis

Defendant requests early release from prison to care for his ailing father. In addition, Defendant contends that the prison is inappropriately managing his health conditions. The Government asserts that Defendant is not an appropriate candidate for a sentence reduction. The Court finds that Defendant cannot establish an extraordinary and compelling reason warranting a reduction in sentence.

### A.      Exhaustion

Defendant submitted a compassionate release request to the Warden of his facility on January 20, 2025. Defendant then filed two of his motions for compassionate release with this Court five days later, prior to exhausting his administrative remedies. The Government originally—and rightly so—asserted that Defendant had not exhausted his administrative remedies and requested dismissal of Defendant's motions.[9]

On February 8, 2025, however, Defendant filed a response to the Government's motion in which he attached the Warden's January 27, 2025, denial of Defendant's request for compassionate release. The Government concedes that Defendant now meets the exhaustion requirement. Thus, although Defendant's motions originally could have been dismissed for failure to exhaust, the

---

[7] *Id.* at 1043 (citation omitted); *see also United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021) (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[8] *McGee*, 992 F.3d at 1043 (citation omitted).

[9] Doc. 254 (Government's Motion to Dismiss Compassionate Release Motions).

Court now finds that Defendant has satisfied the exhaustion requirement in § 3582(c) and will proceed to determine the merits of Defendant's motion.

**B.      Extraordinary and Compelling Reasons**

In determining whether a defendant presents an extraordinary and compelling reason warranting a sentence reduction, the Court considers whether the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[10] On November 1, 2023, the Sentencing Commission issued new sentencing guidelines, including a policy statement, which is now included within the text of the guidelines.[11] Some of the circumstances that may be relevant when deciding if a defendant presents an extraordinary and compelling reason for a sentence reduction include: (1) the medical circumstances of the defendant; (2) the age of the defendant and a serious deterioration in health; (3) the family circumstances of the defendant; (4) the defendant was the victim of sexual or physical abuse while incarcerated by or at the direction of an employee of the correctional facility; and (5) any other circumstances or combination of circumstances that are similar in gravity to the first four circumstances.[12] In addition, an unusually long sentence may be a consideration but only if there has been a change in the law; the defendant has served at least ten years of the unusually long sentence; and the change in law would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."[13]

---

[10] 18 U.S.C. § 3582(c)(1); *see also McGee*, 992 F.3d at 1042.

[11] *See* U.S.S.G. § 1B1.13.

[12] *Id*. § (b)(1)–(5).

[13] *Id*. § (b)(6).

In this case, Defendant first requests compassionate release to take care of his father. He asserts that his father recently had shoulder surgery and suffered a fall in which he broke two ribs and his hand. He states that his father is unable to take care of himself. Defendant states that he is the only available caregiver because his sister works full time and has underlying health conditions.

Section § 1B1.13(b)(3)(C) provides that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may be an extraordinary and compelling reason for release. The plain language of § 1B1.13(b)(3)(C), however, requires that Defendant be the *only* available caregiver.[14] Defendant fails to make this demonstration. The record reflects that Defendant has several half-siblings that could be Defendant's father's caregiver.[15] Thus, Defendant simply cannot establish that he is the only available caregiver.

Furthermore, the Court finds that Defendant's father is not incapacitated within the meaning of the guidelines. "'Incapacitation' within the meaning of § 1B1.13(b)(3) typically means that the individual is 'completely disabled' and 'cannot carry on any self-care' or 'is totally confined to a bed or chair.'"[16] Here, the evidence indicates that Defendant's father is recovering from shoulder surgery and then suffered a fall in which he broke two ribs and his hand. Although

---

[14] *Id.* § (b)(3)(C); *see also United States v. Davis*, 2024 WL 4436600, at *2 (D. Kan. Oct. 7, 2024) (denying the defendant's request for early release after finding that the defendant was not the only available caregiver because the defendant's three sisters could help even though the sisters had busy lives).

[15] The Court has reviewed Defendant's Presentence Investigation Report ("PSI") which states that Defendant has four paternal half-siblings, one of which is deceased. Another half-sibling, Tammy Boyer, provided an affidavit in which she averred that she herself was ill and was unable to take care of their father. There is no information on the other two half-siblings' ability to care for Defendant's father. The Court also notes, however, that the PSI indicates that Defendant and his father were estranged for quite some time, and in 2023, Defendant only had contact with his father once or twice a year.

[16] *United States v. Smith*, 2024 WL 4102041, at *2 (E.D. Ky. Aug. 27, 2024) (citing *United States v. Steele*, 2024 WL 1928945, at *3 (S.D. Ohio May 1, 2024)); *see also United States v. Striganivicz*, 2025 WL 52006, at *2–3 (E.D. Pa. Jan. 8, 2025) (citing cases in which courts found that incapacitation means "completely disabled" or cannot "carry on any self-care and is totally confined to a bed or chair.").

Defendant's father may have limited mobility, these conditions do not incapacitate him within the meaning of the guidelines.[17] The Court expresses its sympathy for Defendant's father's health challenges, but these circumstances simply do not indicate that he is incapacitated. Thus, because Defendant is not the only available caregiver and because Defendant's father is not incapacitated within the meaning of the guidelines, Defendant fails to present an extraordinary and compelling reason warranting release.

Defendant additionally contends that his medical circumstances warrant an early release from prison. Section 1B1.13(b)(1) provides that the medical circumstances of the defendant may provide an extraordinary and compelling reason for release. Specifically, a consideration under § 1B1.13(b)(1)(C) is whether the defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."[18]

Defendant asserts that he faces ongoing health risks due to the alleged inability to properly maintain his CPAP device and due to lack of access to mental health treatment. There simply is insufficient evidence showing that Defendant is suffering from a medical condition that requires long-term specialized medical care and/or that he is not being provided with appropriate medical care. Thus, Defendant fails to present an extraordinary and compelling reason based on his health care concerns that warrants early release.

---

[17] *See Steele*, 2024 WL 1928945, at *3 (stating that hip and knee replacement surgeries do not fall within the meaning of incapacitation).

[18] U.S.S.G. § 1B1.13(b)(1)(C). Sections 1B1.13(b)(1)(A) and (B) are wholly inapplicable to Defendant.

C.    **Section 3553(a) Factors**

The Court's conclusion is bolstered by a consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[19] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[20]

Defendant was found guilty on 12 counts related to COVID-19 fraud in 2022. He was sentenced to 27 months' imprisonment. The Court allowed his release while he appealed his conviction to the Tenth Circuit, and it also allowed an extension of time for Defendant to self-surrender after the Tenth Circuit's mandate was issued. Defendant reported to prison on December 31, 2024, and he filed a motion for release after serving only 25 *days* of his 27-month sentence. At this point, he has only served 45 days and granting him release would constitute a sentence reduction of approximately 95%. Reducing Defendant's sentence to time served is completely unwarranted and would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment.[21] Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

---

[19] *See* 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[20] 18 U.S.C. § 3553(a).

[21] The Court also notes that Defendant has objected to every means the Government has sought to obtain restitution from Defendant this past year. He has filed no less than 10 motions, and Defendant has paid very little of the restitution amount.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 247), Supplemental Motion to Reduce Sentence (Doc. 248), and Renewed Motion to Expedite Consideration of Defendant's Motion for Compassionate Release (Doc. 253) are **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss Compassionate Release Motions (Doc. 254) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 14th day of February, 2025.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE