IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS (Wichita Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-10073-EFM |
| MICHAEL CAPPS, | ) |
| Defendant. | ) |

DEFENDANT'S VERIFIED SUPPLEMENTAL REPLY

## I. Introduction

This Verified Supplemental Reply is submitted to address three key points to Defendant's compassionate release: (1) the updated declaration of Charles Ford, (2) the Court's concerns regarding estrangement, and (3) the demonstrated success of the CARES Act in assessing recidivism risk for similarly situated defendants. Additionally, this Reply clarifies Defendant's actual percentage of sentence served in light of good conduct time and First Step Act (FSA) credits, highlighting the potential imminent transition to community custody.

## II. Updated Declaration of Charles Ford

Since the original Reply, Charles Ford has submitted an updated declaration confirming that his health has deteriorated further. His injuries from a January 25, 2025 fall - two broken ribs, a broken hand, a head laceration, and complications from shoulder surgery - underscore the urgent need for a full-time caregiver. Exhibit U establishes that Defendant is the only available family member capable of providing essential daily care. Given the immediacy of Mr. Ford's condition and the inadequacy of current assistance from neighbors, Defendant's presence is necessary to prevent further harm.

## III. Addressing the Court's Concerns About Estrangement

The Court previously raised concerns regarding potential estrangement between Defendant and Charles Ford. However, factual clarification establishes that Defendant took proactive steps to reconnect with his father beginning in

Pg. 1

May, 2023, shortly after sentencing. Defendant **regularly traveled from Wichita to Tulsa until November, 2023** to be closer to his father and half-sister, Tammy. From **November, 2023 onward, Defendant has resided in Tulsa,** affirming a strong and sustained familial bond. The characterization of estrangement is therefore misplaced, and the evidence demonstrates a well-established support system.

IV. The CARES Act and Recidivism Risk Assessment

The Bureau of Prisons' (BOP) data on home confinement under the CARES Act reveals that defendants **who match Defendant's profile - first-time, non-violent, white-collar offenders with strong community ties - pose the lowest risk of recidivism. Defendant is a 47-year-old, first-time offender convicted of a financial crime, with no prior criminal history and significant family and community support.** Empirical dats frm the CARES Act supports the conclusion that individuals in this category **successfully transition to community settings without reoffending.** This precedent strongly favors Defendant's eligibility for compassionate release and home confinement.

V. Clarification of Percentage of Sentence Served

The Court's reference to percentage of sentence should be adjusted to reflect Defendant's **actual projected release timeline,** which considers earned credits under federal sentencing guidlines and statutes.

1. Initial Sentence: **27 months**
2. 15% Good Conduct Time Reduction: **4 months**
3. Projected Release Date (with Good Conduct Time Applied): **November 26, 2026**
4. Earned FSA Credit (210 days): Advanced release to **April 26, 2026**
5. Second Chance Act RRC Placement (Up to 12 Months):
   Transition to community as early as April 26, 2025

These calculations confirm that Defendant is **within months of potentially transitioning to community custody,** further supporting the appropriateness of compassionate release and reintegration into society aligning with public safety interests.

VII. Conclusion

This Supplemental Reply directly addresses the Court's concerns and presents compelling new information favoring compassionate release. Defendant has demonstrated **continued family engagement, an urgent medical necessity for his father's care, anegligible risk of recidivism, and potentially an imminent transition to community care.** Based on these factors, compassionate release remains a just and reasonable outcome.

I declare under penalty of perjury, the foregoing is true and correct.

Submitted on the 21st day of February, 2025.

Respectfully submitted,

Michael Capps
Register No 66142-509
Florence Prison Camp
PO Box 6000
Florence, CO 81226

STATE OF OKLAHOMA)
ss.)
TULSA COUNTY)

## SUPPLEMENTAL DECLARATION OF CHARLES FORD

I, Charles Ford, declare under penalty of perjury that the following is true and correct:

I am 77 years old and reside at 2617-E South 225th West Avenue, Sand Springs, Oklahoma 74063.

1. I make this declaration in continued support of the compassionate release petition for my son, Michael Ray Capps, who remains incarcerated at FCI Florence.
2. I previously submitted an affidavit dated January 11, 2025, detailing my medical conditions and need for assistance following shoulder surgery. This declaration serves to update the Court on my current condition as of February 22, 2025.
3. In the six weeks since my initial affidavit, my recovery from shoulder surgery has been slower than anticipated. The fall I took on January 25, 2025, was a setback to the healing process. I continue to have limitations with my mobility and ability to care for myself independently.
4. On January 25th, my limited mobility and lack of assistance led to my accident. While attempting to navigate around a tarp my foot became entangled, and I fell. This fall resulted in:
   a. Two broken ribs
   b. A broken hand
   c. A laceration to my head
   d. Complications in my shoulder recover
5. During this incident, I had my phone and was able to call for assistance but due to the location of my home it took a little over two hours to get to the emergency room.

If my son was granted compassionate release, he would reside with me and serve as my primary caregiver, ensuring that I receive consistent care and assistance necessary to prevent further accidents and support my recovery.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of February 2025

_____
Charles Ford