IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 21-10073-EFM

MICHAEL R. CAPPS,

    *Defendant.*

**MEMORANDUM AND ORDER**

    This matter is before the Court on Movants' "Combined Notice of Appeal and Conditional Motion for Extension of Time to File Notice of Appeal of Duaglo, LLC and Charles Capps" (Doc. 256). In this motion, they seek "a protective extension of time to file a Notice of Appeal in a criminal case pursuant to [Federal Rule of Appellate Procedure] 4(b)(4)." Movants assert that they occupy an unusual position in this criminal case against Defendant Michael Capps because they are not the criminal defendant or the Government. Instead, they are claimants to property that is subject to the Government's collection procedures to enforce its restitution order against Defendant Michael Capps. Because of this unusual posture, Movants contend that they "more nearly occupy the role of a civil party" and thus should be subject to the appeal deadlines in a civil case. They request that the Court enter an order extending the time for them to file a Notice of Appeal in this criminal case.

-2-

Pursuant to Fed. R. App. P. 4(b)(1), in a criminal case, "a notice of appeal must be filed in the district court within 14 days" of "the entry of . . . the order being appealed."[1] Federal Rule of Appellate Procedure 4(b)(4) provides that a district court may extend the time to file a notice of appeal upon a finding of excusable neglect or good cause.[2] It is within the court's discretion whether to extend the time for filing a notice of appeal.[3]

Here, the Court issued its order denying Charles Capps's Motion for Reconsideration (Motion to Alter or Amend) on January 23, 2025. Movants did not file a Notice of Appeal within 14 days of the order. Instead, they filed their Notice several days after this time period had expired. When they filed their Notice of Appeal, they also filed this motion seeking an extension of time to file their Notice. Movants, however, did not follow Fed. R. App. P. 4(b)(4). Specifically, Movants did not address whether excusable neglect or good cause existed to extend the time.[4] Thus, because Movants fail to demonstrate to the Court excusable neglect or good cause to warrant an extension of time, the Court denies Movants' motion for extension of time.

**IT IS THEREFORE ORDERED** that Movants' Motion for Extension of Time to File Notice of Appeal (Doc. 256) is **DENIED**.

---

[1] Fed. R. App. P. 4(b)(1)(A)(i). In a civil case, the notice of appeal must be filed within 30 days after entry of the judgment or the order. Fed. R. App. P. 4(a)(1).

[2] Fed. R. App. P. 4(b)(4).

[3] *United States v. Torres*, 372 F.3d 1159, 1161 (10th Cir. 2004); *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004).

[4] *See* Fed. R. App. 4(b)(4); *see also Torres*, 372 F.3d at 1162 (setting forth the excusable neglect standard); *Bishop*, 371 F.3d at 1206–07 (setting forth both the excusable neglect and good cause standards).

-3-

**IT IS SO ORDERED**.

Dated this 27th day of February, 2025.

*Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE