Dr. Brian A. Coon, PhD, JD, PE (Kansas Bar #22988)
Of Counsel to Defendant Aid Society
310 W. Central Ave., Ste. 203
Wichita, KS 67202
Defendant Aid Society
10808 S. River Front Parkway, Suite 3046
South Jordan, UT 84095
Phone: (316) 265-5882
Toll-Free: (800) 489-8146
Email: brian.coon@defendantaidsociety.org
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>     *Plaintiff*,                                     )<br>                                                              )<br>v.                                                         )     Case No. 21-CR-10073-EFM<br>                                                              )<br>MICHAEL R. CAPPS,                          )<br>                                                              )<br>     *Defendant*.                                  )<br>_____)  | |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME**
**AND FOR LEAVE TO FILE AN OVERLENGTH REPLY**

Defendant Michael R. Capps, by counsel, respectfully moves for (1) a short extension of the reply deadline tied to the Court's ruling on his contemporaneous Criminal Justice Act ("CJA") expert request and the completion of the expert's report, and (2) leave to file a reply not to exceed 14 pages.

Good cause exists. The government's opposition rests on a single July 23, 2025, BOP provider note and does not engage several material medical facts; a narrowly tailored extension and modest overlength are necessary to give the Court a complete and reliable record.

Pursuant to D. Kan. Rule 7.1(a), undersigned counsel has conferred with Assistant United States' Attorney Jared Maag, who does not oppose this motion.

## I. Procedural Posture

Current counsel (Brian A. Coon of the Defendant Aid Society) entered an appearance on August 5, 2025, and the Court set the reply deadline for September 9, 2025 (text order on the docket).

Contemporaneously with this motion, Mr. Capps has filed a sealed, ex parte motion for authorization of CJA funds under 18 U.S.C. § 3006A(e) to retain a medical expert, and a separate Motion for Leave to File Under Seal and to Proceed Ex Parte—precisely to protect medical privacy and defense strategy as § 3006A(e) contemplates.

## II. The Government's Response Narrows—And Confirms—the Issues

The government concedes exhaustion (Resp. at 3–4) and frames the case under § 3582(c)(1)(A) and amended USSG § 1B1.13 (Resp. at 4–8). As to the merits, the government's only factual showing is the July 23, 2025, BOP clinical note; relying on that, it asserts that Mr. Capps had a plan, was "satisfied" with his prescriptions, and that his CPAP was "working better" (Resp. at 9–10). On § 3553(a), it recites offense data and time-served (Resp. at 11–12). It also notes that rehabilitation alone cannot justify relief (Resp. at 11).

Crucially, the government does not address several core medical facts Mr. Capps will present in his reply via sworn declarations and records (discussed in Part III), and it attaches no contemporaneous vitals, labs, medication administration records, or CPAP compliance data following July 23 (Resp. at 8–10).

2

### III. Undisputed or Unaddressed Facts the Reply Will Present (Good-Cause Proffer)

Mr. Capps's forthcoming reply will attach sworn declarations and records establishing the following—none of which the government even attempts to rebut in its brief:

> Sustained hypertensive crisis: serial readings in June–August 2025 at or above crisis thresholds (including 217/108 and 220/110), with a syncopal collapse on August 20 witnessed by two inmates; clinic closed; no emergent intervention. The government does not dispute these events or readings anywhere in its brief (Resp. passim; merits section at 8–10 omits them).

> Severe OSA metrics and CPAP damage: an AHI in the "extreme" range with $O_2$ nadir in the low 50s; CPAP equipment damaged on March 12, 2025; mask not replaced, rendering therapy ineffective—government silent (Resp. at 8–10).

> Abrupt medication discontinuations and hypogonadism: testosterone dropped into a hypogonadal range; government acknowledges low T only through the July 23 note but supplies no post-visit labs or administration records (Resp. at 9–10).

> Record falsification: January 8 "exam" that did not occur; and, on July 23, under-reported BP and exam elements charted though not performed; government does not engage these falsification allegations (Resp. at 8–10).

> Access barriers: Florence's severely limited sick-call window and locked clinic at the time of a documented crisis; government silent (Resp. at 8–10).

> BOP's own medical-need placement recommendation: the unit team/medical/psych/warden endorsed September 30 RRC placement for medical reasons, but Dallas RRM overrode to January 8 on "bed space" grounds—later advanced to December 3 after outside intervention; the government does not address any of this (Resp. passim).

By contrast, the July 23 BOP note the government cites actually admits: "BPs continue to be elevated," with a contemporaneous reading of 159/108, and documented low testosterone with a plan to restart at 75 mg/wk—yet there is no proof those orders were ever dispensed or effective, and Modafinil was only proposed (all per the BOP record the government relies on). The reply will authenticate and explain these materials.

### IV. Why an Expert and Modest Overlength Are Necessary

<u>Expert necessity.</u> The government has chosen to advance a present-tense adequacy argument anchored to a single clinic note. A qualified medical expert—funded under the CJA application now before the Court—will evaluate whether the standard of care has been met and whether Mr. Capps's risks of stroke, MI, or other catastrophic outcomes are materially elevated in the current carceral setting. That expert analysis will materially assist the Court in applying § 1B1.13(b)(1)(C) and (b)(5) to a current risk profile, as the Commission intended.

<u>Overlength.</u> D. Kan. L.R. 7.1(d)(3) caps replies at five pages. Given the record complexity (multiple declarations, medical logs, BOP notes, contemporaneous correspondence, and placement history), five pages is insufficient to (i) present the medical facts succinctly but fairly, (ii) address the government's pages 8–12 merits arguments with pinpoint citations, and (iii) walk through the § 3553(a) factors in light of BOP's own recognition of the medical need. A 14-page cap—still lean by complex-medical standards—is narrowly tailored.

### V. Requested Relief

Defendant respectfully requests:

1. Extension of Time (tied to the CJA ruling/report).

    If the Court denies the CJA expert funding request, the reply deadline shall be five (5) days after the Court's order on that motion; or

    If the Court grants CJA funding, the reply deadline shall be fourteen (14) days after the expert completes a written report that is disclosed to the government.

2. Leave to File Overlength Reply. Permission to file a reply not to exceed 14 pages, exclusive of exhibits.

4

This relief is modest, time-bounded, and will materially assist the Court. It also places the onus on the defense to proceed promptly following the Court's CJA ruling or the expert's report.

## VI. Conclusion

For the foregoing reasons, Mr. Capps respectfully requests that the Court grant this motion and enter the attached proposed order.

        Respectfully submitted,

        /s/ Brian A. Coon
        Dr. Brian A. Coon, PhD, JD, PE (Kan. Bar #22988)
        Of Counsel to Defendant Aid Society
        310 W. Central Ave., Ste. 203, Wichita, KS 67202
        10808 S. River Front Parkway, Suite 3046, South Jordan, UT 84095
        (316) 265-5882 | brian.coon@defendantaidsociety.org
        Attorney for Defendant

Dr. Brian A. Coon, PhD, JD, PE (Kansas Bar #22988)
Of Counsel to Defendant Aid Society
310 W. Central Ave., Ste. 203
Wichita, KS 67202
Defendant Aid Society
10808 S. River Front Parkway, Suite 3046
South Jordan, UT 84095
Phone: (316) 265-5882
Toll-Free: (800) 489-8146
Email: brian.coon@defendantaidsociety.org
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CR-10073-EFM |
| ) | |
| MICHAEL R. CAPPS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## [Proposed] ORDER

Upon consideration of Defendant's Motion for Extension of Time and for Leave to File an Overlength Reply, and for good cause shown, it is ORDERED:

Defendant is granted leave to file a reply not to exceed 14 pages, exclusive of exhibits.

IT IS SO ORDERED.

Dated: _____, 2025

ERIC F. MELGREN
Chief United States District Judge