IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

       v.                            Case No.  6:21CR10073-001-EFM

MICHAEL R. CAPPS,

        Defendant,

    and

SECURITY 1ST TITLE,

        Garnishee.

## **MOTION FOR GARNISHEE ORDER**

The United States of America, by Ryan A. Kriegshauser, United States Attorney for the District of Kansas, and Kathryn E. Sheedy, Assistant United States Attorney, moves the Court for a Garnishee Order directing Garnishee Security 1st Title to pay over property of Defendant Michael R. Capps.

In support of its motion, the United States represents the following:

1.     A Writ of Garnishment, Doc. 171, was issued by the Clerk on February 5, 2024.

2.     The United States served Garnishee Security 1st Title with copies of the Writ of Garnishment, Doc. 171, and an instruction explaining the requirement that Garnishee submit a written answer to the writ as required by 28 U.S.C. § 3205(c)(3), by mailing these documents by certified mail, return receipt requested, to Garnishee Security 1st Title. The return of service verified Garnishee's receipt of the mailing on February 12, 2024.

3. The United States mailed Defendant Michael R. Capps copies of the Application for Writ of Garnishment, Doc. 170, the Writ of Garnishment, Doc. 171, the Clerk's Notice required by 28 U.S.C. § 3202, and instructions to Defendant for objecting to the answer of the garnishee and for obtaining a hearing on the objections as required by 28 U.S.C. § 3205(c)(3) on February 14, 2024.

4. Plaintiff United States of America served copies of the Application for Writ of Garnishment, Doc. 170, the Writ of Garnishment, Doc. 171, and the Clerk's Notice required by 28 U.S.C. § 3202 on each person whom the United States, after diligent inquiry, has reasonable cause to believe has an interest in the property in the custody, control, or possession of Garnishee Security 1st Title by mailing these documents to: Charles Capps c/o Tedd Knopp on February 9, 2024.

5. More than twenty (20) days have passed since Defendant Michael R. Capps and all interested parties were served with a copy of the Clerk's Notice required by 28 U.S.C. § 3202, and the following claim for exemption, requests for hearing, objections, and motions have been filed with the Court related to the garnishment:

    a. Limited Appearance of Claimant Charles Capps to Object to Garnishment and to Provide Notice of Interpleader Action, Doc. 174. A hearing was held on this objection on September 12, 2024. The Court overruled this objection, with the Court finding Claimant Capps has no valid, legal right to $50,000 of Security 1st's escrowed funds. Doc. 229.

    b. Exemption Claim and Hearing Request, Doc. 175. The Court denied Defendant's exemption claim and hearing request. Doc. 192. Defendant Capps appealed the Memorandum and Order, Doc. 192, that denied multiple motions,

including the Exemption Claim and Hearing Request. Doc. 193. However, Defendant-Appellant Capps did not raise any issues in his Opening Brief relating to denial of his Exemption Claim and Hearing Request. A copy of Appellant's Opening Brief filed on October 26, 2024, in *United States of America v. Michael R. Capps*, United States Court of Appeals for the Tenth Circuit; Case No. 24-3083 is attached as Exhibit A.

c.  Objection to Garnishment, Doc. 197, filed by Charles Capps. The Court acknowledged the procedural irregularities of this second objection by Claimant Charles Capps and considered it to be a Reply to the United States' Response to his initial objection, Doc. 174, that was denied by the Court. Doc. 229, fn 12.

d.  Joint Motion for Distribution of Funds by Charles Capps, Doc. 215. The Court denied this Motion. Doc. 229.

e.  Joint Motion to Allow Intervention by Duaglo, LLC, Doc. 217. The Court denied this motion. Doc. 229.

6.  The Court also dismissed the Petition in Interpleader filed in state court, which was removed to this Court. *Charles Capps et al. v. United States of America*, in the U.S. District Court for the District of Kansas; Case No. 6:24-cv-1042, Doc. 12.

7.  Garnishee Security 1st Title filed an Answer on February 29, 2024, Doc. 176, stating that at the time of the service of the Writ of Garnishment it had in its custody, control, or possession property in which Defendant Michael R. Capps has an interest or for which Garnishee Security 1st Title is or may become indebted to Defendant in the form of : a cash deposit with the approximate value of $74,573.37 as of February 26, 2024.

8.      More than twenty (20) days have passed, plus three days for mailing, since Garnishee Security 1st Title mailed a copy of its Answer to Defendant Michael R. Capps and no objection has been filed with the Court.

9.      All claims for exemption, requests for hearing, objections, and other matters relating to the Writ of Garnishment have been resolved by the Court and the Court's decisions denying intervention by Duaglo, determining that Charles Capps did not have a valid mechanic's lien, and holding that the government is entitled to certain proceeds from the sale of the property were affirmed by the Tenth Circuit Court of Appeals. *See* Doc. 322. Therefore, it is appropriate for the Court, pursuant to 28 U.S.C. § 3205(c)(7), to enter an order directing disposition of Defendant's nonexempt interest in the property attached by the Writ of Garnishment.

WHEREFORE, the United States moves the Court for a Garnishee Order directing Garnishee Security 1st Title to immediately liquidate and pay over property of Defendant Michael R. Capps to the United States and that such order remain in effect until such time as Garnishee Security 1st Title no longer has custody, possession, or control of any property belonging to Defendant Michael R. Capps and is no longer indebted to Defendant Michael R. Capps and will not become indebted to Defendant Michael R. Capps in the future.

Plaintiff United States further requests that all payments should be made payable to the "Clerk, U.S. District Court," with a notation of Defendant Michael R. Capps's name and the Case No. 6:21CR10073-001-EFM, and be mailed to the United States District Court Clerk at Wichita U.S. Federal Court, 401 N Market, Suite 204, Wichita, KS 67202.

Respectfully submitted,

RYAN A. KRIEGSHAUSER
United States Attorney
District of Kansas


s/ Kathryn E. Sheedy
KATHRYN E. SHEEDY
Assistant United States Attorney
Ks. S.Ct. No. 22867
444 SE Quincy
Federal Building, Suite 290
Topeka, KS 66683-3592
PH:  785-295-2850
FX:  785-295-2658
Email: kathryn.sheedy@usdoj.gov
Attorneys for the Plaintiff United States


## CERTIFICATE OF MAILING

I certify that on March 18, 2026, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice to all parties receiving notices electronically, including Defendant Michael R. Capps.

I further certify that on this date the foregoing document and the notice of electronic filing were served via U.S. mail upon the following non-CM/ECF participant:

Security 1st Title
c/o David Armagost, Resident Agent
727 N. Waco, Suite 300
Wichita, KS 67203
Garnishee


s/ Kathryn E. Sheedy
KATHRYN E. SHEEDY
Assistant United States Attorney