**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

    *Plaintiff,*

       v.                     Case No. 6:21CR10073-001-EFM

MICHAEL R. CAPPS,

    *Defendant,*

      and

SECURITY 1ST TITLE,

    *Garnishee.*

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO UNITED STATES'**
**MOTION FOR GARNISHEE ORDER, AND REQUEST FOR HEARING**

---

Defendant Michael R. Capps, appearing pro se, respectfully submits this Response in Opposition to the United States' Motion for Garnishee Order (Doc. 326), filed March 18, 2026. For the reasons set forth below, entry of a final disposition order at this time would be premature. The garnishee's answer upon which the government relies is now more than two years old, reflects only an approximate balance, and was executed by counsel rather than a person with direct custodial knowledge of the account. Furthermore, Defendant has had no opportunity to be heard specifically on this disposition motion. Defendant therefore requests that the Court (1) decline to enter the proposed order until an updated garnishee answer establishing the current, accurate

balance of the escrow account is filed; (2) in the alternative, conduct a hearing pursuant to 28 U.S.C. § 3205(c)(7) before entry of any disposition order; and (3) deny the overbroad prospective scope of the government's requested order as inconsistent with the statute.

## I. THE GARNISHEE'S ANSWER IS STALE AND INSUFFICIENT TO SUPPORT A FINAL DISPOSITION ORDER

The government's motion rests entirely on the Answer filed by Garnishee Security 1st Title on February 29, 2024 - more than twenty-five months ago. Doc. 176. That answer reported a cash deposit with an "approximate value" of $74,573.37 as of February 26, 2024. The answer did not represent a final or audited balance; it was a contemporaneous estimate made at the outset of contested garnishment proceedings in which multiple adverse claims were expressly acknowledged.

Critically, the Tenth Circuit itself noted a $23.00 discrepancy between the amount reported in the garnishee's answer and the surplus amount calculated from closing documents, and acknowledged that "Security 1st has not provided an explanation for this difference." United States v. Capps, No. 25-3025, slip op. at 3 n.1 (10th Cir. Feb. 19, 2026). This unresolved discrepancy was present at the appellate level and remains unresolved in the record before this Court.

Section 3205(c)(7) of Title 28 authorizes the court to enter an order directing "disposition of [the] defendant's nonexempt interest in the property." 28 U.S.C. § 3205(c)(7). This requires that the court know, with reasonable certainty, what that interest currently is. The record presently before the Court contains only a 25-month-old approximation, made under circumstances in which the garnishee characterized its own role as "Stakeholder/Escrow Agent" - not as an unconditional holder of funds belonging to Defendant. Doc. 176 at 2. The garnishee further noted in its answer

that "Defendant has competing claims to the funds" and requested a court order before disbursing anything. Id.

Escrow accounts are not static. Over the course of more than two years, the balance in the Security 1st Title escrow account may have been affected by administrative fees, maintenance charges, interest accruals, or other adjustments. Neither the government's motion nor the existing record accounts for any such changes. Entering a disposition order based on a stale, approximate figure exposes the Court to the possibility of ordering payment of an amount that does not reflect what the garnishee actually holds. The government should be required to obtain and file an updated garnishee answer, verified by a person with direct and current knowledge of the account balance, before this Court acts.

Additionally, the verification on Doc. 176 was executed by Jeff Amrein, identified on the face of the document as "Counsel" for Security 1st Title - not by an officer or employee of the company with personal custodial knowledge of the escrow account. While this may not have been dispositive at the time of the initial answer, for purposes of a final disposition order, the Court should require confirmation from an individual with actual, direct knowledge of the current state of the account.

## II. DEFENDANT IS ENTITLED TO A HEARING BEFORE ENTRY OF A DISPOSITION ORDER UNDER 28 U.S.C. § 3205(c)(7)

The government's motion was filed today, March 18, 2026. Defendant has not previously had any opportunity to be heard on the specific question of the form and scope of a final disposition order under 28 U.S.C. § 3205(c)(7). Prior proceedings addressed distinct issues: Defendant's exemption claim (Doc. 175, denied at Doc. 192) and the competing third-party claims of Charles

Capps and Duaglo, LLC. None of those proceedings constituted a hearing on the disposition order itself.

The Federal Debt Collection Procedures Act contemplates a hearing right at the disposition stage that is separate from and in addition to earlier exemption proceedings. Section 3202(d) provides that a judgment debtor may request a hearing on the garnishment, and the court "shall" hold such hearing. 28 U.S.C. § 3202(d). Defendant now requests such a hearing, specifically to address: (a) the accuracy and currency of the garnishee's reported balance; (b) any interest, fees, or adjustments to the escrow account since February 2024; and (c) the overbroad prospective language of the government's proposed order, addressed further below.

A hearing is especially warranted here because the government's proposed order would not merely direct the liquidation of an identified, verified sum - it would remain in effect indefinitely as to any future property that Security 1st Title might hold on Defendant's behalf. That is a significant and open-ended legal consequence that Defendant has not had any opportunity to address.

### III. THE PROPOSED ORDER IS OVERBROAD AND EXCEEDS THE SCOPE OF 28 U.S.C. § 3205

The government's motion requests that the proposed Garnishee Order "remain in effect until such time as Garnishee Security 1st Title no longer has custody, possession, or control of any property belonging to Defendant Michael R. Capps and is no longer indebted to Defendant Michael R. Capps and will not become indebted to Defendant Michael R. Capps in the future." Doc. 326 at 4 (emphasis added).

This language is not authorized by the statute. A writ of garnishment under 28 U.S.C. § 3205 attaches to specifically identified property in the garnishee's custody at the time of the writ. The writ issued in this case, Doc. 171, was directed at the specific escrow funds held by Security 1st Title arising from the sale of Defendant's real property. A disposition order under § 3205(c)(7) is similarly bounded - it authorizes the court to direct disposition of "the defendant's nonexempt interest in the property attached by the Writ." It does not authorize a standing, forward-looking garnishment order against all future obligations that a title company might owe to a judgment debtor.

The proposed language would effectively convert a specific writ of garnishment into a perpetual lien against any and all future dealings between Defendant and Security 1st Title, without a new writ, new notice, or new opportunity to assert exemptions. This exceeds the statutory authority of § 3205 and should be rejected. Any order entered by this Court should be limited to the specific escrowed funds identified in Doc. 171 and Doc. 176.

## CONCLUSION

For the foregoing reasons, Defendant Michael R. Capps respectfully requests that this Court:

1.  Decline to enter a final disposition order until the Government has obtained and filed an updated, verified answer from Garnishee Security 1st Title reflecting the current balance of the escrow account, executed by a person with direct custodial knowledge of the account;

2.  In the alternative, schedule a hearing pursuant to 28 U.S.C. §§ 3202(d) and 3205(c)(7) before any disposition order is entered, at which Defendant may be heard on the accuracy of the

garnishee's reported balance, any changes to that balance, and the scope of any proposed order; and

3.  Deny or modify the overbroad prospective language in the government's proposed order to limit any disposition order to the specifically identified escrow funds attached by the Writ of Garnishment, Doc. 171.

Respectfully submitted,


_____
Michael R. Capps
Defendant, Pro Se
Tulsa, Oklahoma 74107

---

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, a true and correct copy of the foregoing Response was mailed via United States Mail, first-class postage prepaid, to the following:

I hereby certify that on March 19, 2026, the foregoing Response was filed with the Clerk of the Court. Pursuant to the Court's CM/ECF system, electronic notice of this filing will be transmitted to Kathryn E. Sheedy, Assistant United States Attorney, counsel for Plaintiff United States of America.

I further certify that on the same date, a true and correct copy of the foregoing was served upon the following non-CM/ECF participant via United States Mail, first-class postage prepaid:

Security 1st Title
c/o David Armagost, Resident Agent
727 N. Waco, Suite 300
Wichita, KS 67203


_____
Michael R. Capps