# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,    )
    Plaintiff,    )
    )
vs.    )  No.  6:21-cr-10073-EFM-1
    )        6:26-cv-01044-EFM
MICHAEL R. CAPPS,    )
    Defendant.    )

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S
## SECOND MOTION FOR EXTENSION OF TIME

Defendant Michael R. Capps respectfully submits this Opposition to the Government's Second Motion for Extension of Time to File its Response to Defendant's Motion Under 28 U.S.C. § 2255 (Doc. 333).

### 1.  DEFENDANT EXPRESSLY RESERVED THE RIGHT TO OPPOSE THIS MOTION.

In his Response to the Government's first extension motion, Defendant consented to a 45-day extension while expressly reserving the right to oppose any further extension requests, and requested that the Court enter an order setting May 1, 2026 as the deadline for the government's response. Doc. 325 at ¶ 4. The government was on notice at the time it accepted that extension that Defendant would not consent to a second one. Defendant advised the government of his opposition by email on April 27, 2026, prior to the filing of Doc. 333, and the government has accurately noted that opposition in its motion. Doc. 333 at ¶ 4. That reservation was not a formality - it is the foundation of this opposition.

### 2.  THE MOTION REPEATS A DOCKET ERROR THE GOVERNMENT WAS
### CORRECTED ON OVER FOUR WEEKS AGO.

1

Paragraph 1 of the government's motion again identifies Defendant's § 2255 motion as "Doc. 52." Doc. 333 at 1. This Court's docket reflects that Defendant's § 2255 motion is Doc. 321. Defendant identified and corrected this same error in his Response to the government's first extension motion. Doc. 325 at ¶ 2. The recurrence of this error in a second filing, after the government was placed on notice of the correct docket number, is not a typographical oversight - it is a pattern. Defendant notes it for the record so that the Court may ensure its own records are accurate.

### 3.  THE GOVERNMENT'S STATED JUSTIFICATIONS DO NOT WITHSTAND SCRUTINY.

The government's second motion rests on two grounds: the complexity and volume of issues raised in the § 2255 motion, and the undersigned's concurrent obligations in three Tenth Circuit appeals - *United States v. Mentzer*, No. 25-3132; *United States v. Bush*, No. 25-3170; and *United States v. Grigsby*, No. 26-3036. Doc. 333 at ¶ 3. Examination of the publicly available dockets in each of those cases reveals that this justification does not hold up.

**Mentzer (No. 25-3132)** is finished. The government filed its appellee's brief in *Mentzer* on April 23, 2026 - four days before filing the instant motion. Doc. 45, No. 25-3132 (10th Cir. Apr. 23, 2026). Whatever demands *Mentzer* placed on undersigned counsel's time, they concluded before this motion was filed. Notably, the government required three separate extensions from the Tenth Circuit to complete that brief, with the court twice warning that no further extensions would be granted. The pattern of serial extension requests is not unique to this case.

**Bush (No. 25-3170)** shares the exact same May 1, 2026 deadline as the government's response in this case. The government is simultaneously citing one May 1 obligation as justification for

extending the other. The government cannot use each deadline as cover for failing to meet the other. The *Bush* docket further reflects that the government has already obtained two extensions in that matter, with the Tenth Circuit warning after the second that no further extensions would be granted absent extraordinary circumstances. Doc. 21, No. 25-3170 (10th Cir. Mar. 25, 2026). *Bush* is also a § 2255 appeal - the same category of proceeding as the matter the government claims it needs additional time to address.

**Grigsby (No. 26-3036)** presents the weakest justification of the three. The appellant's opening brief in *Grigsby* was filed on April 20, 2026 - seven days before the instant motion. The government's response in *Grigsby* is not due until May 20, 2026. The government has not sought any extension in *Grigsby*, nor would one presently be necessary. Citing a case with 23 days remaining on its response deadline and no pending deadline pressure as "press of business" is not a workload argument - it is a calendar entry. Every active litigator carries cases with future deadlines. That is not burden; that is a docket.

Taken together, the three cases the government cited by name and docket number do not establish the kind of concurrent extraordinary burden that justifies a second extension over a defendant's express objection. If anything, the specificity of the government's citation invites exactly the scrutiny the dockets reveal.

### 4.  BY ANY MEASURE, THE GOVERNMENT HAS HAD SUFFICIENT TIME.

Defendant filed his § 2255 motion on February 24, 2026. By May 1, 2026 - the deadline the government now seeks to extend - the government will have had the motion for 66 days. The proposed new deadline of May 31, 2026 would extend that period to 96 days. The § 2255 motion identifies six claims, each with particularized legal standards and factual predicates, and was

prepared without the benefit of counsel or institutional resources. The complexity of the record was not a surprise created by the § 2255 filing - it is the government's own case, developed over the course of a prosecution in which the government participated at every stage.

### 5.  THE GOVERNMENT'S INACTION ON ITS OWN INVESTIGATIVE PROCESS UNDERMINES THE CLAIM OF DILIGENCE.

On March 25, 2026 - more than 30 days before the current response deadline - the government contacted Defendant's former trial counsel by email requesting a detailed affidavit addressing each IAC claim raised in the § 2255 motion. As of the date of this filing, the public docket reflects no subpoena, no motion to compel, and no court order sought in connection with that affidavit request. An attorney of former counsel's standing and experience would not voluntarily disclose information touching on attorney-client communications based on an informal email request, absent a formal court order or legal process - a reality the government, as a sophisticated litigant represented by its Appellate Chief, unquestionably understands. The government's decision to initiate that process informally and then devote the subsequent 30-plus days to the Tenth Circuit appeals it now cites - rather than pursuing the formal legal mechanisms necessary to actually obtain the affidavit - does not constitute diligence. It is delay of the government's own making, the consequences of which should not be borne by Defendant.

### 6.  THE PROPOSED DEADLINE RAISES A CUSTODY JURISDICTION MATTER THE COURT SHOULD HAVE BEFORE IT.

The government's motion requests a deadline of May 31, 2026. Defendant's current BOP projected release date under the First Step Act is May 2, 2026 - 29 days before the government's proposed deadline. First Step Act release dates recalculate monthly and consistently advance forward, a

mechanic the government, through the Bureau of Prisons - a component of the Department of Justice - has continuous access to and awareness of.

Defendant raises this not to attribute bad faith to the government, but because the record should be clear on two points. First, the Court's jurisdiction over this § 2255 motion is secure regardless of Defendant's custody status at the time of the government's response. Jurisdiction under § 2255 attaches at the time of filing, and Defendant was indisputably in federal custody on February 24, 2026. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Second, supervised release constitutes "custody" for purposes of federal habeas jurisdiction. *Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963); *Maleng*, 490 U.S. at 491. Any argument that Defendant's transition from BOP custody to supervised release affects standing or jurisdiction would be without merit and contrary to settled law. The Court and the parties should proceed on that understanding.

### 7.  THE DISPARITY BETWEEN THE PARTIES COUNSELS AGAINST FURTHER DELAY.

Defendant is proceeding pro se. He researched, drafted, and filed a detailed six-claim § 2255 motion within the AEDPA one-year deadline without counsel, institutional support, or access to the government's own case file. The government is represented by the Appellate Chief of the United States Attorney's Office for the District of Kansas, with access to the full trial and appellate record it developed, the resources of the Department of Justice, and the professional infrastructure of a federal prosecutorial office. The government's resource advantages are not a reason to extend its deadline - they are a reason to hold it to the one already granted.

**WHEREFORE**, Defendant respectfully requests that the Court deny the Government's Second Motion for Extension of Time and order the government to file its response to Defendant's § 2255

5

motion no later than May 1, 2026. In the alternative, should the Court be inclined to grant any extension, Defendant respectfully requests that any such extension be limited to the shortest period the Court deems necessary, that no further extensions be permitted absent extraordinary circumstances demonstrated by specific and verified showing, and that the Court note for the record that jurisdiction over this matter is unaffected by any change in Defendant's custody status.

Respectfully submitted,

Michael R. Capps, Pro Se
Reg. No. 66142-509
Dallas RRM

Dated: April 27, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, a true and correct copy of the foregoing Opposition was transmitted electronically to the Clerk of the Court for the District of Kansas, who will electronically file the same via the CM/ECF system, which will automatically generate notice of filing and effect service upon all registered participants, including:

James A. Brown
Assistant United States Attorney
444 SE Quincy Ave., Ste. 290
Topeka, KS 66683

Michael R. Capps