IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

(Wichita Docket)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-10073-EFM |
| v. | ) | |
| | ) | |
| MICHAEL R. CAPPS, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

**DEFENDANT-MOVANT'S MOTION TO STAY FORFEITURE PROCEEDINGS**

**PENDING RESOLUTION OF MOTION TO VACATE UNDER 28 U.S.C. § 2255**

**INTRODUCTION**

Defendant-Movant Michael R. Capps, proceeding pro se, respectfully moves this Court for a stay of forfeiture proceedings as to the Pershing LLC account (xxxxx4457) pending final resolution of his pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 321). The § 2255 motion, filed February 24, 2026, raises six claims of ineffective assistance of counsel and related constitutional violations, any one of which, if granted, would require modification or vacation of the underlying judgment of conviction.

Because the forfeiture order is an element of that judgment, execution of a final order of forfeiture before the § 2255 motion is resolved would cause irreversible harm to Mr. Capps

1

without corresponding benefit to the government. This Court's sua sponte management of the government's April 14, 2026 motion confirms that the coordination of forfeiture with the pending § 2255 proceeding is a question already before the Court; this motion seeks a formal order preserving the status quo on a clear record through resolution of the § 2255.

## STATEMENT OF FACTS

**A.  Procedural Background.**

Mr. Capps was convicted by jury on **December 21, 2022** on **Counts 1, 2, 4, 5, 7, 8, 9, 10, 12, 13, 14, and 15 of the Indictment**. He was sentenced on May 11, 2023.

On August 13, 2024, the Tenth Circuit affirmed the conviction on direct appeal. *United States v. Capps*, 112 F.4th 887 (10th Cir. 2024). The Supreme Court denied certiorari on February 24, 2025. Supreme Court Docket No. 24-6330.

On February 24, 2026, Mr. Capps filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 321). The § 2255 motion raises six claims of ineffective assistance of counsel and related constitutional violations. The government's response deadline is June 5, 2026; as of the date of this filing, the response has not been filed.

A Preliminary Order of Forfeiture (Doc. 83) was previously entered as to, among other assets, the Pershing LLC account (xxxxx4457).

On April 14, 2026, the United States filed a Motion for Final Order of Forfeiture (Doc. 331) seeking entry of a final order of forfeiture as to the Pershing account. No third-party claims were filed. On the same day, without waiting for any response from any party, this Court entered a text-only order denying that motion without prejudice to refiling. Doc. 332. The Court's sua sponte denial - entered on the same day as the government's motion, before

2

any briefing - reflects the Court's independent judgment that the forfeiture proceeding should not advance to finality at this time. The present motion seeks a formal order ensuring that the Court's management of this proceeding is preserved on a clear record through the resolution of the § 2255 motion, rather than leaving it subject to refiling at the government's discretion.

The current forfeiture posture is: the Preliminary Order of Forfeiture (Doc. 83) remains in effect, the Pershing account remains restrained, and the government may refile its motion for a final order at any time absent a stay.

## B.  Mr. Capps's Custody Status.

Mr. Capps was released to supervised release on or about May 2, 2026. Supervised release constitutes custody for § 2255 jurisdictional purposes. *United States v. Cervini*, 379 F.3d 987 (10th Cir. 2004); *Jones v. Cunningham*, 371 U.S. 236 (1963). This Court's jurisdiction over the § 2255 motion is therefore secure and unaffected by Mr. Capps's change in custody status.

## LEGAL STANDARD

A court has inherent equitable power to stay proceedings before it, including ancillary proceedings, to preserve the coherence and enforceability of its own judgment. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Courts evaluating motions to stay apply the four-factor standard articulated in *Nken v. Holder*, 556 U.S. 418, 434 (2009): (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the

3

stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

**ARGUMENT**

## I.    THE NKEN FACTORS FAVOR A STAY.

### A.  Mr. Capps Has Made a Substantial Showing of Likelihood of Success on the Merits.

Mr. Capps's § 2255 motion presents six claims of ineffective assistance of counsel and related constitutional violations. Three claims directly implicate the integrity of the trial proceedings, one addresses the adequacy of appellate representation, and two address constitutional deficiencies at sentencing and cumulative constitutional error across all phases of the proceedings.

The anchor claim - Claim Two - raises a factually unprecedented challenge to trial counsel's failure to comply with Federal Rule of Criminal Procedure 24(c)(3) at alternate juror substitution. The violations are documented in the trial record and undisputed: no media admonition at dismissal, a 40-hour unsupervised gap before the substitute juror was recalled, no individual voir dire at recall, no confiscation of deliberation materials, and a deficient begin-anew instruction. No published Tenth Circuit decision has resolved a Rule 24(c)(3) begin-anew violation of this nature and duration. Claim One alleges that trial counsel failed to object when the government used counsel's own prior letter as question premises during cross-examination, with juror questions providing direct prejudice evidence and the trial judge intervening sua sponte twice to limit the examination.

4

The remaining claims present substantial constitutional arguments regarding appellate representation and the constitutional validity of the sentencing proceedings. All six claims, individually and cumulatively, present questions of constitutional dimension that go to the integrity of the conviction and sentence.

The Supreme Court has recognized that *Nken*'s first factor is satisfied by a "substantial case on the merits" where the balance of harms strongly favors the movant. *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987). *Hilton*'s four-factor framework for stays pending habeas review is flexible: when the equitable factors - irreversibility of harm, absence of prejudice to the government, and public interest - weigh heavily in the movant's favor, a "substantial case on the merits" suffices as the threshold showing on the first factor. That standard is met here.

The claims presented in the § 2255 motion are not frivolous or speculative. They arise from documented trial record events - the absence of a begin-anew instruction following a 40-hour unsupervised juror gap, and the government's use of trial counsel's own correspondence as cross-examination premises - and from constitutional principles that, while not yet resolved in Mr. Capps's favor, are squarely contested and substantively arguable. That is the definition of a substantial case on the merits.

This calibration also reflects an important structural concern. Requiring a showing of probable success - a higher standard than *Hilton*'s "substantial case" formulation - as a precondition for staying forfeiture would effectively require the Court to issue a tentative merits ruling on the § 2255 before briefing is complete, before the government has filed its response, and before the Court has considered the full record. The debatability of the

constitutional claims at this stage is itself the substantial showing that warrants preservation of the status quo. See *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (recognizing that the threshold showing for a COA in the habeas context is debatability of the constitutional question, not probability of success); cf. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same under AEDPA).

**B.  Mr. Capps Will Suffer Irreparable Harm Absent a Stay.**

The harm threatened here is irreversible. Entry of a final order of forfeiture, and the subsequent transfer or disposal of the Pershing account, would permanently extinguish any possibility of restoring those assets to Mr. Capps even if this Court were to grant the § 2255 motion and vacate the conviction.

Criminal forfeiture is "an element of the sentence imposed following conviction," *Libretti v. United States*, 516 U.S. 29, 38–39 (1995), and Rule 32.2 requires that the preliminary forfeiture order become "final as to the defendant" at sentencing and be included in the judgment. Fed. R. Crim. P. 32.2(b)(4)(A), (B). Vacation of the judgment under § 2255 therefore reaches the forfeiture order as an integral component of that judgment.

The Rule 32.2 advisory committee notes confirm that forfeiture stays exist specifically to ensure property "remains available" for return if the conviction is reversed - a purpose that applies with equal force to § 2255 proceedings, which are the statutory vehicle for challenging the validity of the judgment to which forfeiture is incident.[1]

---

[1] The forfeiture order, as an element of the judgment under *Libretti* and Rule 32.2(b)(4), should be reached by vacation of the conviction under § 2255 without requiring a separate motion. No circuit has resolved this question in the § 2255 collateral context, however, and this Court retains authority to require a separate order addressing the forfeiture specifically upon granting § 2255 relief. The stay requested here preserves this Court's ability to provide that relief, in whatever form the Court determines appropriate, without prejudice to the question of the mechanism by which the forfeiture order is ultimately addressed.

But vacation of an order cannot return assets already transferred. The Pershing account contains funds restrained incident to a conviction that Mr. Capps contends was infected at multiple stages by constitutional deficiency. The funds are specifically identified, restrained, and fully within this Court's control. No irreversibility has yet occurred. The stay requested preserves the status quo - the preliminary order of forfeiture and the attendant restraint - until the § 2255 motion is resolved. The cost of that preservation is minimal; the cost of the alternative, if the § 2255 motion is granted, is permanent and uncompensable.

**C.  A Stay Will Not Substantially Injure the Government.**

The government's interest in the forfeited funds is contingent on the finality of the underlying conviction. If that conviction is vacated, the government has no legally cognizable interest in the funds. The government therefore has no interest that would be harmed by a stay pending resolution of a proceeding that will determine whether its interest in the funds is valid.

Moreover, the Pershing account has been under restraint since the Preliminary Order of Forfeiture (Doc. 83) was entered. The government's ability to obtain the funds, if the conviction is ultimately confirmed, is not diminished by a stay; it is merely deferred. Deferral pending § 2255 resolution is not harm.

An independent consideration reinforces the equitable case against premature finalization. Per Doc. 331 ¶8, the U.S. Small Business Administration has already submitted a Petition for Remission to the Money Laundering, Narcotics, and Forfeiture Section of the

Department of Justice regarding the Pershing account assets. Under 28 C.F.R. § 9.4(a), which governs remission petitions in judicial forfeiture cases, such petitions "shall be considered any time after notice until such time as the forfeited property is placed in official use, sold, or otherwise disposed of according to law." Disposal is the statutory endpoint that closes the remission consideration window. Entry of a final order of forfeiture followed by disposal of the Pershing account would therefore terminate the SBA's pending administrative proceeding before it is resolved - mooting a petition that the governing regulation expressly contemplates remaining viable through the point of disposition. This Court's equitable authority to stay forfeiture proceedings encompasses the authority to prevent that result.

**D.  The Public Interest Favors a Stay.**

The public interest is served by ensuring that criminal forfeiture does not outrun the validity of the criminal judgment on which it rests. Where a defendant raises substantial constitutional challenges to the underlying conviction, the public interest in the integrity of the legal system supports preserving the court's ability to provide meaningful relief. Permitting forfeiture to proceed to finality while a § 2255 motion is pending undermines the court's remedial authority and the public's interest in a justice system capable of correcting its own errors.

**II.    THIS COURT HAS INHERENT EQUITABLE POWER TO STAY FORFEITURE; RULE 32.2(d) AND RULE 32.2(e) CONFIRM THAT AUTHORITY.**

The operative authority for the requested stay is the Court's inherent equitable power under *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936), to control its own docket and preserve the coherence of its own judgment. That authority extends to staying a forfeiture proceeding pending resolution of a § 2255 motion directed at the underlying conviction. Inherent equitable authority fills gaps in the statutory and rules framework - it operates where Congress and the rulemakers have not spoken to a specific situation, not in derogation of any affirmative prohibition.

Federal Rule of Criminal Procedure 32.2(d) authorizes district courts to stay forfeiture orders pending appeal. The text of Rule 32.2(d) addresses the direct-appeal context; it does not by its terms govern collateral proceedings. Mr. Capps does not rely on Rule 32.2(d) as the textual basis for the requested stay. Rather, Rule 32.2(d) is offered for its confirmatory policy significance: Congress and the rulemakers recognized that a forfeiture order should not be consummated while proceedings that could require reversal of the underlying judgment are pending. That policy rationale applies with equal force to a § 2255 collateral proceeding, which is the statutory mechanism for challenging the validity of the judgment to which forfeiture is incident.

The government will likely cite decisions in which district courts declined to stay forfeiture under Rule 32.2(d) in § 2255-related proceedings. See, e.g., *United States v. Jones*, No. 7:08-CR-28-KKC, 2012 WL 6004156, at \*3 (E.D. Ky. Nov. 30, 2012) (Rule 32.2(d) does not authorize a stay where defendant appeals denial of a § 2255 motion); *United States v. McCrea*, No. 7:11-cr-00089-001, 2014 WL 123172, at \*3 n.5 (W.D. Va. Jan. 13, 2014) (same); *United States v. Rafiq*, No. 4:16-cr-00243-O, Doc. 666 (N.D. Tex. July 13, 2021)

9

(denying stay of forfeiture pending § 2255 appeal). Those decisions are distinguishable from this motion on two independent grounds.

First, the procedural posture is materially different. *Jones*, *McCrea*, and *Rafiq* each involved stays sought after the § 2255 had already been adjudicated and denied - i.e., during the appeal of a § 2255 denial. The equitable posture of a stay sought at that stage is fundamentally different from the posture here. Mr. Capps seeks a stay during the initial pendency of the § 2255, before any ruling on the merits. The § 2255 claims have not been decided; they have not even been fully briefed. The equitable case for preserving the status quo is substantially stronger when the merits of the § 2255 remain entirely open.

Second, the legal basis differs. The courts in *Jones*, *McCrea*, and *Rafiq* each analyzed whether Rule 32.2(d) provided textual authority for a forfeiture stay - and correctly concluded that it did not, because Rule 32.2(d) by its terms covers stays pending direct appeal, not collateral proceedings. But this motion expressly disclaims Rule 32.2(d) as its textual basis. The operative authority here is the Court's inherent equitable power under *Landis*. None of the adverse decisions addressed whether *Landis* inherent authority independently supports a stay of forfeiture during the initial pendency of a § 2255 - and on that specific question, no circuit has yet spoken. The silence is genuine.

The government may argue that the absence of express stay authority in the § 2255 framework, or in 21 U.S.C. § 853, reflects a deliberate legislative choice to exclude collateral proceedings from the stay framework - and that inherent authority cannot be invoked to circumvent a deliberate statutory gap. That argument fails. Statutory silence is not statutory prohibition. *Landis* itself recognized a general power to stay proceedings even absent statutory authorization; the Court held only that the power must be exercised with

"judgment" and "weighed against the competing interests." 299 U.S. at 255. No provision of the § 2255 framework or the forfeiture statutes affirmatively prohibits a district court from staying forfeiture pending § 2255 resolution - the absence of an express grant is the absence of an affirmative command, not the presence of a prohibition.

Federal Rule of Criminal Procedure 32.2(e) expressly contemplates post-judgment amendments to forfeiture orders. That amendment authority - retained by the district court even after a final forfeiture order enters - reflects the recognition that forfeiture orders may require modification. A court's power to amend its own forfeiture order is rendered illusory if the property subject to potential amendment is permanently disposed of before the amendment question is resolved. The Court's authority to stay proceedings that would deprive it of the ability to exercise its own Rule-provided amendment power is inherent in the judicial function.

## III.  SCOPE OF STAY.

Mr. Capps requests a stay limited in scope to entry of any final order of forfeiture as to the Pershing LLC account (xxxxx4457) pending this Court's final resolution of the pending § 2255 motion (Doc. 321), including any appeal or further proceedings arising from that motion. This motion does not seek modification, vacation, or amendment of the existing Preliminary Order of Forfeiture (Doc. 83). The preliminary order and the attendant restraint on the Pershing account may remain in full force and effect during the pendency of the stay.

11

The Court should also understand the operational effect of the requested relief: absent a stay, the government remains free to refile its Motion for Final Order of Forfeiture at any time, potentially achieving final forfeiture during the § 2255 pendency - a period that may extend twelve to twenty-four months. A stay that did not include preventing refiling would therefore be ineffective. The constraint on the government's refiling right during that period is a necessary consequence of meaningful equitable relief, not an expansion of it. The request is calibrated to the minimum intervention necessary to preserve this Court's ability to provide complete and meaningful relief if the § 2255 motion is granted: no change to the preliminary order, no new encumbrance on the government's ultimate rights, and no relief for Mr. Capps beyond preservation of the position as it stands today.

## CONCLUSION

For the foregoing reasons, Defendant-Movant Michael R. Capps respectfully requests that this Court enter an order staying proceedings as to the final disposition of the Pershing LLC account (xxxxx4457) pending final resolution of the Motion to Vacate under 28 U.S.C. § 2255 (Doc. 321), including any appeal or further proceedings arising therefrom.

Respectfully submitted,

Michael R. Capps
Defendant-Movant, Pro Se
Reg. No. 66142-509
10303 E 94th Ct N, Owasso, OK 74055

12

**VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. 28 U.S.C. § 1746.

Executed on May 26, 2026.

_____
Michael R. Capps
Defendant-Movant, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2026, I transmitted the foregoing electronically to the Clerk of Court for the District of Kansas for filing via the CM/ECF system pursuant to D. Kan. CR 49.2. The CM/ECF system will generate notice of this filing to all registered participants, including AUSA Annette Gurney.

_____
Michael R. Capps
Defendant-Movant, Pro Se