**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

      *Plaintiff,*

vs.

      Case No. 21-10073-EFM

MICHAEL R. CAPPS,

      *Defendant.*

**MEMORANDUM AND ORDER**

This matter is before the Court on the Government's Motion for Garnishee Order (Doc. 326) and Michael Capps's Request for Hearing on this Motion (Doc. 327). Security 1st Title, LLC holds funds in the amount of $74,573.37, and the Government seeks to garnish those funds to enforce a judgment against Capps. For the reasons stated below, the Court grants the Government's Motion, with a slight modification. In addition, it denies Capps's Request for Hearing.

**I.      Factual and Procedural Background**

This case has a long history. For purposes of the Motion currently before the Court—the Government's request to garnish funds currently being held by Security 1st Title—the Court will only set forth a brief recitation of the relevant facts.[1]

---

[1] More detail relating to the history of the funds and the arguments over them are set forth in Doc. 192 (this Court's order relating to Capps's previous Exemption Claim), Doc. 229 (this Court's order relating to Capps's son's contention that he was entitled to a portion of the funds held by Security 1st Title), and Doc. 245 (this Court's order

A writ of garnishment, directed to Security 1st Title, was first issued by the Clerk of the Court on February 5, 2024. The Government served Security 1st Title on February 12, 2024. Security 1st Title filed an answer on February 29, stating that it had custody, control, or possession of property in which Michael Capps had an interest, in the form of a cash deposit with the value of $74,573.37.

On February 14, 2024, the Government mailed a copy of the application for writ of garnishment, the writ of garnishment, and the Clerk's notice of garnishment and instructions to Michael Capps and Charles Capps (Michael Capps's son). The instructions explained how to object to the Garnishee's answer. On February 28, 2024, Michael Capps filed an exemption claim and hearing request. The Court denied Capps' claim and request. Although Capps filed an appeal of this Court's ruling,[2] he did not raise any issues related to the exemption claim ruling. The Tenth Circuit dismissed the appeal on September 5, 2025, finding that it lacked jurisdiction.

In addition, on February 27, 2024, Claimant Charles Capps filed a limited appearance to object to the garnishment and to provide notice of a state interpleader action.[3] The Court held a hearing on this objection, ultimately ruling against Claimant Charles Capps and finding that he did not have a valid, legal right to $50,000 of the Security 1st Title funds. He appealed this ruling to the Tenth Circuit Court of Appeals, and the Tenth Circuit affirmed on March 22, 2026.

---

relating to the reconsideration of the earlier orders), Doc. 303 (the Tenth Circuit's Order/Mandate relating to Capps's appeal of this Court's Order), and Doc. 322 (the Tenth Circuit's Order/Mandate relating to Capps's son's appeal of this Court's Order).

[2] This Order addressed seven pending motions, including Capps's exemption request.

[3] The interpleader action was removed to this Court, and the Court dismissed it. *See* Case. No. 24-1042, Doc. 12.

The Government is now before the Court requesting an order for garnishment of these funds held by Security 1st Title. It contends that all claims for exemption, requests for hearing, objections, and other matters relating to the Wirt of Garnishment have been resolved by this Court's orders and the Tenth Circuit's orders. Not surprisingly, Michael Capps objects and requests a hearing. He claims that he has had no opportunity to be heard specifically on this motion and that entry of a final garnishee order would be premature.

## II.  Analysis

In this case, the Government obtained and received the writ of garnishment on February 5, 2024. And Security 1st Title filed its answer on February 29, 2024. Pursuant to 28 U.S.C. § 3205(c)(5), after the garnishee files an answer to the writ of garnishment, the judgment debtor "may file a written objection to the answer and request a hearing" within 20 days from receipt of the answer. Capps did not do so. Thus, the Court "shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property."[4]

Previously, Capps filed an exemption claim and hearing request before Security 1st Title had filed its answer. The Court addressed Capps's exemption claim and hearing request in an order, finding that he did not meet his burden in establishing that the property was exempt and that he was not entitled to a hearing. He did not appeal this ruling to the Tenth Circuit. Thus, the Court already ruled on his exemption claim/hearing. Accordingly, he is now out of time to file an objection and request a hearing.

---

[4] 28 U.S.C. § 3205(c)(7).

Nevertheless, the Court will briefly address Capps's contentions. Capps first contends that escrow funds are not static and that Security 1st Title may be holding a different amount than the $74,573.37 it previously stated that it was holding two years ago. The Government has verified with Security 1st Title that it currently holds $74,573.37, the same amount that it held approximately two years ago. Thus, there is no issue with the amount of funds.

Capps next argues that the Court's previous orders did not address the specific question of the form and scope of a final disposition order. In addition, Capps asserts that the Government's proposed Order is overbroad. In response, the Government states that the proposed language is standard in garnishment orders to ensure that the garnishee pays over the full account value. The Government also states, however, that it has no objection to tailoring the order to the specific amount of $74,573.37 because that amount has not changed over the past two years and is not expected to change in amount. Thus, the Court will slightly modify the Government's proposed order to specifically state the amount of funds.

In sum, all issues related to the funds being held by Security 1st Title have been resolved. No person or entity, other than Michael Capps, has an interest in the funds being held by Security 1st Title in the amount of $74,573.37. And all procedural requirements under 28 U.S.C. § 3205(c)(7) have been met. Accordingly, the Court grants the Government's Motion for Garnishee Order.

**IT IS THEREFORE ORDERED** that the Government's Motion for Garnishee Order (Doc. 326) is **GRANTED** and Michael Capps's Request for Hearing on this Motion (Doc. 327) is **DENIED**.

-5-

**THE COURT THEREFORE ORDERS** Garnishee Security 1st Title to immediately liquidate and pay over the funds of Defendant Michael R. Capps, being held in the amount of $74,573.37, to the United States.

**IT IS FURTHER ORDERED** that all payments should be made to the "Clerk, U.S District Court," with a notation of Defendant Michael R. Capps's name and the Case No. 6:21CR10073-001-EFM, and be mailed to the United States District Court Clerk at Wichita U.S. Federal Court, 401 N. Market, Suite 204, Wichita, KS 67202.

**IT IS FURTHER ORDERED** that once Garnishee Security 1st Title no longer has custody, possession, or control of the $74,573.37 in which Michael R. Capps has an interest, Garnishee Security 1st Title is hereby released and discharged as Garnishee in this action.

**IT IS SO ORDERED**.

Dated this 3rd day of June, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE