**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

      *Plaintiff,*

  vs.

      Case No. 21-10073-EFM

MICHAEL R. CAPPS,

      *Defendant.*

**ORDER**

This matter comes before the Court on Defendant Michael R. Capps's Motion to Stay Forfeiture Proceedings Pending Resolution of his Motion to Vacate under 28 U.S.C. § 2255 (Doc. 338). The Government opposes his motion. For the reasons stated below, the Court denies Defendant's motion.

Defendant was found guilty on 12 counts, including one count of bank fraud, three counts of false statements to a bank and the Small Business Administration, four counts of wire fraud, and four counts of money laundering. Pursuant to the jury's factual determinations in the Special Verdict, the Court ordered a preliminary order of forfeiture as to the contents of Pershing LLC account number xxxxx4457 ("Pershing LLC account"). This preliminary order granted the Government's request to liquidate the account. Thereafter, the account was liquidated and the

funds, in the amount of $197,306.83, were paid over and transferred to the United States Marshals Service ("USMS").

The Court sentenced Defendant to 27 months' imprisonment, to be followed by two years of supervised release. Defendant was also ordered to pay $318,647.21 in restitution, and the Court entered a forfeiture judgment in the amount of $178,193.17. After Defendant's sentencing, he appealed his conviction to the Tenth Circuit Court of Appeals on May 17, 2023, but he was unsuccessful.

On February 24, 2026, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255 which remains pending. Defendant now seeks to stay forfeiture proceedings as to the Pershing LLC account pending final resolution of his current § 2255 motion to vacate. The Court denies Defendant's request for several reasons.

First, Defendant lacks standing. At sentencing, "the preliminary forfeiture order becomes final as to the defendant."[1] A defendant may file an appeal as to this order.[2] "Although the preliminary forfeiture order is final as to the defendant, it 'remains preliminary as to third parties until the ancillary proceeding is concluded.'"[3] "The ancillary proceeding exists to determine whether a third party has an interest in the property that the defendant has already forfeited—not to relitigate the preliminary order's finding of forfeitability."[4] Generally, a defendant does not have standing to participate in the ancillary proceeding because that proceeding is related to "whether a

---

[1] *United States v. Amodeo*, 916 F.3d 967, 972 (11th Cir. 2019) (quoting Fed. R. Crim. P. 32.2(b)(4)(A)).

[2] *Id.* (citing Fed. R. Crim. P. 32.2(b)(4)(C)).

[3] *Id.* (quoting Fed. R. Crim. P. 32.2(b)(4)(A)).

[4] *Id.* (citing *United States v. Davenport*, 668 F.3d 1316, 1321 (11th Cir. 2012)).

third party or the government will obtain the forfeited property."[5] "And he cannot appeal the final forfeiture order because it 'has no bearing on the defendant's rights.'"[6]

In this case, Defendant did not appeal the preliminary order of forfeiture related to the Pershing LLC account. Nor did he appeal the imposition of the forfeiture judgment of $178,193.17. Thus, Defendant's interest in the Pershing LLC account was extinguished at the time the preliminary order of forfeiture was entered,[7] and he now lacks standing to seek a stay preventing the final order of forfeiture.

Next, Defendant does not direct the Court to any legal authority supporting the issuance of a stay during the pendency of his § 2255 proceedings. Federal Rule of Criminal Procedure 32.2(d) states that "[i]f a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review." However, as even Defendant acknowledges, this rule is not applicable to § 2255 proceedings.[8] Furthermore, Defendant does not raise any issues relating to the forfeiture of the Pershing LLC account in his pending § 2255 motion. Accordingly, there is no legal basis for the issuance of a stay during the pendency of Defendant's § 2255 motion.

---

[5] *Id.*

[6] *Id.* (quoting *United States v. Flanders*, 752 F.3d 1317, 1343 (11th Cir. 2014)).

[7] *Id.* (noting that "[t]he preliminary forfeiture order extinguished all of [Defendant's] interest . . . .").

[8] *See United States v. Saccoccia*, 62 F. Supp. 2d 539, 542 (D.R.I. 1999) ("The fact that [Defendant's] § 2255 motion collaterally attacks the conviction does not strip the conviction of its finality or prevent the government from executing on the forfeiture order that is part of the judgment of conviction. Otherwise, a convicted defendant could frustrate, indefinitely, any efforts to enforce a judgment against him simply by filing a § 2255 motion."). The Court notes that Defendant has an appeal pending with the Tenth Circuit. This appeal, however, does not relate to his underlying criminal conviction or the earlier preliminary order of forfeiture. Instead, it relates to a garnishment issue with respect to a different bank account.

Finally, the Court notes that Defendant primarily contends that the Court should exercise its equitable powers to stay the proceedings. The Court declines to do so. Generally, courts consider four factors when determining whether to grant a stay of forfeiture.[9] These include: "(1) the likelihood of success on appeal; (2) whether the forfeited assets will depreciate over time; (3) the forfeited assets' intrinsic value to the defendant; and (4) the expense of maintaining the forfeited property."[10]

As to the first factor, Defendant did not prevail on his direct appeal of his criminal conviction.[11] Thus, he was not successful. And although he is currently appealing a garnishment order, it is unrelated to the Pershing LLC account, and Defendant's likelihood of success is low. To the extent Defendant's likelihood of success on his pending § 2255 motion is relevant, it is speculative. Thus, the first factor does not weigh in favor of a stay.

As to the remaining three factors, they also do not favor a stay. First, the Pershing LLC account has been liquidated, and thus the funds will not depreciate over time. Next, Defendant does not identify any intrinsic value in these funds. And finally, there are no expenses in maintaining the funds because the account has been liquidated, and the funds are currently being held by the USMS. Accordingly, there are no equitable factors favoring a stay of the forfeiture proceedings as to the Pershing LLC account.

---

[9] *See United States v. Ngari*, 559 F. App'x 259, 272 (5th Cir. Mar. 5, 2014) (citations omitted).

[10] *Id.* Defendant does not cite to these factors but instead cites to the traditional stay factors set forth in *Nken v. Holder*, 556 U.S. 418 (2009). The Court will not rely on this standard but will instead use the factors set forth above because those factors are the ones generally used by courts when considering whether to impose a stay of forfeiture proceedings. *See Ngari*, 559 F. App'x at 272 (citations omitted).

[11] *United States v. Capps*, 112 F.4th 887 (10th Cir. 2024). As noted above, he did not include any forfeiture issues in his direct appeal and/or appeal the preliminary order of forfeiture either.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Forfeiture Proceedings Pending Resolution of Motion to Vacate under 28 U.S.C. § 2255 (Doc. 338) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of June, 2026.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE